# EXHIBIT N-11

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 26110 | 15 | 09:57 | 14:07 | 13:15 | 13:26 | | |
| Jul 01, 2017 (Sat) | 26110 | 15 | 05:59 | 08:20 | | | 7:36 | 7.60 |
| | 26110 | 15 | 08:50 | 14:05 | 12:12 | 12:22 | | |
| | 26110 | 15 | 06:05 | 09:44 | | | | |
| Jul 02, 2017 (Sun) | 26110 | 15 | 10:14 | 14:02 | 11:14 | 11:24 | 7:27 | 7.45 |
| | | | | | 12:18 | 12:29 | | |
| Jul 03, 2017 (Mon) | 26110 | 15 | 06:01 | 09:53 | | | 7:33 | 7.55 |
| | 26110 | 15 | 10:23 | 14:04 | 12:25 | 12:35 | | |
| Jul 04, 2017 (Tue) | 26110 | 15 | 06:00 | 09:41 | | | 8:18 | 8.30 |
| | 26110 | 15 | 10:11 | 14:48 | 12:29 | 12:39 | | |
| Jul 05, 2017 (Wed) | 26110 | 15 | 04:03 | 09:00 | | | 7:10 | 7.17 |
| | 26110 | 15 | 09:30 | 11:43 | 11:31 | 11:42 | | |
| Jul 06, 2017 (Thu) | 26110 | 15 | 05:59 | 08:54 | | | 2:55 | 2.92 |
| Jul 07, 2017 (Fri) | 26110 | 15 | 06:00 | 09:17 | | | 7:35 | 7.58 |
| | 26110 | 15 | 09:47 | 14:05 | 11:40 | 11:50 | | |
| Jul 09, 2017 (Sun) | 26110 | 15 | 06:00 | 11:07 | 08:30 | 08:40 | 5:07 | 5.12 |
| Jul 10, 2017 (Mon) | 26110 | 15 | 06:00 | 09:25 | | | 7:31 | 7.52 |
| | 26110 | 15 | 09:55 | 14:01 | 12:40 | 12:50 | | |
| Jul 11, 2017 (Tue) | 26110 | 15 | 06:00 | 08:58 | | | 7:40 | 7.67 |
| | 26110 | 15 | 09:28 | 14:10 | 11:53 | 12:03 | | |
| Jul 12, 2017 (Wed) | 26110 | 15 | 06:00 | 09:49 | | | 7:48 | 7.80 |
| | 26110 | 15 | 10:19 | 14:18 | 11:30 | 11:42 | | |
| Jul 13, 2017 (Thu) | 26110 | 15 | 06:00 | 09:02 | | | 7:31 | 7.52 |
| | 26110 | 15 | 09:32 | 14:01 | 12:42 | 12:55 | | |
| Jul 14, 2017 (Fri) | 26110 | 15 | 06:05 | 09:15 | | | 7:25 | 7.42 |
| | 26110 | 15 | 09:45 | 14:00 | | | | |
| Jul 16, 2017 (Sun) | 26110 | 15 | 08:01 | 10:29 | | | 4:11 | 4.18 |
| | 26110 | 15 | 10:59 | 12:42 | | | | |
| Jul 17, 2017 (Mon) | 26110 | 15 | 04:29 | 08:22 | | | 7:41 | 7.68 |
| | 26110 | 15 | 08:52 | 12:40 | 11:17 | 11:27 | | |
| Jul 19, 2017 (Wed) | 26110 | 15 | 04:26 | 08:40 | | | 7:43 | 7.72 |
| | 26110 | 15 | 09:10 | 12:39 | | | | |
| Jul 20, 2017 (Thu) | 26110 | 15 | 04:30 | 08:04 | | | 8:14 | 8.23 |
| | 26110 | 15 | 08:34 | 13:14 | 10:50 | 11:03 | | |
| | 26110 | 15 | 04:29 | 04:38 | | | | |
| Jul 21, 2017 (Fri) | 26110 | 15 | 07:00 | 09:15 | | | 7:14 | 7.23 |
| | 26110 | 15 | 09:45 | 14:35 | 11:14 | 11:24 | | |
| Jul 22, 2017 (Sat) | 26110 | 15 | 04:34 | 08:05 | | | 5:22 | 5.37 |
| | 26110 | 15 | 08:35 | 10:26 | | | | |
| Jul 23, 2017 (Sun) | 26110 | 15 | 04:32 | 07:41 | | | 7:39 | 7.65 |
| | 26110 | 15 | 08:11 | 12:41 | 12:06 | 12:16 | | |
| Jul 24, 2017 (Mon) | 26110 | 15 | 04:33 | 08:48 | | | 8:08 | 8.13 |
| | 26110 | 15 | 09:18 | 13:11 | 11:25 | 11:35 | | |
| Jul 25, 2017 (Tue) | 26110 | 15 | 06:00 | 09:15 | | | 7:31 | 7.52 |
| | 26110 | 15 | 09:45 | 14:01 | 11:14 | 11:24 | | |
| Jul 26, 2017 (Wed) | 26110 | 15 | 05:58 | 10:23 | | | 7:38 | 7.63 |
| | 26110 | 15 | 10:53 | 14:06 | 12:41 | 12:51 | | |
| Jul 27, 2017 (Thu) | 26110 | 15 | 06:00 | 08:39 | | | 2:39 | 2.65 |
| Jul 31, 2017 (Mon) | 26110 | 15 | 06:01 | 08:40 | | | 7:31 | 7.52 |
| | 26110 | 15 | 09:10 | 14:02 | 11:21 | 11:31 | | |
| Aug 01, 2017 (Tue) | 26110 | 15 | 06:00 | 09:33 | | | 7:17 | 7.28 |
| | 26110 | 15 | 10:03 | 13:47 | 11:23 | 11:33 | | |
| Aug 02, 2017 (Wed) | 26110 | 15 | 06:01 | 09:46 | | | 7:30 | 7.50 |
| | 26110 | 15 | 10:16 | 14:01 | 11:54 | 12:04 | | |
| Aug 03, 2017 (Thu) | 26110 | 15 | 06:00 | 08:55 | | | 5:12 | 5.20 |
| | 26110 | 15 | 09:27 | 11:44 | 11:15 | 11:26 | | |
| Aug 04, 2017 (Fri) | 26110 | 15 | 06:00 | 09:18 | | | 7:35 | 7.58 |
| | 26110 | 15 | 09:48 | 14:05 | 11:33 | 11:43 | | |
| Aug 07, 2017 (Mon) | 26110 | 15 | 06:00 | 08:48 | | | 2:48 | 2.80 |
| Aug 08, 2017 (Tue) | 26110 | 15 | 06:02 | 09:20 | | | 7:35 | 7.58 |
| | 26110 | 15 | 09:50 | 14:07 | 11:52 | 12:02 | | |
| Aug 09, 2017 (Wed) | 26110 | 15 | 05:59 | 10:05 | | | 4:06 | 4.10 |
| | 26110 | 15 | 05:59 | 08:58 | | | | |
| Aug 10, 2017 (Thu) | 26110 | 15 | 09:28 | 14:04 | 12:04 | 12:15 | 7:35 | 7.58 |

EXHIBIT 3
BOSELLI 000074

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Aug 11, 2017 (Fri) | 26110 | 15 | 05:59 | 09:25 | | | 7:35 | 7.58 |
| | 26110 | 15 | 09:55 | 14:04 | 11:24 | 11:34 | | |
| Aug 12, 2017 (Sat) | 26110 | 15 | 06:01 | 09:50 | 07:15 | 07:25 | 7:30 | 7.50 |
| | 28110 | 15 | 10:20 | 14:01 | 13:31 | 13:41 | | |
| Aug 14, 2017 (Mon) | 26110 | 15 | 06:04 | 09:36 | 07:51 | 08:01 | 7:27 | 7.45 |
| | 26110 | 15 | 10:07 | 14:02 | 12:38 | 12:53 | | |
| Aug 15, 2017 (Tue) | 26110 | 15 | 04:30 | 08:13 | | | 7:30 | 7.50 |
| | 26110 | 15 | 08:44 | 12:31 | 11:07 | 11:19 | | |
| Aug 16, 2017 (Wed) | 26110 | 15 | 05:59 | 09:51 | | | 6:47 | 6.78 |
| | 26110 | 15 | 10:21 | 13:16 | 12:50 | 13:00 | | |
| Aug 17, 2017 (Thu) | 26110 | 15 | 06:01 | 06:51 | | | 0:50 | 0.83 |
| Aug 19, 2017 (Sat) | 26110 | 15 | 06:00 | 08:14 | | | 2:14 | 2.23 |
| Aug 21, 2017 (Mon) | 26110 | 15 | 06:00 | 09:00 | | | 7:36 | 7.60 |
| | 26110 | 15 | 09:30 | 14:06 | 10:59 | 11:10 | | |
| Aug 22, 2017 (Tue) | 26110 | 15 | 06:00 | 09:32 | | | 7:30 | 7.50 |
| | 26110 | 15 | 10:02 | 14:00 | 11:33 | 11:43 | | |
| Aug 23, 2017 (Wed) | 26110 | 15 | 05:59 | 09:48 | | | 7:34 | 7.57 |
| | 26110 | 15 | 10:18 | 14:03 | 12:24 | 12:34 | | |
| Aug 24, 2017 (Thu) | 26110 | 15 | 06:00 | 09:03 | | | 3:57 | 3.95 |
| | 26110 | 15 | 09:33 | 10:27 | | | | |
| Aug 25, 2017 (Fri) | 26110 | 15 | 06:00 | 08:28 | | | 3:53 | 3.88 |
| | 26110 | 15 | 08:58 | 10:23 | | | | |
| Aug 28, 2017 (Mon) | 26110 | 15 | 06:00 | 08:32 | | | 7:32 | 7.53 |
| | 26110 | 15 | 09:02 | 14:02 | 12:13 | 12:23 | | |
| Aug 29, 2017 (Tue) | 26110 | 15 | 05:59 | 08:51 | | | 7:31 | 7.52 |
| | 26110 | 15 | 09:21 | 14:00 | 11:05 | 11:15 | | |
| Aug 30, 2017 (Wed) | 26110 | 15 | 06:10 | 09:22 | | | 7:21 | 7.35 |
| | 26110 | 15 | 09:52 | 14:01 | 11:35 | 11:45 | | |
| Aug 31, 2017 (Thu) | 26110 | 15 | 06:04 | 08:40 | | | 3:26 | 3.43 |
| | 26110 | 15 | 09:10 | 10:00 | | | | |
| Sep 01, 2017 (Fri) | 26110 | 15 | 05:59 | 09:16 | | | 7:22 | 7.37 |
| | 26110 | 15 | 09:55 | 14:00 | 13:08 | 13:19 | | |
| Sep 04, 2017 (Mon) | 26110 | 15 | 04:20 | 07:33 | | | 8:11 | 8.18 |
| | 26110 | 15 | 08:03 | 13:01 | 10:39 | 10:49 | | |
| Sep 05, 2017 (Tue) | 26110 | 15 | 04:17 | 07:39 | | | 7:44 | 7.73 |
| | 26110 | 15 | 08:09 | 12:31 | | | | |
| Sep 06, 2017 (Wed) | 26110 | 15 | 04:18 | 08:05 | | | 8:12 | 8.20 |
| | 26110 | 15 | 08:35 | 13:00 | 11:03 | 11:13 | | |
| Sep 07, 2017 (Thu) | 26110 | 15 | 04:16 | 08:16 | | | 7:35 | 7.58 |
| | 26110 | 15 | 08:46 | 12:21 | | | | |
| Sep 08, 2017 (Fri) | 26110 | 15 | 04:20 | 08:28 | | | 8:22 | 8.37 |
| | 26110 | 15 | 09:02 | 13:16 | 12:15 | 12:25 | | |
| Sep 11, 2017 (Mon) | 26110 | 15 | 04:20 | 09:16 | 06:53 | 07:03 | 7:46 | 7.77 |
| | 26110 | 15 | 09:46 | 12:36 | | | | |
| Sep 12, 2017 (Tue) | 26110 | 15 | 04:14 | 08:04 | | | 8:15 | 8.25 |
| | 26110 | 15 | 08:34 | 12:59 | 11:21 | 11:31 | | |
| Sep 13, 2017 (Wed) | 26110 | 15 | 04:18 | 08:07 | | | 7:50 | 7.83 |
| | 26110 | 15 | 08:37 | 12:38 | 10:40 | 10:50 | | |
| | 26110 | 15 | 04:15 | 07:10 | | | | |
| Sep 14, 2017 (Thu) | 26110 | 15 | 07:40 | 12:36 | | | 7:55 | 7.92 |
| | 26110 | 15 | 13:01 | 13:05 | | | | |
| Sep 15, 2017 (Fri) | 26110 | 15 | 04:17 | 08:22 | | | 7:36 | 7.60 |
| | 26110 | 15 | 08:56 | 12:27 | 10:54 | 11:04 | | |
| Sep 18, 2017 (Mon) | 26110 | 15 | 04:17 | 09:08 | | | 4:51 | 4.85 |
| Sep 19, 2017 (Tue) | 26110 | 15 | 04:03 | 08:02 | | | 7:27 | 7.45 |
| | 26110 | 15 | 08:32 | 12:00 | | | | |
| Sep 20, 2017 (Wed) | 26110 | 15 | 04:17 | 08:04 | | | 7:56 | 7.93 |
| | 26110 | 15 | 08:34 | 12:43 | 10:58 | 11:08 | | |
| Sep 21, 2017 (Thu) | 26110 | 15 | 04:14 | 08:02 | | | 7:33 | 7.55 |
| | 26110 | 15 | 08:32 | 12:17 | 10:54 | 11:04 | | |
| Sep 22, 2017 (Fri) | 26110 | 15 | 04:19 | 08:40 | | | 6:46 | 6.77 |
| | 26110 | 15 | 09:10 | 11:35 | | | | |
| Sep 23, 2017 (Sat) | 26110 | 15 | 04:13 | 09:23 | 07:46 | 07:56 | 5:10 | 5.17 |
| Sep 25, 2017 (Mon) | 26110 | 15 | 04:14 | 08:03 | | | 4:26 | 4.43 |

EXHIBIT 3

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Sep 26, 2017 (Tue) | 26110 | 15 | 04:21 | 08:06 | | | 7:09 | 7.15 |
| | 26110 | 15 | 08:36 | 12:00 | 10:52 | 11:02 | | |
| Sep 27, 2017 (Wed) | 26110 | 15 | 04:22 | 08:10 | | | 7:19 | 7.32 |
| | 26110 | 15 | 08:40 | 12:11 | | | | |
| Sep 28, 2017 (Thu) | 26110 | 15 | 04:16 | 08:03 | | | 7:41 | 7.68 |
| | 26110 | 15 | 08:33 | 12:27 | 12:01 | 12:11 | | |
| Oct 01, 2017 (Sun) | 26110 | 15 | 04:28 | 06:52 | | | 2:24 | 2.40 |
| Oct 02, 2017 (Mon) | 26110 | 15 | 04:25 | 08:31 | | | 8:05 | 8.08 |
| | 26110 | 15 | 09:01 | 13:00 | 10:43 | 10:53 | | |
| Oct 03, 2017 (Tue) | 26110 | 15 | 04:25 | 08:29 | | | 8:05 | 8.08 |
| | 26110 | 15 | 08:59 | 13:00 | | | | |
| Oct 04, 2017 (Wed) | 26110 | 15 | 04:14 | 06:10 | | | 7:43 | 7.72 |
| | 26110 | 15 | 08:40 | 12:27 | 10:16 | 10:26 | | |
| Oct 05, 2017 (Thu) | 26110 | 15 | 04:24 | 08:19 | | | 7:34 | 7.57 |
| | 26110 | 15 | 08:51 | 12:30 | 11:21 | 11:31 | | |
| Oct 06, 2017 (Fri) | 26110 | 15 | 04:22 | 08:10 | | | 7:40 | 7.67 |
| | 26110 | 15 | 08:40 | 12:32 | 12:21 | 12:31 | | |
| Oct 07, 2017 (Sat) | 26110 | 15 | 04:24 | 07:56 | | | 3:32 | 3.53 |
| Oct 09, 2017 (Mon) | 26110 | 15 | 04:13 | 07:42 | | | 4:11 | 4.18 |
| | 26110 | 15 | 08:13 | 08:55 | | | | |
| Oct 10, 2017 (Tue) | 26110 | 15 | 04:15 | 09:00 | | | 6:56 | 6.93 |
| | 26110 | 15 | 09:30 | 11:41 | | | | |
| Oct 11, 2017 (Wed) | 26110 | 15 | 04:27 | 08:13 | | | 7:09 | 7.15 |
| | 26110 | 15 | 08:43 | 12:06 | 11:11 | 11:21 | | |
| Oct 12, 2017 (Thu) | 26110 | 15 | 04:24 | 08:06 | | | 6:41 | 6.68 |
| | 26110 | 15 | 08:36 | 11:35 | 10:53 | 11:05 | | |
| Oct 14, 2017 (Sat) | 26110 | 15 | 04:25 | 08:00 | | | 3:35 | 3.58 |
| Oct 16, 2017 (Mon) | 26110 | 15 | 04:18 | 08:03 | | | 5:01 | 5.02 |
| | 26110 | 15 | 08:33 | 09:49 | | | | |
| Oct 17, 2017 (Tue) | 26110 | 15 | 04:23 | 09:03 | | | 7:30 | 7.50 |
| | 26110 | 15 | 09:33 | 12:23 | | | | |
| Oct 18, 2017 (Wed) | 26110 | 15 | 04:18 | 08:10 | | | 7:28 | 7.47 |
| | 26110 | 15 | 08:40 | 12:17 | 10:51 | 11:02 | | |
| Oct 19, 2017 (Thu) | 26110 | 15 | 04:27 | 08:00 | | | 3:33 | 3.55 |
| Oct 21, 2017 (Sat) | 26110 | 15 | 04:27 | 06:43 | | | 2:16 | 2.27 |
| Oct 23, 2017 (Mon) | 26110 | 15 | 04:19 | 08:04 | | | 5:48 | 5.80 |
| | 26110 | 15 | 08:34 | 10:37 | | | | |
| Oct 24, 2017 (Tue) | 26110 | 15 | 05:03 | 08:31 | | | 5:02 | 5.03 |
| | 26110 | 15 | 09:01 | 10:35 | | | | |
| Oct 25, 2017 (Wed) | 26110 | 15 | 04:24 | 08:20 | | | 5:32 | 5.53 |
| | 26110 | 15 | 08:50 | 10:26 | | | | |
| Oct 26, 2017 (Thu) | 26110 | 15 | 04:16 | 07:49 | | | 5:19 | 5.32 |
| | 26110 | 15 | 08:19 | 10:05 | | | | |
| Oct 27, 2017 (Fri) | 26110 | 15 | 04:28 | 08:50 | | | 7:24 | 7.40 |
| | 26110 | 15 | 09:20 | 12:22 | | | | |
| Oct 28, 2017 (Sat) | 26110 | 15 | 04:44 | 06:15 | | | 1:31 | 1.52 |
| Oct 30, 2017 (Mon) | 26110 | 15 | 04:19 | 08:14 | | | 7:22 | 7.37 |
| | 26110 | 15 | 08:44 | 12:11 | | | | |
| Oct 31, 2017 (Tue) | 26110 | 15 | 04:24 | 08:00 | | | 7:04 | 7.07 |
| | 26110 | 15 | 08:30 | 11:58 | 11:43 | 11:53 | | |
| Nov 01, 2017 (Wed) | 26110 | 15 | 04:21 | 08:07 | | | 6:31 | 6.52 |
| | 26110 | 15 | 08:37 | 11:22 | | | | |
| Nov 02, 2017 (Thu) | 26110 | 15 | 04:25 | 09:21 | | | 9:06 | 9.10 |
| | 26110 | 15 | 09:51 | 14:01 | | | | |
| Nov 03, 2017 (Fri) | 26110 | 15 | 04:30 | 08:12 | | | 7:41 | 7.68 |
| | 26110 | 15 | 08:42 | 12:41 | 12:11 | 12:22 | | |
| Nov 05, 2017 (Sun) | 26110 | 15 | 04:30 | 11:15 | 06:59 | 07:10 | 6:45 | 6.75 |
| Nov 06, 2017 (Mon) | 26110 | 15 | 04:10 | 08:04 | | | 3:54 | 3.90 |
| Nov 07, 2017 (Tue) | 26110 | 15 | 04:22 | 08:07 | | | 7:02 | 7.03 |
| | 26110 | 15 | 08:37 | 11:54 | 10:48 | 10:58 | | |
| Nov 08, 2017 (Wed) | 26110 | 15 | 04:20 | 08:11 | | | 6:48 | 6.80 |
| | 26110 | 15 | 08:41 | 11:38 | 11:26 | 11:37 | | |
| Nov 09, 2017 (Thu) | 26110 | 15 | 04:18 | 09:40 | 08:26 | 08:36 | 5:22 | 5.37 |

EXHIBIT 3
BOSPALLI 000076

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Nov 11, 2017 (Sat) | 26110 | 15 | 05:06 | 07:02 | 10:08 | 10:16 | 5:30 | 5:50 |
| | 26110 | 15 | 07:33 | 11:07 | | | | |
| Nov 12, 2017 (Sun) | 26110 | 15 | 04:34 | 09:06 | 11:26 | 11:36 | 7:01 | 7.02 |
| | 26110 | 15 | 09:36 | 12:05 | | | | |
| Nov 13, 2017 (Mon) | 26110 | 15 | 04:25 | 08:20 | | | 6:39 | 6.65 |
| | 26110 | 15 | 08:50 | 11:34 | | | | |
| Nov 14, 2017 (Tue) | 26110 | 15 | 04:14 | 06:03 | | | 5:15 | 5.25 |
| | 26110 | 15 | 08:33 | 09:59 | | | | |
| Nov 15, 2017 (Wed) | 26110 | 15 | 04:14 | 07:51 | | | 7:45 | 7.75 |
| | 26110 | 15 | 08:21 | 12:29 | | | | |
| Nov 16, 2017 (Thu) | 26110 | 15 | 04:24 | 08:08 | | | 6:06 | 6.10 |
| | 26110 | 15 | 08:38 | 11:00 | | | | |
| Nov 17, 2017 (Fri) | 26110 | 15 | 04:23 | 08:11 | | | 5:59 | 5.98 |
| | 26110 | 15 | 08:42 | 10:53 | | | | |
| Nov 19, 2017 (Sun) | 26110 | 15 | 04:28 | 08:10 | | | 4:25 | 4.42 |
| | 26110 | 15 | 08:40 | 09:23 | | | | |
| Nov 21, 2017 (Tue) | 26110 | 15 | 04:11 | 09:01 | | | 7:41 | 7.68 |
| | 26110 | 15 | 09:31 | 12:22 | | | | |
| Nov 22, 2017 (Wed) | 26110 | 15 | 04:16 | 10:09 | 08:22 | 08:33 | 5:53 | 5.88 |
| Nov 23, 2017 (Thu) | 26110 | 15 | 04:27 | 11:18 | 08:21 | 08:34 | 6:51 | 6.85 |
| Nov 24, 2017 (Fri) | 26110 | 15 | 04:12 | 08:07 | | | 8:01 | 8.02 |
| | 26110 | 15 | 08:37 | 12:43 | 11:43 | 11:55 | | |
| Nov 26, 2017 (Sun) | 26110 | 15 | 04:12 | 10:35 | | | 6:23 | 6.38 |
| Nov 27, 2017 (Mon) | 26110 | 15 | 04:28 | 08:16 | | | 3:48 | 3.80 |
| | 26110 | 15 | 09:13 | 09:13 | | | | |
| Nov 29, 2017 (Wed) | 26110 | 15 | 04:26 | 10:03 | 08:01 | 08:11 | 5:37 | 5.62 |
| Nov 30, 2017 (Thu) | 26110 | 15 | 05:04 | 11:14 | 08:11 | 08:22 | 6:10 | 6.17 |
| Dec 01, 2017 (Fri) | 26110 | 15 | 04:16 | 08:14 | | | 7:45 | 7.75 |
| | 26110 | 15 | 08:44 | 12:31 | | | | |
| Dec 02, 2017 (Sat) | 26110 | 15 | 04:20 | 07:29 | | | 7:17 | 7.28 |
| | 26110 | 15 | 08:00 | 12:08 | 11:02 | 11:13 | | |
| Dec 03, 2017 (Sun) | 26110 | 15 | 04:44 | 08:01 | | | 5:18 | 5.30 |
| | 26110 | 15 | 08:31 | 10:32 | | | | |
| Dec 04, 2017 (Mon) | 26110 | 15 | 04:25 | 07:07 | | | 7:46 | 7.77 |
| | 26110 | 15 | 07:37 | 12:41 | | | | |
| Dec 05, 2017 (Tue) | 26110 | 15 | 04:22 | 08:25 | | | 5:35 | 5.58 |
| | 26110 | 15 | 08:56 | 10:28 | | | | |
| Dec 06, 2017 (Wed) | 26110 | 15 | 06:00 | 09:32 | | | 7:32 | 7.53 |
| | 26110 | 15 | 10:02 | 14:02 | | | | |
| Dec 07, 2017 (Thu) | 26110 | 15 | 04:29 | 08:14 | | | 5:22 | 5.37 |
| | 26110 | 15 | 08:45 | 10:22 | | | | |
| Dec 08, 2017 (Fri) | 26110 | 15 | 04:43 | 08:10 | | | 5:23 | 5.38 |
| | 26110 | 15 | 08:42 | 10:38 | | | | |
| Dec 10, 2017 (Sun) | 26110 | 15 | 04:47 | 10:51 | 08:49 | 09:00 | 6:04 | 6.07 |
| Dec 11, 2017 (Mon) | 26110 | 15 | 04:24 | 08:10 | | | 7:42 | 7.70 |
| | 26110 | 15 | 08:41 | 12:37 | | | | |
| Dec 12, 2017 (Tue) | 26110 | 15 | 04:22 | 09:01 | | | 6:42 | 6.70 |
| | 26110 | 15 | 09:31 | 11:34 | | | | |
| Dec 13, 2017 (Wed) | 26110 | 15 | 04:26 | 10:12 | 08:04 | 08:16 | 5:46 | 5.77 |
| Dec 14, 2017 (Thu) | 26110 | 15 | 04:16 | 11:30 | 08:16 | 08:26 | 7:14 | 7.23 |
| Dec 15, 2017 (Fri) | 26110 | 15 | 04:28 | 07:47 | | | 9:02 | 9.03 |
| | 26110 | 15 | 08:17 | 14:00 | 12:55 | 13:05 | | |
| Dec 17, 2017 (Sun) | 26110 | 15 | 04:48 | 10:09 | | | 5:21 | 5.35 |
| Dec 18, 2017 (Mon) | 26110 | 15 | 04:24 | 08:18 | | | 7:07 | 7.12 |
| | 26110 | 15 | 08:48 | 12:01 | | | | |
| Dec 19, 2017 (Tue) | 26110 | 15 | 04:28 | 08:44 | | | 7:14 | 7.23 |
| | 26110 | 15 | 09:16 | 12:14 | | | | |
| Dec 20, 2017 (Wed) | 26110 | 15 | 04:27 | 10:06 | 08:10 | 08:20 | 5:39 | 5.65 |
| Dec 21, 2017 (Thu) | 26110 | 15 | 04:43 | 10:56 | 08:17 | 08:29 | 6:13 | 6.22 |
| Dec 26, 2017 (Tue) | 26110 | 15 | 04:30 | 08:32 | | | 7:48 | 7.80 |
| | 26110 | 15 | 09:02 | 12:48 | | | | |
| Dec 27, 2017 (Wed) | 26110 | 15 | 04:30 | 11:39 | 08:18 | 08:28 | 7:09 | 7.15 |
| Dec 28, 2017 (Thu) | 26110 | 15 | 04:28 | 11:20 | 09:37 | 09:47 | 6:52 | 6.87 |
| Dec 29, 2017 (Fri) | 26110 | 15 | 04:34 | 09:11 | | | 7:34 | 7.57 |

EXHIBIT 3

80d293e1 LI 000077

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 26110 | 15 | 09:41 | 12:38 | | | | |
| Dec 31, 2017 (Sun) | 26110 | 15 | 04:24 | 09:39 | 05:52 | 06:02 | 7:12 | 7.20 |
| | 26110 | 15 | 10:09 | 12:06 | | | | |
| Jan 01, 2018 (Mon) | 26110 | 15 | 04:31 | 12:25 | | | 7:54 | 7.90 |
| Jan 02, 2018 (Tue) | 26110 | 15 | 04:26 | 08:45 | | | 7:33 | 7.55 |
| | 26110 | 15 | 09:16 | 12:30 | | | | |
| Jan 03, 2018 (Wed) | 26110 | 15 | 04:30 | 09:20 | | | 7:36 | 7.60 |
| | 26110 | 15 | 09:50 | 12:36 | | | | |
| Jan 04, 2018 (Thu) | 26110 | 15 | 04:31 | 11:11 | 09:15 | 09:26 | 6:40 | 6.67 |
| Jan 05, 2018 (Fri) | 26110 | 15 | 04:29 | 08:10 | | | 4:30 | 4.50 |
| | 26110 | 15 | 08:40 | 09:29 | | | | |
| Jan 07, 2018 (Sun) | 26110 | 15 | 04:34 | 06:42 | 07:03 | 07:13 | 4:08 | 4.13 |
| Jan 08, 2018 (Mon) | 26110 | 15 | 04:27 | 08:11 | | | 5:12 | 5.20 |
| | 26110 | 15 | 08:41 | 10:09 | | | | |
| Jan 09, 2018 (Tue) | 26110 | 15 | 04:19 | 08:52 | | | 7:40 | 7.67 |
| | 26110 | 15 | 09:23 | 12:30 | | | | |
| Jan 10, 2018 (Wed) | 26110 | 15 | 04:26 | 08:55 | | | 7:15 | 7.25 |
| | 26110 | 15 | 09:25 | 12:11 | 11:12 | 11:22 | | |
| Jan 11, 2018 (Thu) | 26110 | 15 | 04:22 | 08:54 | | | 7:40 | 7.67 |
| | 26110 | 15 | 09:24 | 12:32 | | | | |
| Jan 12, 2018 (Fri) | 26110 | 15 | 04:23 | 08:55 | | | 7:38 | 7.63 |
| | 26110 | 15 | 09:25 | 12:31 | | | | |
| Jan 15, 2018 (Mon) | 26110 | 15 | 04:44 | 08:39 | | | 7:18 | 7.30 |
| | 26110 | 15 | 09:09 | 12:32 | | | | |
| Jan 16, 2018 (Tue) | 26110 | 15 | 04:29 | 09:10 | | | 6:51 | 6.85 |
| | 26110 | 15 | 09:40 | 11:50 | | | | |
| Jan 17, 2018 (Wed) | 26110 | 15 | 04:31 | 09:48 | | | 7:34 | 7.57 |
| | 26110 | 15 | 10:19 | 12:36 | | | | |
| Jan 18, 2018 (Thu) | 26110 | 15 | 04:18 | 09:08 | | | 7:42 | 7.70 |
| | 26110 | 15 | 09:38 | 12:30 | | | | |
| Jan 19, 2018 (Fri) | 26110 | 15 | 04:32 | 08:52 | 07:04 | 07:14 | 7:29 | 7.48 |
| | 26110 | 15 | 09:22 | 12:31 | | | | |
| Jan 22, 2018 (Mon) | 26110 | 15 | 04:11 | 08:58 | | | 7:49 | 7.82 |
| | 26110 | 15 | 09:28 | 12:30 | | | | |
| Jan 23, 2018 (Tue) | 26110 | 15 | 04:11 | 11:09 | 09:12 | 09:22 | 6:58 | 6.97 |
| Jan 24, 2018 (Wed) | 26110 | 15 | 04:19 | 09:08 | | | 7:42 | 7.70 |
| | 26110 | 15 | 09:39 | 12:32 | | | | |
| Jan 25, 2018 (Thu) | 26110 | 15 | 04:14 | 08:57 | | | 7:49 | 7.82 |
| | 26110 | 15 | 09:27 | 12:33 | | | | |
| Jan 26, 2018 (Fri) | 26110 | 15 | 04:24 | 08:54 | | | 7:39 | 7.65 |
| | 26110 | 15 | 09:24 | 12:33 | | | | |
| Jan 29, 2018 (Mon) | 26110 | 15 | 04:35 | 08:37 | | | 7:25 | 7.42 |
| | 26110 | 15 | 09:07 | 12:30 | 11:43 | 11:53 | | |
| Jan 30, 2018 (Tue) | 26110 | 15 | 04:26 | 09:00 | | | 7:39 | 7.65 |
| | 26110 | 15 | 09:30 | 12:35 | | | | |
| Jan 31, 2018 (Wed) | 26110 | 15 | 04:28 | 08:42 | | | 5:59 | 5.98 |
| | 26110 | 15 | 09:12 | 10:57 | | | | |
| Feb 01, 2018 (Thu) | 26110 | 15 | 04:25 | 09:00 | | | 7:35 | 7.58 |
| | 26110 | 15 | 09:30 | 12:30 | | | | |
| Feb 02, 2018 (Fri) | 26110 | 15 | 04:31 | 08:33 | | | 7:29 | 7.48 |
| | 26110 | 15 | 09:03 | 12:30 | | | | |
| Feb 05, 2018 (Mon) | 26110 | 15 | 04:21 | 08:48 | | | 7:20 | 7.33 |
| | 26110 | 15 | 09:18 | 12:11 | 11:10 | 11:20 | | |
| Feb 06, 2018 (Tue) | 26110 | 15 | 04:35 | 09:00 | | | 7:26 | 7.43 |
| | 26110 | 15 | 09:30 | 12:31 | | | | |
| Feb 07, 2018 (Wed) | 26110 | 15 | 04:24 | 09:15 | | | 7:39 | 7.65 |
| | 26110 | 15 | 09:45 | 12:33 | | | | |
| Feb 08, 2018 (Thu) | 26110 | 15 | 04:15 | 08:46 | | | 7:54 | 7.90 |
| | 26110 | 15 | 09:16 | 12:39 | | | | |
| Feb 09, 2018 (Fri) | 26110 | 15 | 04:27 | 08:55 | | | 7:34 | 7.57 |
| | 26110 | 15 | 09:25 | 12:31 | | | | |
| Feb 12, 2018 (Mon) | 26110 | 15 | 04:13 | 11:02 | 08:43 | 08:53 | 6:49 | 6.82 |
| | 26110 | 15 | 04:14 | 09:06 | | | 4:56 | 4.93 |
| Feb 13, 2018 (Tue) | 26110 | 15 | 09:36 | 09:40 | | | | |

EXHIBIT 3   BOSPELLI 000078

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| | 26110 | 15 | 09:25 | 12:33 | 10:07 | 10:17 | 7:30 | 7.67 |
| Feb 15, 2018 (Thu) | 26110 | 15 | 04:10 | 08:45 | | | | |
| | 26110 | 15 | 09:15 | 10:48 | | | 6:08 | 6.13 |
| Feb 16, 2018 (Fri) | 26110 | 15 | 04:30 | 08:37 | | | 4:07 | 4.12 |
| Feb 18, 2018 (Sun) | 26110 | 15 | 04:28 | 10:33 | 10:01 | 10:12 | 6:05 | 6.08 |
| Feb 19, 2018 (Mon) | 26110 | 15 | 04:33 | 09:56 | 08:51 | 09:01 | 5:23 | 5.38 |
| Feb 20, 2018 (Tue) | 26110 | 15 | 04:33 | 09:03 | | | 8:57 | 8.95 |
| | 26110 | 15 | 09:33 | 14:00 | 11:13 | 11:23 | | |
| Feb 21, 2018 (Wed) | 26110 | 15 | 04:32 | 09:00 | | | 6:58 | 6.97 |
| | 26110 | 15 | 09:31 | 12:01 | | | | |
| Feb 22, 2018 (Thu) | 26110 | 15 | 04:28 | 09:05 | | | 7:28 | 7.47 |
| | 26110 | 15 | 09:35 | 12:26 | | | | |
| Feb 23, 2018 (Fri) | 26110 | 15 | 04:23 | 11:46 | 09:01 | 09:11 | 7:23 | 7.38 |
| Feb 26, 2018 (Mon) | 26110 | 15 | 04:18 | 09:08 | | | 7:47 | 7.78 |
| | 26110 | 15 | 09:38 | 12:35 | 11:26 | 11:39 | | |
| Feb 27, 2018 (Tue) | 26110 | 15 | 04:11 | 09:08 | | | 7:57 | 7.95 |
| | 26110 | 15 | 09:38 | 12:38 | | | | |
| Feb 28, 2018 (Wed) | 26110 | 15 | 04:30 | 08:58 | | | 7:02 | 7.03 |
| | 26110 | 15 | 09:28 | 12:02 | 11:14 | 11:24 | | |
| Mar 01, 2018 (Thu) | 26110 | 15 | 04:30 | 09:04 | | | 7:45 | 7.75 |
| | 26110 | 15 | 09:34 | 12:45 | | | | |
| Mar 02, 2018 (Fri) | 26110 | 15 | 04:19 | 09:00 | | | 7:45 | 7.75 |
| | 26110 | 15 | 09:30 | 12:34 | 12:10 | 12:20 | | |
| Mar 05, 2018 (Mon) | 26110 | 15 | 04:30 | 09:11 | | | 7:34 | 7.57 |
| | 26110 | 15 | 09:41 | 12:34 | 11:46 | 11:56 | | |
| | 26110 | 15 | 04:17 | 09:07 | | | | |
| Mar 06, 2018 (Tue) | 26110 | 15 | 09:37 | 10:25 | | | 7:49 | 7.82 |
| | 26110 | 15 | 11:20 | 13:31 | | | | |
| Mar 07, 2018 (Wed) | 26110 | 15 | 04:21 | 09:02 | | | 7:14 | 7.23 |
| | 26110 | 15 | 09:32 | 12:05 | | | | |
| Mar 08, 2018 (Thu) | 26110 | 15 | 04:30 | 08:58 | | | 7:32 | 7.53 |
| | 26110 | 15 | 09:28 | 12:32 | | | | |
| Mar 09, 2018 (Fri) | 26110 | 15 | 04:30 | 08:55 | | | 8:03 | 8.05 |
| | 26110 | 15 | 09:25 | 13:03 | 12:14 | 12:24 | | |
| Mar 11, 2018 (Sun) | 26110 | 15 | 04:46 | 10:36 | 07:36 | 07:46 | 5:50 | 5.83 |
| Mar 12, 2018 (Mon) | 26110 | 15 | 04:36 | 09:05 | | | 7:37 | 7.62 |
| | 26110 | 15 | 09:35 | 12:43 | 12:04 | 12:14 | | |
| Mar 13, 2018 (Tue) | 26110 | 15 | 04:28 | 09:07 | | | 7:35 | 7.58 |
| | 26110 | 15 | 09:37 | 12:33 | | | | |
| Mar 14, 2018 (Wed) | 26110 | 15 | 04:31 | 09:15 | | | 7:33 | 7.55 |
| | 26110 | 15 | 09:45 | 12:34 | | | | |
| Mar 15, 2018 (Thu) | 26110 | 15 | 04:31 | 09:01 | | | 7:30 | 7.50 |
| | 26110 | 15 | 09:31 | 12:31 | | | | |
| Mar 17, 2018 (Sat) | 26110 | 15 | 04:44 | 10:24 | 08:18 | 08:28 | 5:40 | 5.67 |
| Mar 19, 2018 (Mon) | 26110 | 15 | 04:36 | 09:01 | | | 6:53 | 6.88 |
| | 26110 | 15 | 09:33 | 12:01 | | | | |
| Mar 20, 2018 (Tue) | 26110 | 15 | 04:35 | 08:45 | | | 6:24 | 6.40 |
| | 26110 | 15 | 09:15 | 11:29 | | | | |
| Mar 21, 2018 (Wed) | 26110 | 15 | 04:20 | 08:41 | | | 4:21 | 4.35 |
| Mar 24, 2018 (Sat) | 26110 | 15 | 04:22 | 14:21 | 10:22 | 10:32 | 9:59 | 9.98 |
| Mar 25, 2018 (Sun) | 26110 | 15 | 04:32 | 10:31 | 08:44 | 08:55 | 5:59 | 5.98 |
| Mar 26, 2018 (Mon) | 26110 | 15 | 04:23 | 08:28 | | | 7:37 | 7.62 |
| | 26110 | 15 | 08:56 | 12:30 | | | | |
| Mar 27, 2018 (Tue) | 26110 | 15 | 04:07 | 08:07 | | | 5:08 | 5.13 |
| | 26110 | 15 | 08:37 | 09:45 | | | | |
| Mar 28, 2018 (Wed) | 26110 | 15 | 04:28 | 09:13 | | | 7:35 | 7.58 |
| | 26110 | 15 | 09:43 | 12:33 | 11:43 | 11:54 | | |
| Mar 29, 2018 (Thu) | 26110 | 15 | 04:29 | 08:14 | | | 6:34 | 6.57 |
| | 26110 | 15 | 08:45 | 11:34 | | | | |
| Mar 30, 2018 (Fri) | 26110 | 15 | 04:30 | 08:13 | | | 7:00 | 7.00 |
| | 26110 | 15 | 08:45 | 12:02 | | | | |
| Apr 02, 2018 (Mon) | 26110 | 15 | 04:20 | 11:29 | 09:07 | 09:17 | 7:09 | 7.15 |
| Apr 03, 2018 (Tue) | 26110 | 15 | 04:21 | 08:59 | | | 7:15 | 7.25 |

EXHIBIT 3

BOSELLI 000079

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Apr 04, 2018 (Wed) | 26110 | 15 | 04:31 | 09:11 | | | 7.09 | 7.15 |
| | 26110 | 15 | 09:41 | 12:10 | 11:15 | 11:26 | | |
| Apr 05, 2018 (Thu) | 26110 | 15 | 04:28 | 09:06 | | | 7.05 | 7.08 |
| | 26110 | 15 | 09:37 | 12:04 | | | | |
| Apr 06, 2018 (Fri) | 26110 | 15 | 04:30 | 08:37 | | | 7:06 | 7.10 |
| | 26110 | 15 | 09:07 | 12:06 | | | | |
| Apr 09, 2018 (Mon) | 26110 | 15 | 04:25 | 09:14 | | | 7:13 | 7.22 |
| | 26110 | 15 | 09:44 | 12:08 | | | | |
| Apr 10, 2018 (Tue) | 26110 | 15 | 04:17 | 09:12 | | | 8.29 | 8.48 |
| | 26110 | 15 | 09:43 | 13:17 | | | | |
| Apr 11, 2018 (Wed) | 26110 | 15 | 04:26 | 08:39 | | | 7:07 | 7.12 |
| | 26110 | 15 | 09:09 | 12:03 | 10:43 | 10:54 | | |
| Apr 12, 2018 (Thu) | 26110 | 15 | 04:24 | 08:01 | | | 7.08 | 7.13 |
| | 26110 | 15 | 08:31 | 12:02 | | | | |
| | 26110 | 15 | 04:13 | 09:02 | | | | |
| Apr 16, 2018 (Mon) | 26110 | 15 | 09:32 | 13:16 | 12:18 | 12:28 | 8:33 | 8.55 |
| | 26110 | 15 | 15:03 | 15:03 | | | | |
| Apr 17, 2018 (Tue) | 26110 | 15 | 04:21 | 12:13 | 07:46 | 07:56 | 7:52 | 7.87 |
| Apr 18, 2018 (Wed) | 26110 | 15 | 04:20 | 08:59 | | | 7:12 | 7.20 |
| | 26110 | 15 | 09:29 | 12:02 | | | | |
| Apr 19, 2018 (Thu) | 26110 | 15 | 04:17 | 09:11 | | | 7:13 | 7.22 |
| | 26110 | 15 | 09:41 | 12:00 | | | | |
| | 26110 | 15 | 04:30 | 09:00 | | | | |
| Apr 20, 2018 (Fri) | 26110 | 15 | 09:31 | 12:30 | | | 7:29 | 7.48 |
| | 26110 | 15 | 15:56 | 15:56 | | | | |
| Apr 21, 2018 (Sat) | 26110 | 15 | 04:00 | 09:08 | | | 5.08 | 5.13 |
| Apr 23, 2018 (Mon) | 26110 | 15 | 04:50 | 09:03 | | | 5:56 | 5.93 |
| | 26110 | 15 | 09:34 | 11:17 | | | | |
| Apr 24, 2018 (Tue) | 26110 | 15 | 04:25 | 09:03 | 08:05 | 08:15 | 4:38 | 4.63 |
| Apr 25, 2018 (Wed) | 26110 | 15 | 04:25 | 08:32 | | | 7:07 | 7.12 |
| | 26110 | 15 | 09:03 | 12:03 | 10:44 | 10:54 | | |
| Apr 26, 2018 (Thu) | 26110 | 15 | 04:32 | 09:06 | | | 7:09 | 7.15 |
| | 26110 | 15 | 09:36 | 12:11 | | | | |
| Apr 27, 2018 (Fri) | 26110 | 15 | 04:27 | 08:32 | | | 7:37 | 7.62 |
| | 26110 | 15 | 09:02 | 12:34 | | | | |
| May 01, 2018 (Tue) | 26110 | 15 | 04:30 | 08:56 | | | 7:01 | 7.02 |
| | 26110 | 15 | 09:28 | 12:03 | | | | |
| May 02, 2018 (Wed) | 26110 | 15 | 04:30 | 09:08 | | | 4:38 | 4.63 |
| May 03, 2018 (Thu) | 26110 | 15 | 04:30 | 09:12 | | | 6:18 | 6.30 |
| | 26110 | 15 | 09:44 | 11:20 | | | | |
| May 04, 2018 (Fri) | 26110 | 15 | 04:31 | 09:03 | | | 6:03 | 6.05 |
| | 26110 | 15 | 09:39 | 11:10 | | | | |
| May 14, 2018 (Mon) | 26110 | 15 | 04:31 | 09:07 | | | 7:11 | 7.18 |
| | 26110 | 15 | 09:37 | 12:12 | | | | |
| May 15, 2018 (Tue) | 26110 | 15 | 04:31 | 09:01 | | | 6:58 | 6.97 |
| | 26110 | 15 | 09:32 | 12:00 | | | | |
| May 16, 2018 (Wed) | 26110 | 15 | 04:31 | 09:02 | | | 6:58 | 6.97 |
| | 26110 | 15 | 09:35 | 12:02 | 10:49 | 10:59 | | |
| May 17, 2018 (Thu) | 26110 | 15 | 04:32 | 09:00 | | | 7:40 | 7.67 |
| | 26110 | 15 | 09:30 | 12:42 | 11:22 | 11:32 | | |
| May 18, 2018 (Fri) | 26110 | 15 | 04:32 | 08:04 | | | 3:32 | 3.53 |
| May 21, 2018 (Mon) | 26110 | 15 | 04:35 | 08:59 | | | 6:56 | 6.93 |
| | 26110 | 15 | 09:29 | 12:01 | | | | |
| May 22, 2018 (Tue) | 26110 | 15 | 04:31 | 08:17 | | | 6:27 | 6.45 |
| | 26110 | 15 | 08:47 | 11:28 | | | | |
| | 26110 | 15 | 04:31 | 08:31 | | | | |
| May 23, 2018 (Wed) | 26110 | 15 | 09:01 | 11:32 | | | 6:49 | 6.82 |
| | 26110 | 15 | 11:42 | 12:00 | | | | |
| May 24, 2018 (Thu) | 26110 | 15 | 04:31 | 09:45 | | | 6:37 | 6.62 |
| | 26110 | 15 | 10:15 | 11:38 | | | | |
| May 25, 2018 (Fri) | 26110 | 15 | 04:27 | 08:08 | | | 5:05 | 5.08 |
| | 26110 | 15 | 08:38 | 10:02 | | | | |
| May 28, 2018 (Mon) | 26110 | 15 | 04:31 | 11:01 | | | 6:30 | 6.50 |

EXHIBIT 3    BOSELLI 000080

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| May 30, 2018 (Wed) | 26110 | 15 | 04:25 | 08:30 | | | 6:29 | 6.48 |
| | 26110 | 15 | 08:44 | 11:08 | | | | |
| May 31, 2018 (Thu) | 26110 | 15 | 04:23 | 09:04 | | | 6:12 | 6.20 |
| | 26110 | 15 | 09:34 | 11:05 | | | | |
| Jun 01, 2018 (Fri) | 26110 | 15 | 04:34 | 08:16 | | | 6:16 | 6.27 |
| | 26110 | 15 | 08:29 | 11:03 | | | | |
| | 26110 | 15 | 04:32 | 08:52 | | | | |
| Jun 05, 2018 (Tue) | 26110 | 15 | 09:24 | 10:12 | | | 5:51 | 5.85 |
| | 26110 | 15 | 10:22 | 11:05 | | | | |
| Jun 06, 2018 (Wed) | 26110 | 15 | 04:29 | 08:13 | | | 5:42 | 5.70 |
| | 26110 | 15 | 08:44 | 10:42 | | | | |
| Jun 07, 2018 (Thu) | 26110 | 15 | 04:32 | 09:00 | | | 6:00 | 6.00 |
| | 26110 | 15 | 09:31 | 11:03 | | | | |
| Jun 08, 2018 (Fri) | 26110 | 15 | 04:23 | 08:09 | | | 4:49 | 4.82 |
| | 26110 | 15 | 08:39 | 09:42 | | | | |
| Jun 11, 2018 (Mon) | 26110 | 15 | 04:20 | 09:12 | | | 4:52 | 4.87 |
| Jun 13, 2018 (Wed) | 26110 | 15 | 04:23 | 08:41 | | | 6:09 | 6.15 |
| | 26110 | 15 | 09:11 | 11:02 | | | | |
| Jun 14, 2018 (Thu) | 26110 | 15 | 04:43 | 08:21 | | | 5:46 | 5.77 |
| | 26110 | 15 | 08:52 | 11:00 | | | | |
| Jun 15, 2018 (Fri) | 26110 | 15 | 04:38 | 08:55 | 07:09 | 07:19 | 4:17 | 4.28 |
| Jun 18, 2018 (Mon) | 26110 | 15 | 04:16 | 11:00 | 10:00 | 10:30 | 6:44 | 6.73 |
| Jun 19, 2018 (Tue) | 26110 | 15 | 04:30 | 07:08 | | | 2:38 | 2.63 |
| Jun 20, 2018 (Wed) | 26110 | 15 | 04:32 | 09:09 | | | 6:05 | 6.08 |
| | 26110 | 15 | 09:40 | 11:08 | | | | |
| Jun 21, 2018 (Thu) | 26110 | 15 | 04:29 | 08:05 | | | 3:36 | 3.60 |
| Jun 22, 2018 (Fri) | 26110 | 15 | 04:30 | 08:15 | | | 5:36 | 5.60 |
| | 26110 | 15 | 08:45 | 10:36 | | | | |
| Jun 26, 2018 (Tue) | 26110 | 15 | 04:27 | 08:58 | | | 4:31 | 4.52 |
| Jun 27, 2018 (Wed) | 26110 | 15 | 04:28 | 08:59 | | | 6:24 | 6.40 |
| | 26110 | 15 | 09:30 | 11:23 | | | | |
| Aug 01, 2018 (Wed) | 26110 | 15 | 06:00 | 09:23 | | | 7:36 | 7.60 |
| | 26110 | 15 | 09:53 | 14:06 | 12:44 | 12:54 | | |
| Aug 02, 2018 (Thu) | 26110 | 15 | 06:00 | 10:04 | | | 9:00 | 9.00 |
| | 26110 | 15 | 10:34 | 15:30 | | | | |
| Aug 03, 2018 (Fri) | 26110 | 15 | 06:02 | 09:45 | | | 7:30 | 7.50 |
| | 26110 | 15 | 10:15 | 14:02 | 13:02 | 13:12 | | |
| Aug 04, 2018 (Sat) | 26110 | 15 | 05:00 | 06:16 | | | 7:30 | 7.50 |
| | 26110 | 15 | 08:48 | 13:00 | 11:14 | 11:24 | | |
| | 26110 | 15 | 05:00 | 08:56 | | | | |
| Aug 05, 2018 (Sun) | 26110 | 15 | 09:26 | 13:11 | 10:43 | 10:53 | 7:41 | 7.68 |
| | | | | | 11:52 | 12:04 | | |
| | 26110 | 15 | 06:00 | 09:27 | | | | |
| Aug 08, 2018 (Wed) | 26110 | 15 | 09:57 | 13:03 | 12:32 | 12:42 | 7:21 | 7.35 |
| | 26110 | 15 | 13:15 | 14:03 | | | | |
| Aug 09, 2018 (Thu) | 26110 | 15 | 06:01 | 10:39 | | | 7:29 | 7.48 |
| | 26110 | 15 | 11:10 | 14:01 | 13:01 | 13:11 | | |
| Aug 10, 2018 (Fri) | 26110 | 15 | 05:59 | 08:40 | | | 7:31 | 7.52 |
| | 26110 | 15 | 09:10 | 14:00 | 13:12 | 13:23 | | |
| Aug 11, 2018 (Sat) | 26110 | 15 | 05:00 | 09:00 | | | 7:31 | 7.52 |
| | 26110 | 15 | 09:30 | 13:01 | 12:26 | 12:37 | | |
| Aug 12, 2018 (Sun) | 26110 | 15 | 05:11 | 09:08 | | | 3:57 | 3.95 |
| Aug 14, 2018 (Tue) | 26110 | 15 | 06:01 | 09:38 | | | 7:30 | 7.50 |
| | 26110 | 15 | 10:08 | 14:01 | 11:36 | 11:46 | | |
| Aug 15, 2018 (Wed) | 26110 | 15 | 05:59 | 09:09 | | | 7:33 | 7.55 |
| | 26110 | 15 | 09:41 | 14:04 | 13:21 | 13:31 | | |
| Aug 16, 2018 (Thu) | 26110 | 15 | 05:36 | 10:00 | | | 8:05 | 8.08 |
| | 26110 | 15 | 10:33 | 14:14 | 14:09 | 14:14 | | |
| Aug 20, 2018 (Mon) | 26110 | 15 | 05:13 | 08:43 | | | 5:37 | 5.62 |
| | 26110 | 15 | 09:14 | 11:21 | | | | |
| Aug 22, 2018 (Wed) | 26110 | 15 | 04:00 | 08:40 | | | 6:42 | 6.70 |
| | 26110 | 15 | 09:12 | 11:14 | | | | |
| Aug 23, 2018 (Thu) | 26110 | 15 | 04:23 | 08:52 | | | 4:29 | 4.48 |

EXHIBIT 3
BOSELLI 000081

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Aug 24, 2018 (Fri) | 26110 | 15 | 09:26 | 12:23 | 08:57 | 12:12 | | |
| Aug 25, 2018 (Sat) | 26110 | 15 | 04:00 | 11:02 | 08:25 | 08:35 | 7:02 | 7.03 |
| Aug 26, 2018 (Sun) | 26110 | 15 | 05:03 | 08:40 | | | 5:33 | 5.55 |
| | 26110 | 15 | 09:11 | 11:07 | | | | |
| Aug 27, 2018 (Mon) | 26110 | 15 | 04:33 | 09:01 | | | 4:28 | 4.47 |
| | 26110 | 15 | 05:14 | 08:48 | | | | |
| Aug 28, 2018 (Tue) | 26110 | 15 | 09:26 | 12:09 | | | 7:08 | 7.13 |
| | 26110 | 15 | 12:19 | 13:10 | | | | |
| Aug 29, 2018 (Wed) | 26110 | 15 | 04:32 | 09:00 | | | 7:00 | 7.00 |
| | 26110 | 15 | 09:32 | 12:04 | | | | |
| Aug 30, 2018 (Thu) | 26110 | 15 | 04:35 | 09:01 | | | 7:01 | 7.02 |
| | 26110 | 15 | 09:31 | 12:06 | | | | |
| | 26110 | 15 | 04:33 | 08:48 | | | | |
| Aug 31, 2018 (Fri) | 26110 | 15 | 09:20 | 11:03 | | | 6:29 | 6.48 |
| | 26110 | 15 | 11:13 | 11:44 | | | | |
| Sep 03, 2018 (Mon) | 26110 | 15 | 04:30 | 08:41 | | | 7:10 | 7.17 |
| | 26110 | 15 | 09:11 | 12:10 | | | | |
| | 26110 | 15 | 04:29 | 09:11 | | | | |
| Sep 04, 2018 (Tue) | 26110 | 15 | 09:42 | 11:36 | | | 7:47 | 7.78 |
| | 26110 | 15 | 11:47 | 12:58 | | | | |
| Sep 05, 2018 (Wed) | 26110 | 15 | 04:31 | 09:05 | | | 6:57 | 6.95 |
| | 26110 | 15 | 09:35 | 11:58 | | | | |
| Sep 06, 2018 (Thu) | 26110 | 15 | 04:33 | 12:17 | | | 7:44 | 7.73 |
| Sep 07, 2018 (Fri) | 26110 | 15 | 04:39 | 08:11 | | | 3:33 | 3.55 |
| | 26110 | 15 | 08:42 | 08:43 | | | | |
| Sep 10, 2018 (Mon) | 26110 | 15 | 09:00 | 11:30 | | | 7:30 | 7.50 |
| | 26110 | 15 | 12:00 | 17:00 | | | | |
| Sep 11, 2018 (Tue) | 26110 | 15 | 06:00 | 10:41 | | | 7:36 | 7.60 |
| | 26110 | 15 | 11:11 | 14:06 | 13:13 | 13:24 | | |
| Sep 12, 2018 (Wed) | 26110 | 15 | 09:00 | 18:12 | | | 9:12 | 9.20 |
| Sep 13, 2018 (Thu) | 26110 | 15 | 08:52 | 11:04 | | | 7:12 | 7.20 |
| | 26110 | 15 | 11:35 | 16:35 | | | | |
| | 26110 | 15 | 08:59 | 11:12 | | | | |
| Sep 16, 2018 (Sun) | 26110 | 15 | 11:43 | 17:24 | 14:57 | 15:07 | 9:57 | 9.95 |
| | 26110 | 15 | 20:34 | 22:37 | | | | |
| Sep 17, 2018 (Mon) | 26110 | 15 | 05:09 | 07:41 | | | 7:06 | 7.10 |
| | 26110 | 15 | 08:18 | 12:52 | | | | |
| Sep 18, 2018 (Tue) | 26110 | 15 | 06:01 | 09:47 | | | 7:27 | 7.45 |
| | 26110 | 15 | 10:17 | 13:58 | | | | |
| | 26110 | 15 | 14:13 | 15:39 | | | | |
| Sep 19, 2018 (Wed) | 26110 | 15 | 17:00 | 20:37 | | | 8:25 | 8.42 |
| | 26110 | 15 | 21:07 | 00:29 | | | | |
| Sep 23, 2018 (Sun) | 26110 | 15 | 09:00 | 11:25 | | | 7:53 | 7.88 |
| | 26110 | 15 | 11:56 | 17:24 | 13:09 | 13:19 | | |
| Sep 24, 2018 (Mon) | 26110 | 15 | 09:01 | 12:14 | | | 7:42 | 7.70 |
| | 26110 | 15 | 12:44 | 17:13 | | | | |
| Sep 25, 2018 (Tue) | 26110 | 15 | 05:01 | 09:31 | | | 7:33 | 7.55 |
| | 26110 | 15 | 10:00 | 13:03 | | | | |
| Sep 26, 2018 (Wed) | 26110 | 15 | 00:41 | 00:55 | | | 0:14 | 0.23 |
| Sep 27, 2018 (Thu) | 26110 | 15 | 16:59 | 01:17 | | | 8:18 | 8.30 |
| Oct 01, 2018 (Mon) | 26110 | 15 | 09:00 | 11:00 | | | 2:00 | 2.00 |
| Oct 02, 2018 (Tue) | 26110 | 15 | 06:02 | 10:43 | | | 7:40 | 7.67 |
| | 26110 | 15 | 11:13 | 14:12 | | | | |
| Oct 03, 2018 (Wed) | 26110 | 15 | 20:26 | 01:17 | | | 4:51 | 4.85 |
| Oct 04, 2018 (Thu) | 26110 | 15 | 17:00 | 00:58 | | | 7:58 | 7.97 |
| Oct 07, 2018 (Sun) | 26110 | 15 | 23:13 | 00:37 | | | 1:24 | 1.40 |
| Oct 08, 2018 (Mon) | 26110 | 15 | 11:00 | 17:08 | | | 6:08 | 6.13 |
| Oct 09, 2018 (Tue) | 26110 | 15 | 17:03 | 00:45 | | | 7:42 | 7.70 |
| Oct 10, 2018 (Wed) | 26110 | 15 | 08:34 | 12:27 | | | 4:28 | 4.47 |
| | 26110 | 15 | 16:57 | 17:32 | | | | |
| Oct 14, 2018 (Sun) | 26110 | 15 | 08:58 | 14:35 | | | 7:37 | 7.62 |
| | 26110 | 15 | 15:07 | 17:07 | | | | |
| Oct 15, 2018 (Mon) | 26110 | 15 | 08:35 | 17:05 | | | 8:30 | 8.50 |

EXHIBIT 3

| Date | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Oct 16, 2018 (Tue) | 26110 | 15 | 16:58 | 00:23 | | | 7:25 | 7.42 |
| Oct 17, 2018 (Wed) | 26110 | 15 | 16:58 | 00:23 | | | 7:25 | 7.42 |
| Oct 18, 2018 (Thu) | 26110 | 15 | 08:59 | 12:57 | | | 7:54 | 7.90 |
| | 26110 | 15 | 13:29 | 17:25 | | | | |
| Oct 21, 2018 (Sun) | 26110 | 15 | 08:57 | 17:03 | 13:22 | 13:37 | 8:06 | 8.10 |
| Oct 22, 2018 (Mon) | 26110 | 15 | 16:59 | 00:22 | | | 7:23 | 7.38 |
| Oct 23, 2018 (Tue) | 26110 | 15 | 16:59 | 00:16 | | | 7:17 | 7.28 |
| Oct 25, 2018 (Thu) | 26110 | 15 | 16:53 | 00:21 | | | 7:28 | 7.47 |
| Oct 28, 2018 (Sun) | 26110 | 15 | 09:00 | 12:57 | | | 7:33 | 7.55 |
| | 26110 | 15 | 13:37 | 17:13 | | | | |
| Oct 29, 2018 (Mon) | 26110 | 15 | 16:57 | 00:41 | | | 7:44 | 7.73 |
| Oct 30, 2018 (Tue) | 26110 | 15 | 16:59 | 00:21 | | | 7:22 | 7.37 |
| Oct 31, 2018 (Wed) | 26110 | 15 | 10:04 | 12:05 | | | 10:38 | 10.63 |
| | 26110 | 15 | 16:00 | 00:37 | | | | |
| Nov 03, 2018 (Sat) | 26110 | 15 | 07:57 | 10:40 | | | 8:57 | 8.95 |
| | 26110 | 15 | 11:03 | 17:17 | | | | |
| Nov 04, 2018 (Sun) | 26110 | 15 | 08:00 | 11:11 | | | 7:52 | 7.87 |
| | 26110 | 15 | 11:49 | 16:30 | | | | |
| Nov 05, 2018 (Mon) | 26110 | 15 | 16:58 | 00:25 | | | 7:27 | 7.45 |
| Nov 06, 2018 (Tue) | 26110 | 15 | 16:59 | 00:33 | | | 7:34 | 7.57 |
| Nov 07, 2018 (Wed) | 26110 | 15 | 16:00 | 20:11 | | | 6:46 | 6.77 |
| | 26110 | 15 | 20:42 | 23:17 | | | | |
| Nov 08, 2018 (Thu) | 26110 | 15 | 09:59 | 10:05 | | | 0:06 | 0.10 |
| Nov 14, 2018 (Wed) | 26110 | 15 | 16:58 | 19:11 | | | 7:13 | 7.22 |
| | 26110 | 15 | 19:41 | 00:41 | | | | |
| | 26110 | 15 | 08:56 | 13:54 | | | | |
| Nov 15, 2018 (Thu) | 26110 | 15 | 16:52 | 20:00 | | | 12:00 | 12.00 |
| | 26110 | 15 | 20:30 | 00:24 | | | | |
| Nov 16, 2018 (Fri) | 26110 | 15 | 12:34 | 18:10 | 15:13 | 15:22 | 5:38 | 5.60 |
| Nov 17, 2018 (Sat) | 26110 | 15 | 08:59 | 17:44 | | | 8:45 | 8.75 |
| Nov 18, 2018 (Sun) | 26110 | 15 | 08:52 | 12:29 | | | 5:38 | 5.63 |
| | 26110 | 15 | 12:59 | 15:00 | | | | |
| Nov 19, 2018 (Mon) | 26110 | 15 | 16:57 | 00:51 | | | 7:54 | 7.90 |
| Nov 20, 2018 (Tue) | 26110 | 15 | 16:59 | 02:35 | | | 9:36 | 9.60 |
| Nov 21, 2018 (Wed) | 26110 | 15 | 16:54 | 00:48 | | | 7:54 | 7.90 |
| Nov 23, 2018 (Fri) | 26110 | 15 | 10:47 | 14:46 | | | 7:18 | 7.30 |
| | 26110 | 15 | 15:16 | 18:35 | | | | |
| Nov 25, 2018 (Sun) | 26110 | 15 | 11:04 | 17:13 | | | 6:09 | 6.15 |
| Nov 26, 2018 (Mon) | 26110 | 15 | 16:52 | 00:34 | | | 7:42 | 7.70 |
| Nov 27, 2018 (Tue) | 26110 | 15 | 16:59 | 00:28 | | | 7:29 | 7.48 |
| Nov 28, 2018 (Wed) | 26110 | 15 | 17:01 | 00:27 | | | 7:26 | 7.43 |
| Nov 29, 2018 (Thu) | 26110 | 15 | 17:02 | 01:04 | | | 8:02 | 8.03 |
| Dec 02, 2018 (Sun) | 26110 | 15 | 08:50 | 17:30 | | | 8:40 | 8.67 |
| Dec 03, 2018 (Mon) | 26110 | 15 | 16:56 | 00:51 | | | 7:55 | 7.92 |
| Dec 04, 2018 (Tue) | 26110 | 15 | 16:59 | 00:45 | | | 7:46 | 7.77 |
| Dec 05, 2018 (Wed) | 26110 | 15 | 17:06 | 22:27 | | | 7:04 | 7.07 |
| | 26110 | 15 | 23:03 | 00:46 | | | | |
| Dec 06, 2018 (Thu) | 26110 | 15 | 16:03 | 01:02 | | | 8:59 | 8.98 |
| Dec 10, 2018 (Mon) | 26110 | 15 | 17:01 | 00:40 | | | 7:39 | 7.65 |
| Dec 11, 2018 (Tue) | 26110 | 15 | 17:04 | 00:41 | | | 7:37 | 7.62 |
| Dec 12, 2018 (Wed) | 26110 | 15 | 17:08 | 01:04 | | | 7:56 | 7.93 |
| Dec 13, 2018 (Thu) | 26110 | 15 | 17:41 | 01:02 | | | 7:21 | 7.35 |
| Dec 16, 2018 (Sun) | 26110 | 15 | 09:30 | 18:08 | | | 8:38 | 8.63 |
| Dec 17, 2018 (Mon) | 26110 | 15 | 16:20 | 00:29 | | | 8:09 | 8.15 |
| Dec 18, 2018 (Tue) | 26110 | 15 | 16:52 | 00:52 | | | 8:00 | 8.00 |
| Dec 21, 2018 (Fri) | 26110 | 15 | 17:00 | 00:54 | | | 7:54 | 7.90 |
| Dec 22, 2018 (Sat) | 26110 | 15 | 17:08 | 00:40 | | | 7:32 | 7.53 |
| Dec 23, 2018 (Sun) | 26110 | 15 | 11:32 | 20:18 | | | 8:46 | 8.77 |
| Dec 24, 2018 (Mon) | 26110 | 15 | 12:05 | 21:01 | | | 8:56 | 8.93 |
| Dec 26, 2018 (Wed) | 26110 | 15 | 16:58 | 00:45 | | | 7:47 | 7.78 |
| Dec 27, 2018 (Thu) | 26110 | 15 | 17:00 | 01:20 | | | 8:20 | 8.33 |
| Dec 30, 2018 (Sun) | 26110 | 15 | 12:10 | 16:02 | | | 7:05 | 7.08 |
| | 26110 | 15 | 16:33 | 19:46 | | | | |
| Dec 31, 2018 (Mon) | 26110 | 15 | 17:29 | 01:06 | | | 7:37 | 7.62 |

EXHIBIT 3

BOSELLI 000083

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY<br>STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601<br><br>**PLAINTIFF:**  ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:**  BOSELLI INVESTMENTS LLC | |
| | Δ    COURT USE ONLY    Δ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, CO 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 2775<br>HOOD LAW OFFICES, PLLC<br>Post Office Box 24753<br>Silverthorne, Colorado 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number: 2020CV031368<br><br><br><br>Ctrm/Div:  C |
| **SUPPLEMENTAL DECLARATION OF BRIAN GONZALES** | |

I, Brian Gonzales, in accordance with the requirements of C.R.S. §13-27-101, *et seq.,* hereby declare:

1.      I am over the age of 18 and am competent to make the statements contained herein.

2.      On June 7, 2022, pursuant to this Court's October 15, 2021 order, Defendant produced timekeeping records for 673 of its current and former employees.  The information was

EXHIBIT 4

voluminous amounting to over 132,000 individual lines of data.

3.      Defendant's raw timekeeping records are available for examination or copying, or both, by other parties at a reasonable time and place and can be filed at the Court's request.

4.      Using these records, Plaintiff's Counsel created the C.R.E. 1006 summary attached hereto.

5.      The records contained punch data for rest and meal breaks taken.

6.      Plaintiff's Counsel applied the rules for rest and meal periods to determine the total amount of rest and meal periods breaks that should have been provided. See C.C.R. § 1103-1 at 5 ("10-minute rest period for each 4 hours of work, or major fractions thereof" and "duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours.")

7.      Plaintiff's Counsel found the historic Colorado minimum wages for the time periods represented by the timekeeping records on the Colorado Department of Labor and Employment website, https://cdle.colorado.gov/wage-and-hour-law/minimum-wage

8.      The records show $362,946.02 in missed break time.  The records also show that employees missed 65% to 75% of their breaks from October 2014 to June 2022.

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on July 22, 2022 in Timnath, Colorado.

_____
(Signature)

EXHIBIT 4

**Table 1. Missed Rest Breaks**

| Years From Filing Date | Start Date | End Date | Days in Filing Year | Proportion of Filing Year | Number of Shifts | Average Hourly Wage Rate During Interval | Number of Rest Breaks Earned During Filing Year | Number of Missed Rest Breaks Owed to Class During Filing Year | Percentage of Earned Rest Breaks That Are Missed | Average Missed Rest Breaks Owed Per Shift | Hours of Missed Rest Break Time Owed | Value of Missed Rest Breaks Owed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 10/27/2021 | 6/30/2022 | 247 | 0.67671 | 7,290 | $ 12.50 | 11,601 | 8,675 | 74.78% | 1.190 | 1,445.80 | $ 18,066.48 |
| 1 | 10/27/2020 | 10/26/2021 | 365 | 1.00000 | 10,772 | $ 12.26 | 17,143 | 12,819 | 74.78% | 1.190 | 2,136.50 | 26,198.06 |
| -1 | 10/27/2019 | 10/26/2020 | 366 | 1.00000 | 10,772 | $ 11.77 | 17,143 | 12,819 | 74.78% | 1.190 | 2,136.50 | 25,140.30 |
| -2 | 10/27/2018 | 10/26/2019 | 365 | 1.00000 | 21,615 | $ 10.92 | 34,398 | 25,052 | 72.83% | 1.159 | 4,175.33 | 45,649.90 |
| -3 | 10/27/2017 | 10/26/2018 | 365 | 1.00000 | 26,354 | $ 10.02 | 40,837 | 27,273 | 66.79% | 1.035 | 4,545.50 | 45,492.00 |
| -4 | 10/27/2016 | 10/25/2017 | 364 | 0.99726 | 26,282 | $ 9.12 | 40,725 | 27,198 | 66.79% | 1.035 | 4,533.05 | 41,343.63 |
| -5 | 10/27/2015 | 10/26/2016 | 366 | 1.00000 | 26,354 | $ 8.30 | 40,837 | 27,273 | 66.79% | 1.035 | 4,545.50 | 37,707.53 |
| -6 | 10/27/2014 | 10/26/2015 | 365 | 1.00000 | 26,354 | $ 8.19 | 40,837 | 27,273 | 66.79% | 1.035 | 4,545.50 | 37,220.42 |
| **TOTAL** | | | | | **155,792** | | | **168,382** | | | **28,064** | **$276,818.31** |

**Table 2. Missed Meal Breaks**

| Years From Filing Date | Start Date | End Date | Days in Filing Year | Proportion of Filing Year | Number of Shifts | Average Hourly Wage Rate During Interval | Number of Meal Breaks Earned During Filing Year | Number of Missed Meal Breaks Owed to Class During Filing Year | Percentage of Earned Meal Breaks That Are Missed | Average Missed Meal Breaks Owed Per Shift | Hours of Missed Meal Break Time Owed | Value of Missed Meal Breaks Owed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | 10/27/2021 | 6/30/2022 | 247 | 0.67671 | 7,290 | $ 12.50 | 5,480 | 976 | 17.81% | 0.134 | 487.91 | $ 6,096.86 |
| 1 | 10/27/2020 | 10/26/2021 | 365 | 1.00000 | 10,772 | $ 12.26 | 8,098 | 1,442 | 17.81% | 0.134 | 721.00 | 8,841.00 |
| -1 | 10/27/2019 | 10/26/2020 | 366 | 1.00000 | 10,772 | $ 11.77 | 8,098 | 1,442 | 17.81% | 0.134 | 721.00 | 8,473.35 |
| -2 | 10/27/2018 | 10/26/2019 | 365 | 1.00000 | 21,615 | $ 10.92 | 16,305 | 2,664 | 16.34% | 0.123 | 1,332.00 | 14,556.15 |
| -3 | 10/27/2017 | 10/26/2018 | 365 | 1.00000 | 26,354 | $ 10.02 | 19,506 | 2,706 | 13.87% | 0.103 | 1,353.00 | 13,551.30 |
| -4 | 10/27/2016 | 10/25/2017 | 364 | 0.99726 | 26,282 | $ 9.12 | 19,453 | 2,699 | 13.87% | 0.103 | 1,349.29 | 12,306.22 |
| -5 | 10/27/2015 | 10/26/2016 | 366 | 1.00000 | 26,354 | $ 8.30 | 19,506 | 2,706 | 13.87% | 0.103 | 1,353.00 | 11,223.91 |
| -6 | 10/27/2014 | 10/26/2015 | 365 | 1.00000 | 26,354 | $ 8.19 | 19,506 | 2,706 | 13.87% | 0.103 | 1,353.00 | 11,078.92 |
| **TOTAL** | | | | | **155,792** | | | **17,340** | | | **8,670** | **$86,127.71** |

EXHIBIT 4

# EXHIBIT 10

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY<br>STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601<br><br>**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** BOSELLI INVESTMENTS LLC | |
| | ☐      COURT USE ONLY      ☐ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 2775<br>HOOD LAW OFFICES, PLLC<br>Post Office Box 24753<br>Silverthorne, Colorado 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number:  2020CV031368<br><br>Div.: C |

## PLAINTIFF'S NOTICE OF ERRATA REGARDING REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

On June 22, 2022, Plaintiff filed her *Reply in Support of Motion for Class Certification* (the "Reply"). Attached as Exhibit 4 to the Reply was the *Supplemental Declaration of Brian Gonzales* (the "Declaration"). After filing the Reply, and after conferral, Plaintiff became aware that Defendant contests certain aspects the wage calculations attached to the Declaration.

1

In particular, rather than summarizing just the time records provided by Defendant, which only related to the time period from October 27, 2017 to October 26, 2020, the wage calculations extrapolated from that data to encompass a longer time period - October 27, 2014 to June 30, 2022. This extrapolation reflected the entire potential limitations period in this matter. Defendant believes the extrapolation requires assumptions that are improper in a CRE 1006 summary. Plaintiff does not necessarily agree, but nevertheless submits this errata to remove any extrapolated data because the extrapolation is unnecessary to support Plaintiff's argument, *i.e.*, that the sample timekeeping shows frequent and regular missed breaks (depending on the year, 65% to 75% breaks missed of all potential breaks for the sample) and significant unpaid wages ($152,863 for the sample).

Respectfully submitted 26th day of July 2022.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on 26th day of July 2022, a true and correct copy of the foregoing **PLAINTIFF'S NOTICE OF ERRATA REGARDING REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** was served electronically upon all counsel of record.

*s/Brian D. Gonzales*

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY<br>STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601<br><br>**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** BOSELLI INVESTMENTS LLC | |
| | Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, CO 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 2775<br>HOOD LAW OFFICES, PLLC<br>Post Office Box 24753<br>Silverthorne, Colorado 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number: 2020CV031368<br><br><br><br>Ctrm/Div: C |
| **SUPPLEMENTAL DECLARATION OF BRIAN GONZALES** | |

I, Brian Gonzales, in accordance with the requirements of C.R.S. §13-27-101, *et seq.,* hereby declare:

1.      I am over the age of 18 and am competent to make the statements contained herein.

2.      On June 7, 2022, pursuant to this Court's October 15, 2021 order, Defendant produced timekeeping records for 673 of its current and former employees.  The information was

voluminous amounting to over 132,000 individual lines of data.

3.     Defendant's raw timekeeping records are available for examination or copying, or both, by other parties at a reasonable time and place and can be filed at the Court's request.

4.     Using these records, Plaintiff's Counsel created the C.R.E. 1006 summary attached hereto.

5.     The records contained punch data for rest and meal breaks taken.

6.     Plaintiff's Counsel applied the rules for rest and meal periods to determine the total amount of rest and meal periods breaks that should have been provided. See C.C.R. § 1103-1 at 5 ("10-minute rest period for each 4 hours of work, or major fractions thereof" and "duty-free meal period of at least a 30-minute duration when the shift exceeds 5 consecutive hours.")

7.     Plaintiff's Counsel found the historic Colorado minimum wages for the time periods represented by the timekeeping records on the Colorado Department of Labor and Employment website, https://cdle.colorado.gov/wage-and-hour-law/minimum-wage

8.     The records show $152,863 in missed break time.  The records also show that employees missed 65% to 75% of their breaks from October 2017 to October 2020.

I declare under penalty of perjury under the law of Colorado that the foregoing is true and correct.

Executed on July 25, 2022 in Timnath, Colorado.

_____

(Signature)

| Table 1. Missed Rest Breaks | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Years From Filing Date | Start Date | End Date | Days in Filing Year | Proportion of Filing Year | Number of Shifts | Average Hourly Wage Rate During Interval | Number of Rest Breaks Earned During Filing Year | Number of Missed Rest Breaks Owed to Class During Filing Year | Percentage of Earned Rest Breaks That Are Missed | Average Missed Rest Breaks Owed Per Shift | Hours of Missed Rest Break Time Owed | Value of Missed Rest Breaks Owed |
| -1 | 10/27/2019 | 10/26/2020 | 366 | 1.00000 | 10,772 | $ 11.77 | 17,143 | 12,819 | 74.78% | 1.190 | 2,136.50 | $ 25,140.30 |
| -2 | 10/27/2018 | 10/26/2019 | 365 | 1.00000 | 21,615 | $ 10.92 | 34,398 | 25,052 | 72.83% | 1.159 | 4,175.33 | $ 45,649.90 |
| -3 | 10/27/2017 | 10/26/2018 | 365 | 1.00000 | 26,354 | $ 10.02 | 40,837 | 27,273 | 66.79% | 1.035 | 4,545.50 | $ 45,492.00 |
| TOTAL | | | | | 58,741 | | | 65,144 | | | 10,857 | $116,282.20 |

| Table 2. Missed Meal Breaks | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Years From Filing Date | Start Date | End Date | Days in Filing Year | Proportion of Filing Year | Number of Shifts | Average Hourly Wage Rate During Interval | Number of Meal Breaks Earned During Filing Year | Number of Missed Meal Breaks Owed to Class During Filing Year | Percentage of Earned Meal Breaks That Are Missed | Average Missed Meal Breaks Owed Per Shift | Hours of Missed Meal Break Time Owed | Value of Missed Meal Breaks Owed |
| -1 | 10/27/2019 | 10/26/2020 | 366 | 1.00000 | 10,772 | $ 11.77 | 8,098 | 1,442 | 17.81% | 0.134 | 721.00 | $ 8,473.35 |
| -2 | 10/27/2018 | 10/26/2019 | 365 | 1.00000 | 21,615 | $ 10.92 | 16,305 | 2,664 | 16.34% | 0.123 | 1,332.00 | $ 14,556.15 |
| -3 | 10/27/2017 | 10/26/2018 | 365 | 1.00000 | 26,354 | $ 10.02 | 19,506 | 2,706 | 13.87% | 0.103 | 1,353.00 | $ 13,551.30 |
| TOTAL | | | | | 58,741 | | | 6,812 | | | 3,406.00 | $36,580.80 |

# EXHIBIT 11

| | |
|---|---|
| DISTRICT COURT,<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: August 3, 2022 1:08 PM<br>FILING ID: 293397DA81F5D<br>CASE NUMBER: 2020CV31368 |
| PLAINTIFF: ANA RODRIGUEZ, individually and on behalf of all similarly situated persons<br><br>v.<br><br>DEFENDANTS:  BOSELLI  INVESTMENTS  LLC; and DON ANTHONY BOSELLI | ▲  COURT USE ONLY  ▲ |
| Attorneys for Defendants:<br>Micah D. Dawson, #48263<br>Jeffrey H. McClelland, #45114<br>Patrick J. Collopy, #56126<br>1125 17th Street, Suite 2400<br>Denver, CO  80202<br>Telephone:  303-218-3650<br>Fax:  303-218-3651<br>mdawson@fisherphilips.com<br>jmcclelland@fisherphillips.com<br>pcollopy@fisherphillips.com | Case Number:2020CV031368<br><br>Ctrm/Div: C |
| **MOTION TO EXCLUDE NEW EVIDENCE AND ARGUMENTS IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** | |

Defendant Boselli Investments LLC ("Defendant"), through its undersigned counsel, hereby moves the Court for an order excluding the new evidence and arguments Plaintiff Ana Rodriguez ("Plaintiff") improperly introduced with and in her Reply in Support of Motion for Class Certification (the "Reply") or, in the alternative, for an order granting Defendant leave to file a sur-reply.

## INTRODUCTION

In this putative class action, Plaintiff asks this Court to certify a sweeping class of crew members and managers at 13 different restaurants, and create new law incorporating automatic

1

penalties, while flipping the standard and the burden under class certification on its head so that Defendant would have the burden to show that class certification is unwarranted under the facts and law.  Plaintiff makes this bold ask even though Defendant's break policies are lawful and she has mustered no admissible evidence to rebut this and other dispositive facts, much less to carry *her burden* to prove all elements required for class certification. As a result, she has been forced to engage in an evidentiary shell-game, submitting an inadmissible sham "summary" and amended sham summary, both created by her *own lawyer* (the "Gonzales Declarations"), in an attempt to carry her evidentiary burden in her Certification Motion.  As explained in more detail below, Plaintiff has submitted these "summaries" and declarations on reply[1] as the <u>sole</u> evidentiary support for several of the critical Rule 23 requirements for certification despite the fact the summary is nothing more than attorney arguments designed to circumvent Plaintiff's class certification requirements.

It is abundantly clear why Plaintiff is trying to make an end-run around black-letter law prohibiting her from trying to do so – because Plaintiff knows she abjectly failed to meet her burden of establishing of all requirements of Colorado Rule of Civil Procedure 23 to obtain class certification.  Accordingly, Defendant respectfully requests that the Court: (a) disregard and exclude the Gonzales Declarations, all statements in the Certification Motion that rely on the sham summaries and Gonzales Declarations for their sole evidentiary support; (b) disregard and exclude any new evidence submitted for the first time with Plaintiff's Reply; and (c) deny Plaintiff's

---

[1] Plaintiff erroneously and desperately attempts to <u>create</u> and introduce this new evidence (as well provide her own time records that she did not include with her original Certification Motion *<u>despite</u>* having such records, and using such records, during discovery in 2021) and raise new arguments in her Reply to support her fatally flawed Motion for Class Certification (the "Certification Motion").

Certification Motion, which finds its sole "evidentiary support" in the false and inadmissible attorney opinion statements included in the Reply.

## **Background**

In this putative class action, Plaintiff falsely claims that Defendant's break policies are unlawful.  Based on this account of her experience—since proven demonstrably false by her own deposition testimony and other undisputed evidence discussed in Defendant's motion for summary judgment—Plaintiff brings statewide class claims, alleging that every one of Defendant's 13 restaurants had unlawful policies and practices for a six-year class period.  Plaintiff used these false and baseless allegations to open class-wide discovery, which ran for over a year.  Other than forcing Defendant to spend significant sums producing vast data, Plaintiff engaged in virtually no discovery.  She issued only a handful of interrogatories and requests for production and deposed only one person – whom, despite Plaintiff's wishes, testified that employees <u>were not</u> required to punch in and out for every break.

Notwithstanding Plaintiff's lack of basis for her own individual claim and lack of knowledge about her wildly speculative class allegations, Plaintiff filed a motion seeking to certify a single class asserting wage and hour violations at all of Defendant's restaurants in Colorado for a six-year period.  Given Plaintiff's total lack of diligence in discovery, she filed her Certification Motion without any factual support and was forced to submit the First Gonzales Declaration, on reply, as her sole support for the elements of her Certification Motion.

The First Gonzales Declaration, signed under penalty of perjury but pursuant to the "Uniform Unsworn Declarations Act", purported to summarize ***six*** years of data, despite the fact

Defendant had only produced three years of data pursuant to this Court's Order.[2]   The First Gonzales Declaration attaches two tables that Plaintiff's counsel "created" themselves that purport to show a monetary value of alleged missed break time.   After conferral, Plaintiff's counsel filed a second "Supplemental" Declaration, **admitting** that "*rather than summarizing just the time records provided by Defendant*, which only related to the time period from October 27, 2017 to October 26, 2020, the *wage calculations extrapolated from that data* to encompass a longer time period - October 27, 2014 to June 30, 2022."  (emphasis added).

Unbelievably, the Second Gonzales Declaration then offers analysis based on Plaintiff's counsel's review of the recalculated, recontextualized data **without** providing any background or metrics as to how the supposed calculations were created.   While Plaintiff's counsel vaguely asserts that the Second Supplemental Declaration somehow fixes this issue, they do not address the fact that the "Summary" provided to the Court still includes filtered and manipulated data as well as unfounded and unsupported assertions.   For example, the Gonzales Summaries purport to analyze the data contained therein and offer testimony regarding Plaintiff's counsel's analysis that employees "missed" breaks.   Similarly, Mr. Gonzales purports to analyze and summarize data in accordance with 7 Colo. Code Regs. 1103-1, using standards that were not promulgated until 2020

---

[2] The Gonzales Declarations also leave out pertinent background regarding the timing of the production of records. Simply, after the Court's October 15, 2021 Order Defendant began the collection of contact information for hundreds of employees and hundreds of thousands of corresponding time records.  After Plaintiff's deposition on October 21, 2021, the parties began discussing the possibility of mediation.  On November 4, 2021, the Parties conferred about mediation and during that conferral Defendant's counsel informed Plaintiff's counsel that the collection of documents was ongoing and substantial.  Given the Parties were agreeing to a stay and mediation, Plaintiff's counsel informed Defendant's counsel that it acceptable to focus on collecting and providing records that would be useful for mediation and that Defendant could hold off on the collection/production of the contact information/time records given the contemplated stay.  On May 19, 2022, within an hour of the mediation ending, and for the first time since the stipulated stay Plaintiff's counsel requested that the contact information and time records be produced.  Despite the ongoing stay, Defendant agreed to immediately finish the collecting and production of the information prior to Plaintiff's deadline to file her Certification Motion.

and are not applicable to Plaintiff's employment that ended in 2019. The Second Gonzales Declaration purports to authenticate, lay a foundation for, and offer testimony about a calculation process that is not described nor provided to the Court or Defendant.

Thus, in addition to lacking any foundation, the Second Gonzales Declaration confirms that the First Gonzales Declaration—and the entirety of Mr. Gonzales's "testimony" in this case—is argumentative, patently unreliable, and that class certification must be denied.

## ARGUMENT

I. **Plaintiff's Counsel's Attempt To Justify A Class Action Based Solely On Their Own "Summary" Of Evidence Based On Inferences, Opinions, and Arguments is Improper Under C.R.E. 1006(3).**

Colorado case law has established that in order to be admissible under C.R.E. 1006[3] the following requirements must be met: "…the proponent of the summary evidence must (1) identify the documents underlying the summary and show them to be voluminous; (2) establish that the underlying documents are otherwise admissible evidence; (3) provide the other party with a copy of the summary in advance of its use; and (4) provide 'the opposing party with a reasonable time and place for examination of the available documents underlying such summary.'" C.R.E. 1006. *See*, *e.g.*, *U.S. Welding, Inc. v. B & C Steel, Inc.,* 261 P.3d 513, 517 (Colo. App. 2011) (citing to *People v. McDonald,* 15 P.3d 788, 790 (Colo. App,. 2000)).

Rule 1006 permits simple calculations, not interpretations of data or complex calculations that normally would be run by an expert. *Compare State Office Systems, Inc. v. Olivetti Corp. of Am.,* 762 F.2d 843, 845-46 (10th Cir. 1985) (holding that a witness's calculations of future lost profits were "not legitimately admissible as summaries under Rule 1006" as they were

---

[3] C.R.E. 1006 is substantially the same as Fed. R. Evid. 1006, and the Colorado Supreme Court has therefore held that federal case law interpreting Fed. R. Evid. 1006 is helpful in interpreting C.R.E. 1006. *Murray v. Just In Case Bus. Lighthouse, LLC,* 374 P.3d 443, 457 n.13, *as modified on denial of reh'g* (July 18, 2016)

"interpretations" of the data and "not a simple compilation of voluminous records," and concluding that the calculations were properly deemed "opinion testimony"); with, *Bryant v. Farmers Ins. Exch.,* 432 F.3d 1114, 1124 (10th Cir. 2005) (observing that it was proper to use a summary witness under Rule 1006 to present "a simple average of 103 numbers" because taking an average "is not so complex a task that litigants need to hire experts in order to deem the evidence trustworthy").  The Colorado Supreme Court has similarly recognized that, "under CRE 1006, trial courts abuse their discretion when they admit summary charts that characterize evidence in an argumentative fashion rather than simply organize it in a manner helpful to the trier of fact. *Murray*, 374 P.3d at 456 (emphasis added).[4]  Thus, a summary is inadmissible under Rule 1006 when it is "'embellished by or annotated with **the conclusions of or inferences drawn by the proponent**." *Id.* at 457 (emphasis added) (quoting *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998)).

> ### A. Plaintiff's Counsel's "Summary" Is Simply A Hypothetical Damages Calculation Under A Different Title And Includes Numerous, Inappropriate, Assumptions That Make It Inadequate Under C.R.E. 1006 Because It Is Argumentative In Nature.

Here, it is undisputed that Plaintiff has presented the Court with a "summary" that is replete with inferences, opinions, and arguments by counsel.  Plaintiff does so, ostensibly, to ensure her

---

[4] The Rule 1006 summary the *Murray* Court aptly illustrates the type of summary – like Plaintiff's counsel's "summaries" offered through the Gonzales Declarations – that is plainly inadmissible under Rule 1006.  The *Murray* Court held that the summary exhibit "cannot be characterized as neutral because it used the titles 'Things Mahoney Knew' and 'Things Mahoney Did NOT Know.' These titles characterized the evidence in an argumentative fashion, rendering Exhibit 1.1 a demonstrative device that should not have been admitted as evidence. **The chart's headings attempted to persuade the jury to assign more weight to certain evidence and reach particular conclusions. Sumner offered Exhibit 1.1 not merely to aid the jury in understanding the events leading up to the case, but to persuade the jury of an ultimate issue—that Mahoney was unaware that Epic was planning to purchase Pearl when he agreed to terminate JIC's and Pearl's agreement.** For this reason, the trial court abused its discretion in admitting Exhibit 1.1 as evidence under CRE 1006." *Id.* at 458.  As further explained in this motion, Plaintiff's "summaries" contained in the Gonzales Declarations do far more than just use argumentative titles in an attempt to persuade the Court on a critical issue for her Certification Motion.  Rather, these "summaries" are based entirely on Plaintiff's Counsel's improper conclusions of or inferences drawn by her by way of her own counsel's unreliable analysis.

6

and her counsel's own self-serving assumptions are clear.  While Plaintiff claims these are simply a summary of the raw data, that is a farce, as the supposed "summary" raises numerous argumentative positions, including, but not limited to:

- Plaintiff's Counsel implies that he can summarize purported "missed breaks," without any evidence that employees were not *authorized and permitted* to take rest breaks, or that they actually missed any rest breaks.  Again, Colorado law expressly requires employers only to *authorize and permit* rest breaks, but nothing in the law states that employers must force employees to take these breaks or force them to clock in and out.  (Colo. Dep't of Labor & Employment, Div. of Labor Standards & Statistics Interpretive Notice & Formal Opinion ("INFO") #4, p.2 ("Employers must authorize and permit their employees to take all required rest periods.  This does not mean that employees must actually have a rest period, if they choose to keep working") and nn. 5 & 6.)  Ignoring these facts, the summary compiled by Plaintiff's counsel attempts to draw an incorrect causal connection between the time records and rest/meal breaks definitively missed.   However, as shown in Defendant's 30(b)(6) deposition, and by the employee declarations presented by Defendant in its Opposition to Plaintiff's Motion for Class Certification, it is common for workers to neglect to record every single rest or meal break for a multitude of reasons which would undoubtedly affect the accuracy of the time records.

- Plaintiff's counsel claims to have applied unidentified "rules" for rest and meal breaks to the time records which are not applicable under the law, e.g., Mr. Gonzales purports to analyze and summarize data in accordance with 7 Colo. Code Regs. 1103-1, using standards that were not articulated until 2020 and are not applicable to Plaintiff's employment that ended in 2019.

- The "Summary" attaches a supposed "value" to meal breaks, despite there being absolutely **zero** evidence, or legal support, for any damages being allocated to Plaintiff's trojan horse of a meal break claim.

- By stating that she is providing a summary of the "findings," Plaintiff attempts to convince the Court that her summary is conclusive when in actuality it is both conclusory and erroneous.[5]

If Plaintiff intended for her counsel to offer quasi-expert testimony, then counsel should

---

[5] *See, e.g., United States ex rel. Baker v. Cmty. Health Sys.*, No. 05-279-WJ/ACT (10th Cir., 2013) (stating that to comply with F.R.E. 1006 a demonstrative chart must accurately reflect the underlying records) (citing to *Silva v. Goodwill Indus. Of NM*, 210 F.3d 390 (10th Cir., 2000) (affirming summary judgment for defendant and exclusion of summary exhibit under FRE 1006, stating "to be admissible, '[s]ummaries must be accurate and nonprejudicial'")).

FP 44564948.6

have been disclosed as an expert, which, among other things, would have provided Defendant the opportunity to submit a rebuttal report and depose him and understand what these supposed "summaries" are based on.  Plaintiff instead chose not to disclose any experts, nor provide any admissible evidence, yet now seeks to use her own lawyer to introduce sweeping, baseless opinions that rest on a series of faulty assumptions that are conclusively rebutted in the record evidence, including the 30(b)(6) testimony and the Declarations provided by declarants with years of personal knowledge in a variety of capacities as employees of Defendant's restaurants.  The Rules of Evidence prohibit this improper gamesmanship and the Gonzales Declarations and Summaries therefore should be excluded.

### B.  Plaintiff's Counsel's Summary Is Inadmissible And Should Be Stricken

#### 1. Plaintiff's Counsel Has Not Laid Any Foundation To Establish He Is Qualified To Offer The "Summaries."

For evidence to be admitted pursuant to Rule 1006, the underlying documents must be admissible.  "While '[t]he materials upon which the summary is based need not themselves be admitted into evidence [,] ... [a]dmission of summaries, however, is conditioned on the requirement that the evidence upon which they are based, if not admitted, must be admissible.'"  *United States v. Schuler,* 458 F.3d 1148, 1154 (10th Cir. 2006) (quoting *United States v. Samaniego,* 187 F.3d 1222, 1223 (10th Cir. 1999)).   A Rule 1006 summary must also be "based on foundation testimony connecting it with the underlying evidence summarized [.]"  *Fagiola v. Nat'l Gypsum Co.*, 906 F.2d 53, 57 (2d Cir. 1990).   A proper foundation for such a summary can be laid through the testimony of the witness who supervised preparation of the exhibit.  *U.S. v. Behrens*, 689 F.2d 154, (10th Cir. 1982).  Testimony from the preparer of the summary usually is required to establish the

foundational facts necessary to establish relevance and authentication.  *State Office Sys. v. Olivetti Corp.*, 762 F.2d 843, 845 (10th Cir.1985).

Here, Plaintiff's counsel has not laid an adequate foundation, based on personal knowledge, for the alleged Rule 1006 summaries that are included in the Reply.

**2. The Advocate-Witness Rule prevents Mr. Gonzales from testifying about the Summaries.**

The rule against a lawyer testifying in his or her client's case also prevents Mr. Gonzales from offering the Gonzales Declarations and "summaries" contained therein as evidence.  Colo. R. Prof. Conduct 3.7.  R.P.C. 3.7 explicitly states that an attorney cannot act as an advocate in a trial where they are likely to be a witness except under certain limited exceptions, none of which apply here.  *See, e.g., Williams v. District Court, El Paso County*, 700 P.2d 549 (Colo., 1985) ("The duty of the lawyer as an advocate is to represent his client 'zealously within the bounds of the law' (citation omitted).  The responsibility of a witness, on the other hand, is to testify objectively to facts within the witness' knowledge.  A lawyer who intermingles the functions of advocate and witness diminishes his effectiveness in both roles.").  *See also, e.g., People v. Garcia*, 698 P.2d 801 (Colo. 1985) ("The basic reason for the limitation is to protect the integrity of the adversary process by separating the lawyer's role as an advocate from that of a witness."). These undeniable concerns make clear that permitting Mr. Gonzales to offer testimony on the summaries would prejudice the adjudicatory process by allowing Plaintiff to bolster her arguments with the extra credibility sworn testimony provides.  Accordingly, the Summaries and Mr. Gonzales' testimony in connection with them must be excluded.

Similarly, by submitting a summary that was compiled by Plaintiff's counsel himself, she is also in violation of C.R.E. 701 and 702 regarding opinion testimony by lay witnesses and expert

opinions.  C.R.E. 701, 702.  First, Rules 701 and 702 are intertwined in providing that a lay witness offering opinion testimony cannot do so if it falls within the scope of knowledge of Rule 702, governing expert testimony.  Here, Plaintiff's counsel has attempted to, as a lay witness, offer what constitutes expert testimony in clear violation of Rules 701 and 702.  Second, Plaintiff's summary fails to meet both prongs of the test for Rule 702 in the Tenth Circuit.  *See, e.g., U.S. v. Crabbe*, 556 F. Supp. 2d 1217 (D. Colo., 2008) ("In the 10th Circuit, the Rule 702 analysis has two steps: first, the Court determines whether the expert is qualified to render the proffered opinion, and second, the Court examines whether the opinion itself is reliable") (citing to *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir., 2006)).  Setting aside the fact that Plaintiff's counsel does not even constitute an expert, the summaries Mr. Gonzales has provided (which falls under Rule 702's expert testimony criteria) fatally fails both prongs of the aforementioned established test.  In addition, the manner in which Plaintiff's counsel has applied rules and laws to the data, not in line with the requirements under Colorado employment laws, renders the data unusable to the Court and as such the Court should not take Plaintiff's summary into consideration.

### C. Plaintiff's Summary is Inadmissible under C.R.E. 1006 Because It Is Unreliable.

Finally, Plaintiff has offered what is essentially an "expert summary" that has not been prepared nor analyzed by an expert on the subject and, for the same reasons stated in *Water Pik, Inc. v. Med-Systems, Inc.*, 2012 WL 27596 (D. Colo. Jan. 5, 2012), the Court should strike the summary.  *See id.* at *2-5 (disallowing testimony purportedly admissible under Fed. R. Evid. 1006 because it was improper expert opinion testimony in guise of Rule 1006 summary and such expert was not timely disclosed, would undermine defendant's litigation strategy, prejudice the Court, and disrupt the trial).  Plaintiff's counsel, which prepared the summary, is neither academically nor experientially qualified to compile such a summary of the timekeeping data.  Further,

Plaintiff's counsel is not a party that can objectively analyze and compile the data into an accurate representation of the records.  Not only is Mr. Gonzales unqualified to compile such a summary, but after doing so Plaintiff's counsel offers no explanation as to how Mr. Gonzales reached the "totals" he did.  Simply put, Plaintiff's counsel has not shown his disguised expert analysis work on behalf of his own client, even in the slightest manner, and as such has failed to supply the Court or Defendant with an explanation that would help make heads or tails of the conclusory allegations Mr. Gonzales makes.

In addition, as mentioned above, the summary that Plaintiff has presented makes unsubstantiated allegations regarding rest and meal breaks, which as well as being argumentative, can also be characterized as being patently unreliable.  *See, e.g., Daniel v. Ben E. Keith Co.*, 97 F.3d 1329 (10th Cir. 1996) ("Summaries must be accurate and nonprejudicial.  Summaries not offered as evidence should be used only with a limiting instruction stating that the summary itself is not evidence") (citing to *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir. 1986)); *Murray*, 374 P.3d at 457 (summary is inadmissible under Rule 1006 when it is "'embellished by or annotated with the conclusions of or inferences drawn by the proponent'").

In the end, because the summary has been prepared by Plaintiff's counsel instead of a qualified expert, the Court cannot rely on the "values" alleged by Plaintiff and the summary is should be excluded.

## II.    Plaintiff Did Not Carry Her Burden of Establishing Any Of The Requirements Of C.R.C.P. 23 And The Court Should Strike Her Attempt To Do So on Reply

Courts have repeatedly affirmed that a party cannot satisfy its burden in a class certification motion by introducing new evidence on reply.  *See, e.g., Bennett v. Sprint Nextel Corp.*, No. 09-2122-EFM, 2013 WL 1197124, at *2 (10th Cir., 2013) ("[c]ourts are especially prone to reject expert testimony presented for the first time in a reply brief when the presenting party carries the

original burden of proof") (citing to *In re Taco Bell Wage & Hour Actions*, No. 1:07-cv-01314-OWW-DLB, 2011 WL 4479730, at *7 (E.D. Cal., 2011) (refusing to consider an expert declaration in plaintiffs' reply in support of class certification because "[n]ew evidence or analysis presented for the first time in a reply will not be considered")).  Legal precedent in Colorado has established that new evidence and legal arguments on Reply will not and should not be considered.

In her Certification Motion, Plaintiff's abject failure to satisfy the requirements outlined in C.R.C.P. 23 is readily apparent and her new attempt to satisfy them in her reply should accordingly be stricken by the Court.  In her opening motion, Plaintiff simply proposed a class of thousands of potential members but did not offer any evidence to substantiate her unfounded numerosity claims.  Similarly, Plaintiff failed to satisfy *any* of the requirements of C.R.C.P. 23 and instead made allegations without offering evidence in support.  Regarding the commonality requirement, Plaintiff simply stated "The number of these missed breaks – as well as any resulting damages – can be mathematically calculated from computerized payroll records," but Plaintiff failed to offer any evidence in support of this allegation.  With respect to the predominance requirement of C.R.C.P. 23, Plaintiff again relied on Defendant's payroll records to establish liability and damages on behalf of the proposed class but did not include any evidence to substantiate this claim in her Motion.

Allegations, without evidence, are not enough to satisfy any of the requirements under C.R.C.P. 23.  If Plaintiff did not satisfy the requirements in her opening motion, the Colorado Rules of Procedure do not allow for Plaintiff to satisfy this requirement in a Reply.

### A. In The Alternative, The Court Should Give Defendant Leave to File a Sur-Reply to Respond to Plaintiff's New Arguments and Evidence

If the Court chooses not to exercise its discretion to strike or disregard Plaintiff's new evidence and arguments, then Defendant should be given leave to file their proposed Sur-Reply in

12

response to Plaintiff's new raised arguments and evidence. *See, HDR Constructors*, at *5 ("In the alternative, if the Court entertains the new evidence and legal argument contained in the reply, the Court must allow EDF Renewable an opportunity to respond to it. A court commits reversible error by deciding a motion on evidence or argument in a reply brief to which the opposing party had no opportunity to respond") (citing to *Keller Cattle Co. v. Allison*, 55 P.3d 257, 261-62 (Colo. App. 2002)). See *also, e.g., E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo., 2007) ("When a party puts forth new arguments in a reply brief, a court may avoid error by either: (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply") (citing to *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir., 2006)).

## **CONCLUSION**

For the foregoing reasons, the Court should strike or disregard as improper new evidence or arguments contained in the relevant sections of Plaintiff's Reply brief, or in the alternative, grant Defendant leave to file its proposed Sur-Reply to respond to the new arguments and evidence.

Dated and respectfully submitted this 3rd day of August, 2022.

FISHER & PHILLIPS LLP

*/s/ Micah D. Dawson*
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
mdawson@fisherphillips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

ATTORNEYS FOR DEFENDANT

13

14

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of August, 2022, a true and correct copy of the foregoing was filed and served via the Colorado Court filing system to the following:

Brian D. Gonzales
THE LAW OFFICE OF BRIAN D. GONZALES, PLLC
2850 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

Alexander Hood
HOOD LAW OFFICE, PLLC
1312 17th Street, Suite 1028
Denver, CO  80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

*/s/ Kimberly Hanson*
Kimberly Hanson
For Fisher & Phillips LLP

FP 44564948.6

| | |
|---|---|
| DISTRICT COURT,<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: August 3, 2022 1:08 PM<br>FILING ID: 293397DA81F5D<br>CASE NUMBER: 2020CV31368 |
| **PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI | ▲   COURT USE ONLY   ▲ |
| | Case Number:2020CV031368<br><br>Ctrm/Div: C |

### ORDER RE: MOTION TO EXCLUDE NEW EVIDENCE AND ARGUMENTS IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

THIS MATTER, having come before the Court on Defendant's Motion to Exclude New Evidence and Arguments in Plaintiff's Reply in Support of Motion for Class Certification, filed on August 3, 2022, the Court hereby:

Strikes or disregards as improper new evidence or arguments contained in the relevant sections of Plaintiff's Reply brief, or

Or,

Grants Defendant leave to file its proposed Sur-Reply to respond to the new arguments and evidence.

1

Dated this _____ day of August, 2022

BY THE COURT:

_____

ADAMS COUNTY DISTRICT COURT JUDGE

# EXHIBIT 12

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY<br>STATE OF COLORADO<br>1100 Judicial Center Drive<br>Brighton, Colorado 80601<br><br>**PLAINTIFF:**  ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:**  BOSELLI INVESTMENTS LLC | |
| | ☐    COURT USE ONLY    ☐ |
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 2775<br>HOOD LAW OFFICES, PLLC<br>Post Office Box 24753<br>Silverthorne, Colorado 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number:  2020CV031368<br><br>Div.: C |
| **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE NEW EVIDENCE AND ARGUMENTS IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** | |

Plaintiff, through counsel, respectfully submits this response in opposition to Defendant's

*Motion to Exclude New Evidence and Arguments in Plaintiff's Reply in Support of Motion for*

*Class Certification* (the "Motion to Strike").

## I.  INTRODUCTION

Defendant already submitted a 25-page response to Plaintiff's *Motion for Class*

*Certification* (the "Certification Motion").   Although ostensibly about striking one piece of evidence, the 15-page Motion to Strike actually is Defendant's attempt to "have the last word" regarding certification.  Such gamesmanship should not be permitted.

The Motion to Strike challenges Plaintiff's C.R.E. 1006 summary chart (the "Summary Chart") of voluminous data Defendant produced the day before the Certification Motion was filed. Because of the lateness of the disclosure, the Summary Chart was submitted to the Court with Plaintiff's reply in support of the Certification Motion.  As a result, Plaintiff is not opposed to Defendant filing a brief sur-reply regarding the Summary Chart, as long as Plaintiff has the opportunity to respond.  Instead, Defendant filed the Motion to Strike.

Although, as explained below, the Summary Chart is a valid application of C.R.E. 1006, it should be noted that the Chart largely is beside the point.  This is because, as discussed in the Certification Motion briefing, this entire case concerns specific legal challenges to an admittedly uniform break policy.  These challenges all can be resolved at one time for all class members and, therefore, common issues predominate for purposes of class certification.  The Summary Chart is merely a demonstration of how Defendant's break-tracking records can be used to determine class-wide damages once the predominate common liability issues are resolved:

> Defendant asserts that predominance is not satisfied because its [break] Policy is not illegal, any missed rest or meal breaks were a result of the employee choosing not to take a break or simply failing to record it, and there is no method of common proof for whether or not an employee was deprived of the opportunity to take a rest or meal break or simply chose not to take one.  However, the Court disagrees that these challenges are fatal to certification.  [I]t is apparent to the Court there are common legal questions as to whether Defendant's Policy is illegal and whether employees can voluntarily waive [break] rights . . . .  It is also apparent from the record that employees did not consistently take, and were not compensated for, rest and meal breaks—meaning a decision on these legal questions will have a broad application to the prospective members of the class.

*Pacheco v. Somip, Inc.*, No. 20cv33915, p. 7-8 (Denv. Cty. June 1, 2022)(**Cert. Mot., Ex. 3**).

## II.  FACTUAL BACKGROUND

On October 15, 2021, the Court ordered Defendant to produce a sample of break-tracking records for hundreds of class members.  These records – 132,000 lines of data – ultimately were produced on June 7, 2022, the day before Plaintiff filed her Certification Motion and long after discovery closed[1].  Plaintiff diligently analyzed the records over the intervening weeks and was able to submit the Summary Chart along with her reply in support of the Certification Motion.

The Summary Chart was attached to the *Supplemental Declaration of Brian Gonzales*.  As described therein, Defendant's sample records show punch-in/punch-out times for meal and rest breaks.  Applying the statutory break requirements, e.g., required 10-minute rest break every 4-hours, Plaintiff was able to add up the number of break punches shown missed in the records and multiply that figure by the minimum wage to assign a monetary value to those breaks[2].

## III.  ARGUMENT

The Summary Chart is the essence of the "simple calculations" authorized by C.R.E. 1006 (Mot. at 3).  Adding up the number of missed break punches and multiplying that figure by the minimum wage is simple math – there are no opinions (expert or otherwise) being expressed.  In

---

[1] Given the lateness of the disclosure, and the fact that Defendant compiled and produced these records under Court-order, it is nonsensical for Defendant to now argue the records are inauthentic. (Mot. at 8-9).

[2] After conferral with Defendant, Plaintiff revised the Summary Chart to eliminate any extrapolation from the sample records to represent the entire statutory limitations period.  The revised Chart simply compiles the number of break punches actually shown missing in the records and multiplies them by the minimum wage.

fact, Defendant has acknowledged that its break-tracking records can be used for just this purpose. (30(b)(6) Dep. at 60:15 to 60:22)(Defendant testifying that, using its break-tracking system, it can look at "any given day for any given employee for any given store and determine how long their shift was, whether . . . and to what extent they received a 10-minute break")(**Cert. Mot., Ex. 1**).

Moreover, Defendant apparently does not quibble with Plaintiff's math, i.e., the number and monetary value of missed break punches shown in the records. Instead, Defendant's argument concerns the fundamental common legal issues in this lawsuit, i.e., the legal implication of those missed break punches.

For example, Defendant hypothesizes that any breaks shown missing in the records were, in fact, missed because an employee voluntarily chose not to take the break. (Mot. at 7)(arguing that the phrase "authorize and permit" allows for employee waiver). But, as discussed in the Certification Motion briefing, this is one of the fundamental common legal issues that predominate in this lawsuit – can minimum wage employees waive their break rights? The answer to this question may impact how the jury ultimately will weigh evidence like the Summary Chart, but that does not matter here. The only issue is whether such issues can be resolved at one time for everyone.

C.R.E. 1006 allows Plaintiff to summarize voluminous data. The Summary Chart is nothing more than a mathematical summary. It is intended only to assist the Court by adding-up the number of breaks shown missing in 132,000 lines of data[3]. Outside these mathematical

---

[3] C.R.E. 1006 also authorizes the Court to order that the data "be produced in court." These records can be provided and the Court will see extensive missed break punches – just like those added-up in the Summary Chart.

calculations, the Court is free to disregard any language in the Declaration or Summary Chart it deems to be argumentative or opinion-based (although Plaintiff believes there is none).   The Summary Chart is merely to simplify the data for the Court, not a jury and the Court can determine whether it is helpful or whether examining the underlying records is necessary.  *Murray v. Just In Case Bus. Lighthouse, LLC*, 374 P.3d 443, 457–58 (2016)("[T]he most important considerations in determining whether summary charts are admissible are whether the summaries are sufficiently accurate and nonprejudicial and whether they would be helpful to the jury.")

## IV.  CONCLUSION

Defendant's attempts to confuse the issue with 40-50 pages of repetitive briefing ultimately miss the entire point of the Certification Motion.  Plaintiff's challenges to Defendant's break policy are common issues that can be addressed on a class-wide basis.  If some or all of these questions are resolved in favor of class members, then Defendant's detailed, computerized pay records can be used to calculate a credible damages model under a common formula.  As a result, Plaintiff's proposed class should be certified.

WHEREFORE, Plaintiff respectfully requests the Court to deny Defendant's Motion. Plaintiff, however, does not oppose Defendant filing a sur-reply to address the Summary Chart although Plaintiff requests an opportunity to respond briefly.

Respectfully submitted 19th day of August 2022.

s/Brian D. Gonzales

_____
Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

*Counsel for Plaintiff*
## CERTIFICATE OF SERVICE

I hereby certify that on 19th day of August 2022, a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO EXCLUDE NEW EVIDENCE AND ARGUMENTS IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION** was served electronically upon all counsel of record.

*s/Brian D. Gonzales*

# EXHIBIT 13

<table>
<tr>
<td>
DISTRICT COURT,<br>
ADAMS COUNTY, COLORADO<br>
1100 Judicial Center Dr.<br>
Brighton, CO 80601
</td>
<td>
DATE FILED: August 26, 2022 3:56 PM<br>
FILING ID: 9FA0B492F6E85<br>
CASE NUMBER: 2020CV31368
</td>
</tr>
<tr>
<td>
**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons<br><br>
v.<br><br>
**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI
</td>
<td>
▲ COURT USE ONLY ▲
</td>
</tr>
<tr>
<td>
**Attorneys for Defendants:**<br>
Micah D. Dawson, #48263<br>
Jeffrey H. McClelland, #45114<br>
Patrick J. Collopy, #56126<br>
1125 17th Street, Suite 2400<br>
Denver, CO  80202<br>
Telephone:  303-218-3650<br>
Fax:  303-218-3651<br>
mdawson@fisherphilips.com<br>
jmcclelland@fisherphillips.com<br>
pcollopy@fisherphillips.com
</td>
<td>
Case Number:2020CV031368<br><br>
Ctrm/Div: C
</td>
</tr>
<tr>
<td colspan="2" align="center">
**REPLY IN SUPPORT OF MOTION TO EXCLUDE NEW EVIDENCE AND ARGUMENTS IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**
</td>
</tr>
</table>

Defendant Boselli Investments LLC ("Defendant"), through its undersigned counsel, hereby submits this brief in support of its Motion to Exclude New Evidence and Arguments in Plaintiff's Reply in Support of Motion for Class Certification, and in support thereof states the following:

## INTRODUCTION

Plaintiff's Opposition confirms that: 1) there is zero case law supporting the sham "evidence" submitted by her counsel under the guise of Rule 1006; 2) Plaintiff's attempt to offer new arguments and evidence on reply is improper; and, 3) Plaintiff's Certification Motion must

1

be denied.

As to the first two points, Plaintiff's Opposition confirms that the "evidence" submitted with her Reply, including counsel's Declarations, is improper reply evidence and an invalid application of summary evidence under Rule 1006. Plaintiff's own time records illustrate as much: Despite her absurd assertions otherwise, Plaintiff had her own time records, and the records of other putative class members, before she filed the Certification Motion but chose not to rely on them for class certification. In trying to fabricate a justification, Plaintiff produced the purported Rule 1006 "summary" and argues that the "summary" is just mathematical calculations. Of course, Plaintiff ignores the fact that the "summary" includes extrapolations and multiple legal assumptions, including assumptions of liability and common practice, that make the "evidence" unreliable and inadmissible. And by also failing to respond to Defendant's points about the context of the time records, and undisputed fact Defendant does not have a uniform practice requiring employees' clock-in/out for breaks, Plaintiff further concedes that her counsel's Declarations and errata are shams intended to perpetrate a fraud on the Court.

Plaintiff's Opposition also incredibly confirms that Plaintiff's Certification Motion has no evidentiary basis and must be denied. Relying on a single Denver District Court decision, that has been easily distinguished from the facts of the present matter, Plaintiff argues that the Court must accept mere *legal theories* as true for purposes of certification. In the face of Defendant's opposition and motion to exclude, Plaintiff admits that the mere *allegations* of a common practice are the sole support for her claims in her Certification Motion. To make matters worse, Plaintiff attempts to use counsel's sham Declaration and errata as the sole support for her claims in her certification motion. And by arguing the Court must accept allegations as true for purposes of certification, Plaintiff has resorted to purposefully misstating the law and facts of this case.

## ARGUMENT

**I.      Plaintiff's Reply Evidence Should be Excluded**

> **A. Plaintiff's Response in Opposition Confirms Her Counsel's "Rule 1006" Evidence and Declaration Are Shams that Contradict Plaintiff's Deposition Testimony and the Record Evidence, and Therefore Should Be Excluded.**

Defendant outlined Plaintiff's failure to adhere to the standards of Rule 1006 in its Motion to Exclude (p. 6-8) and how the supposed "summary" included numerous assumptions and argumentative positions.   Plaintiff's failure to address any of these issues in her Opposition demonstrates that she cannot independently identify any evidence in support of her Certification Motion and sham reply declarations and evidence.

Instead, Plaintiff's Opposition is full of irrelevant, non-responsive arguments that have nothing to do with Defendant's motion to exclude, such as Plaintiff's half page block quote from the easily distinguishable *Pachecho* case.   Again, unlike the *Pachecho* case, and contrary to Plaintiff's continued puppeteering of the argument, it is undisputed that Defendant <u>does not</u> have a practice of requiring employees to clock-in/out for breaks.   Yet Plaintiff attempts to distract the Court by falsely claiming that Defendant agrees the records show "missed" breaks and agrees with Plaintiff's "math."   This is false.   The "summary" fails to provide any common answer to the pivotal question of *why* there may not have been breaks noted on employees' time records.   It is the "why," not the "what," that determines liability for missed breaks.   *Brinker Rest. Corp. v. Superior Ct.*, 53 Cal. 4th 1004, 1051-52 (2012).   As evidenced by Plaintiff's deposition, the Company's 30(b)(6) deposition, and employee declarations, the **time records** are not accurate indicators of if employees were *authorized and permitted* to take breaks.   Since the "why" some employees time records show breaks, and others do not, would *not* be the same for all putative

class members, common questions do not exist, let alone predominate. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

### B. Plaintiff's Failure To Explain Why She Did Not Submit Her Own Time Sheets with Her Motion for Class Certification Further Shows Her Reply Evidence Should Be Excluded.

Of course, Plaintiff *could* have submitted her own time records in support of her Motion for Class Certification. She used them during her 30(b)(6) deposition of the Company's representative on October 12, 2021, but Plaintiff chose not to supply them with her Motion for Class Certification, knowing production of her time records would confirm her allegations are meritless.

Plaintiff also argued during the August 22, 2022 discovery hearing that counsel had contacted putative class members via phone call and text messages[1] and had not received much of a response (or the response they desired) so she decided not to use any such evidence in support of her Certification Motion and instead provided the sham Rule 1006 charts to support Plaintiff's claims. Plaintiff's argument justifying her use of improper reply evidence is absurd as it ignores the fact that Plaintiff's counsel knew about Plaintiff's personal time records and simply ignored her Rule 23 evidentiary burden from the outset. Thus, the timing of Plaintiff's Reply Declaration and errata—and Plaintiff's ridiculous responses to the same—further confirms they are shams that must be excluded.

### II. Plaintiff's Other "Arguments" Are Improper Attempts To Shift Attention From Her Failure to Meet Her Burden on Class Certification

Interestingly, Plaintiff argues that Defendant is attempting to relitigate issues surrounding class certification by pointing out the only "evidence" she provided in support of her request for

---

[1] The August 22 hearing was the first time Defendant learned of any such communications as Plaintiff has never disclosed any such communications or produced any such communications despite Defendant's specific discovery requests related to such communications.

4

certification was improper, and was improperly submitted on reply.  Apparently, Plaintiff believes she is entitled to relitigate issues as she propounds additional arguments regarding the standard for class certification in her Opposition.

### A.  Plaintiff's Attempt to Relitigate Her Arguments Is Improper.

In addition to confirming her Reply Declaration and errata must be stricken, Plaintiff's Opposition incredibly also confirms that only *allegations*—not evidence—support her Certification Motion, and thus that her Certification Motion must not be denied. (*See* Plaintiff's Opposition at pp. 2-4). Specifically, in another after-the-fact attempt to explain her failure to satisfy her evidentiary burden for certification, Plaintiff argues that Defendant is claiming Plaintiff "waived" breaks and that the "fundamental common legal issue" of whether employees can waive breaks alone provides a basis to grant class certification.  (*id*.)

A review of Plaintiff's Certification Motion proves this new argument false: Plaintiff knew she had an evidentiary burden on class certification, she relied on declarations from her attorneys to satisfy it, and she only switched gears after Defendant provided clear evidence, including Plaintiff's own testimony, that there was no such policy or practice of denying employees rest breaks. In any event, by arguing her Certification Motion relies on mere allegations, Plaintiff now concedes (as she must) that she failed to carry his evidentiary burden, and certification therefore must be denied.

Indeed, Plaintiff's argument—that she is entitled to rely on mere allegations and conjured up "fundamental common legal issues"—is contrary to Supreme Court and Colorado authority that Plaintiff *intentionally* failed to bring to the Court's attention despite repeatedly citing such authority in other briefs.  *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013); *Dukes*, 564 U.S. at 35; *Brown v. Electrolux Home Prod.,* 817 F.3d 1225, 1234 (11th Cir. 2016).  As the Supreme

5

Court has "repeatedly . . . emphasized," *allegations* are not evidence and cannot satisfy Plaintiff's evidentiary burden to "affirmatively demonstrate" with proof that she meets each element of Rule 23. *See Comcast Corp.*, 569 U.S. at 33. Instead, courts must "probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Id.* (cleaned up). Further, contrary to Plaintiff's position, Defendant does not require the recording of rest breaks, (*see* Ex. A to Defendant's Opposition to Class Certification, 30(b)(6) Dep., 90:6-91:8), and numerous putative class members confirmed this, (*see* Ex. N to Defendant's Opposition to Class Certification, Declarations.) As such, common proof cannot be ascertained from time records. Indeed, whatever self-serving analysis of time records that Plaintiff comes up with, it will not, and cannot, confirm whether an actual rest period violation occurred.

Where, as here, there is no evidence of a uniform policy or practice of denying employees rest breaks, a court must examine the *individual reasons* behind each employee's decision to forego a rest break to determine whether any violation occurred and as the *Ruiz* (and *Hicks*) courts concluded, without proof that Defendant had an unlawful policy that prohibited employees from ever taking breaks, there is no way for Plaintiff to show commonality or predominance. *Ruiz v. U.S. Bank Nat'l Ass'n,* No. 18-CV-03200-DDD-KLM, 2020 WL 5517113, at *3-4 (D.Colo. July 24, 2022); *see also, Dukes*, 564 U.S. at 351 ("What matters to class certification ... is not the raising of common 'questions'—even in droves—but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers.").

### B. Plaintiff's Attempt to Claim Delay on Defendant's Part Is Concerning And Demonstrates the Lengths To Which Plaintiff Will Go In An Attempt To Manufacture Arguments/Evidence

6

Plaintiff filed this case on October 26, 2020.  Then, Plaintiff ultimately had 12 months to complete phase one discovery.  It was not until after Plaintiff cancelled the originally agreed upon date for her deposition in September[2] (and after the Parties moved the Court for an extension of the case schedule) that Plaintiff raised her discovery issue with the court.  By waiting until October 2021 to bring her motion to compel discovery, Plaintiff painted herself into a corner where the Court granted her request just as her time to file her motion for class certification was running out.

Putting Plaintiff's litigation strategy aside, the claim in the Opposition that it is Defendant's fault she only submitted "evidence" with her reply also leaves out pertinent background regarding the timing of the production of records and, as noted above, the fact she did not provide her own time records in support of her original motion.  Simply, after the Court's October 15, 2021 Order Defendant began the immediate collection of contact information for <u>hundreds</u> of employees and <u>hundreds of thousands</u> of corresponding time records in readable form (example attached as Ex. __), which was a different form that Plaintiff's time records (see Ex. A, Plaintiff's time records) and needed additional time to collect and produce.  After Plaintiff's deposition on October 21, 2021, the parties began discussing the possibility of mediation and during the Parties' November 4, 2021 conferral it was <u>Plaintiff's counsel</u> that informed Defendant's counsel that given the agreed upon stay it was acceptable to focus on collecting and providing records that would be useful for mediation and that Defendant could hold off on the collection/production of the contact information/time records given the contemplated stay.

On May 19, 2022, within an hour of the mediation ending, and <u>for the first time since the stipulated stay,</u> Plaintiff's counsel requested that the contact information and time records be produced.  Despite the fact the stay was in place, Defendant agreed to immediately continue the

---

[2] Plaintiff cancelled her deposition again prior to the discovery dispute hearing in October.

collection and preparation of the information prior to Plaintiff's deadline to file her Certification Motion.  Plaintiff's counsel was also made aware that undersigned counsel's wife had recently had a miscarriage and that review would still be undertaken as quickly as possible.   The fact that Plaintiff now claims Defendant is to blame for her litigation strategy and lack of any evidence in support of her Motion for Class Certification is puzzling.

## **CONCLUSION**

For the foregoing reasons, the Court should strike or disregard as improper new evidence or arguments contained in the relevant sections of Plaintiff's Reply brief.

Dated and respectfully submitted this 26th day of August, 2022.

FISHER & PHILLIPS LLP

*/s/ Micah D. Dawson*
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
mdawson@fisherphillips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

ATTORNEYS FOR DEFENDANT

8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on this 26th day of August, 2022, a true and correct copy of the foregoing was filed and served via the Colorado Court filing system to the following:

Brian D. Gonzales
THE LAW OFFICE OF BRIAN D. GONZALES, PLLC
2850 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

Alexander Hood
HOOD LAW OFFICE, PLLC
1312 17th Street, Suite 1028
Denver, CO  80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

*/s/ Kimberly Hanson*
Kimberly Hanson
For Fisher & Phillips LLP

9

# EXHIBIT 14

DATE FILED: September 8, 2022 4:17 PM
FILING ID: CBD7C2CC8E383
CASE NUMBER: 2020CV31368

DISTRICT COURT, ADAMS COUNTY
STATE OF COLORADO
1100 Judicial Center Drive
Brighton, Colorado 80601

**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,

**v.**

**DEFENDANT:** BOSELLI INVESTMENTS LLC

☐   COURT USE ONLY   ☐

Attorneys for Plaintiff:
Brian D. Gonzales, Atty. Reg. # 29775
THE LAW OFFICES OF BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528
Telephone: (970) 214-0562
BGonzales@ColoradoWageLaw.com

Alexander Hood, Atty Reg. # 42775
HOOD LAW OFFICE, PLLC
1312 17th Street # 1028
Denver, CO 80202
Telephone: (720) 381-4142
Alex@HoodLawPLLC.com

Case Number:  2020CV031368

Div.: C

---

**PLAINTIFF'S SUR-REPLY REGARDING DEFENDANT'S MOTION TO EXCLUDE NEW EVIDENCE AND ARGUMENTS IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION**

In Defendant's reply in support of its *Motion to Exclude New Evidence and Arguments in Plaintiff's Reply in Support of Motion for Class Certification*, Defendant states that "Plaintiff also argued during the August 22, 2022 discovery hearing that counsel had contacted putative class members via phone call and text message and had not received much of a response (or the response they desired) so she decided not to use any such evidence in support of her Certification Motion

1

and instead provided the sham Rule 1006 charts to support Plaintiff's claims." *Id*. at 4.

During the August 22, 2022 discovery dispute hearing, Plaintiff's Counsel initially made a misstatement indicating that class members were contacted using contact information provided by Defendant. That is incorrect. In the two-days prior to the June 8, 2022 class certification motion deadline, Defendant complied with this Court's October 15, 2021 discovery dispute hearing order by producing timekeeping records (including clock in and out for breaks) and contact information for 673 putative class members. In the class certification briefing, Plaintiff relied on Defendant's timekeeping data, **but did not believe it necessary to, and did not, additionally text, call, or otherwise contact the 673 putative class members.**

Plaintiff's Counsel believed their misstatement during the August 22, 2022 hearing was corrected later in the hearing. Plaintiff submits this sur-reply to ensure that misstatement is corrected, and Plaintiff's Counsel apologizes for any confusion.

Respectfully submitted September 8, 2022.

*s/Alexander Hood*
Plaintiff's Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2022, a true and correct copy of the foregoing was served electronically upon all counsel of record.

*s/Alexander Hood*

# EXHIBIT 15

| | |
|---|---|
| DISTRICT COURT, ADAMS COUNTY, COLORADO<br>Court Address:<br>1100 JUDICIAL CENTER DRIVE, BRIGHTON, CO, 80601<br><br>**Plaintiff(s)** ANA RODRIGUEZ<br>v.<br>**Defendant(s)** DON ANTHONY BOSELLI et al. | DATE FILED: September 9, 2022 10:52 AM<br>CASE NUMBER: 2020CV31368 |
| | △ **COURT USE ONLY** △ |
| | Case Number: 2020CV31368<br>Division: C            Courtroom: |

| |
|---|
| **Order:Motion to Exclude New Evidence and Arguments in PTFS Reply in Support of Motion for Class Certification** |

The motion/proposed order attached hereto: DENIED.

This matter comes before the court on Defendants' Motion to Exclude New Evidence and Arguments in Plaintiff's Reply in Support of Plaintiff's Motion for Class Certification. The Court has reviewed the briefs and the file is otherwise informed in the premises and finds and orders as follows:

Defendants' Motion is really nothing more than an attempt to get the last word in on a motion which Defendants are not entitled to get in the last word. As with all motions which rely on evidentiary support the Court is capable of determining whether evidence is relevant and competent and whether arguments are pertinent, relevant and appropriate. For these reasons, the Motion is DENIED.

Issue Date:  9/9/2022

*[signature]*

TERI LYNN VASQUEZ
District Court Judge

<table>
<tr><td>

DISTRICT COURT,
ADAMS COUNTY, COLORADO
1100 Judicial Center Dr.
Brighton, CO 80601

</td><td rowspan="2"></td></tr>
<tr><td>

**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons

v.

**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI

</td><td>▲  COURT USE ONLY  ▲</td></tr>
<tr><td>

**Attorneys for Defendants:**
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400
Denver, CO  80202
Telephone:  303-218-3650
Fax:  303-218-3651
mdawson@fisherphilips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

</td><td>

Case Number:2020CV031368

Ctrm/Div: C

</td></tr>
</table>

### MOTION TO EXCLUDE NEW EVIDENCE AND ARGUMENTS IN PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

Defendant Boselli Investments LLC ("Defendant"), through its undersigned counsel, hereby moves the Court for an order excluding the new evidence and arguments Plaintiff Ana Rodriguez ("Plaintiff") improperly introduced with and in her Reply in Support of Motion for Class Certification (the "Reply") or, in the alternative, for an order granting Defendant leave to file a sur-reply.

### INTRODUCTION

In this putative class action, Plaintiff asks this Court to certify a sweeping class of crew members and managers at 13 different restaurants, and create new law incorporating automatic

1

penalties, while flipping the standard and the burden under class certification on its head so that Defendant would have the burden to show that class certification is unwarranted under the facts and law.  Plaintiff makes this bold ask even though Defendant's break policies are lawful and she has mustered no admissible evidence to rebut this and other dispositive facts, much less to carry *her burden* to prove all elements required for class certification. As a result, she has been forced to engage in an evidentiary shell-game, submitting an inadmissible sham "summary" and amended sham summary, both created by her *own lawyer* (the "Gonzales Declarations"), in an attempt to carry her evidentiary burden in her Certification Motion.  As explained in more detail below, Plaintiff has submitted these "summaries" and declarations on reply[1] as the <u>sole</u> evidentiary support for several of the critical Rule 23 requirements for certification despite the fact the summary is nothing more than attorney arguments designed to circumvent Plaintiff's class certification requirements.

It is abundantly clear why Plaintiff is trying to make an end-run around black-letter law prohibiting her from trying to do so – because Plaintiff knows she abjectly failed to meet her burden of establishing of all requirements of Colorado Rule of Civil Procedure 23 to obtain class certification.   Accordingly, Defendant respectfully requests that the Court: (a) disregard and exclude the Gonzales Declarations, all statements in the Certification Motion that rely on the sham summaries and Gonzales Declarations for their sole evidentiary support; (b) disregard and exclude any new evidence submitted for the first time with Plaintiff's Reply; and (c) deny Plaintiff's

---

[1] Plaintiff erroneously and desperately attempts to <u>create</u> and introduce this new evidence (as well provide her own time records that she did not include with her original Certification Motion *<u>despite</u>* having such records, and using such records, during discovery in 2021) and raise new arguments in her Reply to support her fatally flawed Motion for Class Certification (the "Certification Motion").

Certification Motion, which finds its sole "evidentiary support" in the false and inadmissible attorney opinion statements included in the Reply.

### **Background**

In this putative class action, Plaintiff falsely claims that Defendant's break policies are unlawful.  Based on this account of her experience—since proven demonstrably false by her own deposition testimony and other undisputed evidence discussed in Defendant's motion for summary judgment—Plaintiff brings statewide class claims, alleging that every one of Defendant's 13 restaurants had unlawful policies and practices for a six-year class period.  Plaintiff used these false and baseless allegations to open class-wide discovery, which ran for over a year.  Other than forcing Defendant to spend significant sums producing vast data, Plaintiff engaged in virtually no discovery.  She issued only a handful of interrogatories and requests for production and deposed only one person – whom, despite Plaintiff's wishes, testified that employees were not required to punch in and out for every break.

Notwithstanding Plaintiff's lack of basis for her own individual claim and lack of knowledge about her wildly speculative class allegations, Plaintiff filed a motion seeking to certify a single class asserting wage and hour violations at all of Defendant's restaurants in Colorado for a six-year period.  Given Plaintiff's total lack of diligence in discovery, she filed her Certification Motion without any factual support and was forced to submit the First Gonzales Declaration, on reply, as her sole support for the elements of her Certification Motion.

The First Gonzales Declaration, signed under penalty of perjury but pursuant to the "Uniform Unsworn Declarations Act", purported to summarize *__six__* years of data, despite the fact

Defendant had only produced three years of data pursuant to this Court's Order.[2]   The First

Gonzales Declaration attaches two tables that Plaintiff's counsel "created" themselves that purport

to show a monetary value of alleged missed break time.  After conferral, Plaintiff's counsel filed

a second "Supplemental" Declaration, **admitting** that "*rather than summarizing just the time*

*records provided by Defendant*, which only related to the time period from October 27, 2017 to

October 26, 2020, the *wage calculations extrapolated from that data* to encompass a longer time

period - October 27, 2014 to June 30, 2022."  (emphasis added).

Unbelievably, the Second Gonzales Declaration then offers analysis based on Plaintiff's

counsel's review of the recalculated, recontextualized data **without** providing any background or

metrics as to how the supposed calculations were created.   While Plaintiff's counsel vaguely

asserts that the Second Supplemental Declaration somehow fixes this issue, they do not address

the fact that the "Summary" provided to the Court still includes filtered and manipulated data as

well as unfounded and unsupported assertions.  For example, the Gonzales Summaries purport to

analyze the data contained therein and offer testimony regarding Plaintiff's counsel's analysis that

employees "missed" breaks.  Similarly, Mr. Gonzales purports to analyze and summarize data in

accordance with 7 Colo. Code Regs. 1103-1, using standards that were not promulgated until 2020

---

[2] The Gonzales Declarations also leave out pertinent background regarding the timing of the production of records. Simply, after the Court's October 15, 2021 Order Defendant began the collection of contact information for hundreds of employees and hundreds of thousands of corresponding time records.  After Plaintiff's deposition on October 21, 2021, the parties began discussing the possibility of mediation.  On November 4, 2021, the Parties conferred about mediation and during that conferral Defendant's counsel informed Plaintiff's counsel that the collection of documents was ongoing and substantial.  Given the Parties were agreeing to a stay and mediation, Plaintiff's counsel informed Defendant's counsel that it acceptable to focus on collecting and providing records that would be useful for mediation and that Defendant could hold off on the collection/production of the contact information/time records given the contemplated stay.  On May 19, 2022, within an hour of the mediation ending, and for the first time since the stipulated stay Plaintiff's counsel requested that the contact information and time records be produced.  Despite the ongoing stay, Defendant agreed to immediately finish the collecting and production of the information prior to Plaintiff's deadline to file her Certification Motion.

and are not applicable to Plaintiff's employment that ended in 2019.  The Second Gonzales Declaration purports to authenticate, lay a foundation for, and offer testimony about a calculation process that is not described nor provided to the Court or Defendant.

Thus, in addition to lacking any foundation, the Second Gonzales Declaration confirms that the First Gonzales Declaration—and the entirety of Mr. Gonzales's "testimony" in this case—is argumentative, patently unreliable, and that class certification must be denied.

## ARGUMENT

I.  **Plaintiff's Counsel's Attempt To Justify A Class Action Based Solely On Their Own "Summary" Of Evidence Based On Inferences, Opinions, and Arguments is Improper Under C.R.E. 1006(3).**

Colorado case law has established that in order to be admissible under C.R.E. 1006[3] the following requirements must be met: "…the proponent of the summary evidence must (1) identify the documents underlying the summary and show them to be voluminous; (2) establish that the underlying documents are otherwise admissible evidence; (3) provide the other party with a copy of the summary in advance of its use; and (4) provide 'the opposing party with a reasonable time and place for examination of the available documents underlying such summary.'"  C.R.E. 1006. *See*, *e.g.*, *U.S. Welding, Inc. v. B & C Steel, Inc.,* 261 P.3d 513, 517 (Colo. App. 2011) (citing to *People v. McDonald,* 15 P.3d 788, 790 (Colo. App,. 2000)).

Rule 1006 permits simple calculations, not interpretations of data or complex calculations that normally would be run by an expert.  *Compare State Office Systems, Inc. v. Olivetti Corp. of Am.,* 762 F.2d 843, 845-46 (10th Cir. 1985) (holding that a witness's calculations of future lost profits were "not legitimately admissible as summaries under Rule 1006" as they were

---

[3] C.R.E. 1006 is substantially the same as Fed. R. Evid. 1006, and the Colorado Supreme Court has therefore held that federal case law interpreting Fed. R. Evid. 1006 is helpful in interpreting C.R.E. 1006.  *Murray v. Just In Case Bus. Lighthouse, LLC*, 374 P.3d 443, 457 n.13, *as modified on denial of reh'g* (July 18, 2016)

"interpretations" of the data and "not a simple compilation of voluminous records," and concluding that the calculations were properly deemed "opinion testimony"); with, *Bryant v. Farmers Ins. Exch.,* 432 F.3d 1114, 1124 (10th Cir. 2005) (observing that it was proper to use a summary witness under Rule 1006 to present "a simple average of 103 numbers" because taking an average "is not so complex a task that litigants need to hire experts in order to deem the evidence trustworthy").  The Colorado Supreme Court has similarly recognized that, "under CRE 1006, trial courts abuse their discretion when they admit summary charts that <u>characterize evidence in an argumentative fashion</u> rather than simply organize it in a manner helpful to the trier of fact. *Murray*, 374 P.3d at 456 (emphasis added).[4]  Thus, a summary is inadmissible under Rule 1006 when it is "'embellished by or annotated with **the conclusions of or inferences drawn by the proponent**." *Id.* at 457 (emphasis added) (quoting *United States v. Bray*, 139 F.3d 1104, 1110 (6th Cir. 1998)).

> **A.  Plaintiff's Counsel's "Summary" Is Simply A Hypothetical Damages Calculation Under A Different Title And Includes Numerous, Inappropriate, Assumptions That Make It Inadequate Under C.R.E. 1006 Because It Is Argumentative In Nature.**

Here, it is undisputed that Plaintiff has presented the Court with a "summary" that is replete with inferences, opinions, and arguments by counsel.  Plaintiff does so, ostensibly, to ensure her

---

[4] The Rule 1006 summary the *Murray* Court aptly illustrates the type of summary – like Plaintiff's counsel's "summaries" offered through the Gonzales Declarations – that is plainly inadmissible under Rule 1006. The *Murray* Court held that the summary exhibit "cannot be characterized as neutral because it used the titles 'Things Mahoney Knew' and 'Things Mahoney Did NOT Know.' These titles characterized the evidence in an argumentative fashion, rendering Exhibit 1.1 a demonstrative device that should not have been admitted as evidence. **The chart's headings attempted to persuade the jury to assign more weight to certain evidence and reach particular conclusions. Sumner offered Exhibit 1.1 not merely to aid the jury in understanding the events leading up to the case, but to persuade the jury of an ultimate issue—that Mahoney was unaware that Epic was planning to purchase Pearl when he agreed to terminate JIC's and Pearl's agreement.** For this reason, the trial court abused its discretion in admitting Exhibit 1.1 as evidence under CRE 1006." *Id.* at 458.  As further explained in this motion, Plaintiff's "summaries" contained in the Gonzales Declarations do far more than just use argumentative titles in an attempt to persuade the Court on a critical issue for her Certification Motion.  Rather, these "summaries" are based entirely on Plaintiff's Counsel's improper conclusions of or inferences drawn by her by way of her own counsel's unreliable analysis.

and her counsel's own self-serving assumptions are clear.  While Plaintiff claims these are simply a summary of the raw data, that is a farce, as the supposed "summary" raises numerous argumentative positions, including, but not limited to:

- Plaintiff's Counsel implies that he can summarize purported "missed breaks," without any evidence that employees were not *authorized and permitted* to take rest breaks, or that they actually missed any rest breaks.  Again, Colorado law expressly requires employers only to *authorize and permit* rest breaks, but nothing in the law states that employers must force employees to take these breaks or force them to clock in and out.  (Colo. Dep't of Labor & Employment, Div. of Labor Standards & Statistics Interpretive Notice & Formal Opinion ("INFO") #4, p.2 ("Employers must authorize and permit their employees to take all required rest periods.  This does not mean that employees must actually have a rest period, if they choose to keep working") and nn. 5 & 6.)  Ignoring these facts, the summary compiled by Plaintiff's counsel attempts to draw an incorrect causal connection between the time records and rest/meal breaks definitively missed.  However, as shown in Defendant's 30(b)(6) deposition, and by the employee declarations presented by Defendant in its Opposition to Plaintiff's Motion for Class Certification, it is common for workers to neglect to record every single rest or meal break for a multitude of reasons which would undoubtedly affect the accuracy of the time records.

- Plaintiff's counsel claims to have applied unidentified "rules" for rest and meal breaks to the time records which are not applicable under the law, e.g., Mr. Gonzales purports to analyze and summarize data in accordance with 7 Colo. Code Regs. 1103-1, using standards that were not articulated until 2020 and are not applicable to Plaintiff's employment that ended in 2019.

- The "Summary" attaches a supposed "value" to meal breaks, despite there being absolutely **<u>zero</u>** evidence, or legal support, for any damages being allocated to Plaintiff's trojan horse of a meal break claim.

- By stating that she is providing a summary of the "findings," Plaintiff attempts to convince the Court that her summary is conclusive when in actuality it is both conclusory and erroneous.[5]

If Plaintiff intended for her counsel to offer quasi-expert testimony, then counsel should

---

[5] *See, e.g., United States ex rel. Baker v. Cmty. Health Sys.*, No. 05-279-WJ/ACT (10th Cir., 2013) (stating that to comply with F.R.E. 1006 a demonstrative chart must accurately reflect the underlying records) (citing to *Silva v. Goodwill Indus. Of NM*, 210 F.3d 390 (10th Cir., 2000) (affirming summary judgment for defendant and exclusion of summary exhibit under FRE 1006, stating "to be admissible, '[s]ummaries must be accurate and nonprejudicial'")).

have been disclosed as an expert, which, among other things, would have provided Defendant the opportunity to submit a rebuttal report and depose him and understand what these supposed "summaries" are based on.  Plaintiff instead chose not to disclose any experts, nor provide any admissible evidence, yet now seeks to use her own lawyer to introduce sweeping, baseless opinions that rest on a series of faulty assumptions that are conclusively rebutted in the record evidence, including the 30(b)(6) testimony and the Declarations provided by declarants with years of personal knowledge in a variety of capacities as employees of Defendant's restaurants.  The Rules of Evidence prohibit this improper gamesmanship and the Gonzales Declarations and Summaries therefore should be excluded.

**B.  Plaintiff's Counsel's Summary Is Inadmissible And Should Be Stricken**

**1.Plaintiff's Counsel Has Not Laid Any Foundation To Establish He Is Qualified To Offer The "Summaries."**

For evidence to be admitted pursuant to Rule 1006, the underlying documents must be admissible.  "While '[t]he materials upon which the summary is based need not themselves be admitted into evidence [,] ... [a]dmission of summaries, however, is conditioned on the requirement that the evidence upon which they are based, if not admitted, must be admissible.'"  *United States v. Schuler,* 458 F.3d 1148, 1154 (10th Cir. 2006) (quoting *United States v. Samaniego,* 187 F.3d 1222, 1223 (10th Cir. 1999)).   A Rule 1006 summary must also be "based on foundation testimony connecting it with the underlying evidence summarized [.]"  *Fagiola v. Nat'l Gypsum Co.*, 906 F.2d 53, 57 (2d Cir. 1990).   A proper foundation for such a summary can be laid through the testimony of the witness who supervised preparation of the exhibit.  *U.S. v. Behrens*, 689 F.2d 154, (10th Cir. 1982).  Testimony from the preparer of the summary usually is required to establish the

foundational facts necessary to establish relevance and authentication.  *State Office Sys. v. Olivetti Corp.*, 762 F.2d 843, 845 (10th Cir.1985).

Here, Plaintiff's counsel has not laid an adequate foundation, based on personal knowledge, for the alleged Rule 1006 summaries that are included in the Reply.

### 2. The Advocate-Witness Rule prevents Mr. Gonzales from testifying about the Summaries.

The rule against a lawyer testifying in his or her client's case also prevents Mr. Gonzales from offering the Gonzales Declarations and "summaries" contained therein as evidence.  Colo. R. Prof. Conduct 3.7.  R.P.C. 3.7 explicitly states that an attorney cannot act as an advocate in a trial where they are likely to be a witness except under certain limited exceptions, none of which apply here.  *See, e.g., Williams v. District Court, El Paso County*, 700 P.2d 549 (Colo., 1985) ("The duty of the lawyer as an advocate is to represent his client 'zealously within the bounds of the law' (citation omitted).  The responsibility of a witness, on the other hand, is to testify objectively to facts within the witness' knowledge.  A lawyer who intermingles the functions of advocate and witness diminishes his effectiveness in both roles.").   *See also, e.g., People v. Garcia*, 698 P.2d 801 (Colo. 1985) ("The basic reason for the limitation is to protect the integrity of the adversary process by separating the lawyer's role as an advocate from that of a witness."). These undeniable concerns make clear that permitting Mr. Gonzales to offer testimony on the summaries would prejudice the adjudicatory process by allowing Plaintiff to bolster her arguments with the extra credibility sworn testimony provides.  Accordingly, the Summaries and Mr. Gonzales' testimony in connection with them must be excluded.

Similarly, by submitting a summary that was compiled by Plaintiff's counsel himself, she is also in violation of C.R.E. 701 and 702 regarding opinion testimony by lay witnesses and expert

opinions. C.R.E. 701, 702. First, Rules 701 and 702 are intertwined in providing that a lay witness offering opinion testimony cannot do so if it falls within the scope of knowledge of Rule 702, governing expert testimony. Here, Plaintiff's counsel has attempted to, as a lay witness, offer what constitutes expert testimony in clear violation of Rules 701 and 702. Second, Plaintiff's summary fails to meet both prongs of the test for Rule 702 in the Tenth Circuit. *See, e.g., U.S. v. Crabbe*, 556 F. Supp. 1217 (D. Colo., 2008) ("In the 10th Circuit, the Rule 702 analysis has two steps: first, the Court determines whether the expert is qualified to render the proffered opinion, and second, the Court examines whether the opinion itself is reliable") (citing to *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir., 2006)). Setting aside the fact that Plaintiff's counsel does not even constitute an expert, the summaries Mr. Gonzales has provided (which falls under Rule 702's expert testimony criteria) fatally fails both prongs of the aforementioned established test. In addition, the manner in which Plaintiff's counsel has applied rules and laws to the data, not in line with the requirements under Colorado employment laws, renders the data unusable to the Court and as such the Court should not take Plaintiff's summary into consideration.

### C. Plaintiff's Summary is Inadmissible under C.R.E. 1006 Because It Is Unreliable.

Finally, Plaintiff has offered what is essentially an "expert summary" that has not been prepared nor analyzed by an expert on the subject and, for the same reasons stated in *Water Pik, Inc. v. Med-Systems, Inc.*, 2012 WL 27596 (D. Colo. Jan. 5, 2012), the Court should strike the summary. *See id.* at *2-5 (disallowing testimony purportedly admissible under Fed. R. Evid. 1006 because it was improper expert opinion testimony in guise of Rule 1006 summary and such expert was not timely disclosed, would undermine defendant's litigation strategy, prejudice the Court, and disrupt the trial). Plaintiff's counsel, which prepared the summary, is neither academically nor experientially qualified to compile such a summary of the timekeeping data. Further,

Plaintiff's counsel is not a party that can objectively analyze and compile the data into an accurate representation of the records.  Not only is Mr. Gonzales unqualified to compile such a summary, but after doing so Plaintiff's counsel offers no explanation as to how Mr. Gonzales reached the "totals" he did.  Simply put, Plaintiff's counsel has not shown his disguised expert analysis work on behalf of his own client, even in the slightest manner, and as such has failed to supply the Court or Defendant with an explanation that would help make heads or tails of the conclusory allegations Mr. Gonzales makes.

In addition, as mentioned above, the summary that Plaintiff has presented makes unsubstantiated allegations regarding rest and meal breaks, which as well as being argumentative, can also be characterized as being patently unreliable.  *See, e.g., Daniel v. Ben E. Keith Co.*, 97 F.3d 1329 (10th Cir. 1996) ("Summaries must be accurate and nonprejudicial.  Summaries not offered as evidence should be used only with a limiting instruction stating that the summary itself is not evidence") (citing to *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.*, 803 F.2d 250, 257 (6th Cir. 1986)); *Murray*, 374 P.3d at 457 (summary is inadmissible under Rule 1006 when it is "'embellished by or annotated with the conclusions of or inferences drawn by the proponent'").

In the end, because the summary has been prepared by Plaintiff's counsel instead of a qualified expert, the Court cannot rely on the "values" alleged by Plaintiff and the summary is should be excluded.

## II.    Plaintiff Did Not Carry Her Burden of Establishing Any Of The Requirements Of C.R.C.P. 23 And The Court Should Strike Her Attempt To Do So on Reply

Courts have repeatedly affirmed that a party cannot satisfy its burden in a class certification motion by introducing new evidence on reply.  *See, e.g., Bennett v. Sprint Nextel Corp.,* No. 09-2122-EFM, 2013 WL 1197124, at *2 (10th Cir., 2013) ("[c]ourts are especially prone to reject expert testimony presented for the first time in a reply brief when the presenting party carries the

original burden of proof") (citing to *In re Taco Bell Wage & Hour Actions*, No. 1:07-cv-01314-OWW-DLB, 2011 WL 4479730, at *7 (E.D. Cal., 2011) (refusing to consider an expert declaration in plaintiffs' reply in support of class certification because "[n]ew evidence or analysis presented for the first time in a reply will not be considered")).  Legal precedent in Colorado has established that new evidence and legal arguments on Reply will not and should not be considered.

In her Certification Motion, Plaintiff's abject failure to satisfy the requirements outlined in C.R.C.P. 23 is readily apparent and her new attempt to satisfy them in her reply should accordingly be stricken by the Court.  In her opening motion, Plaintiff simply proposed a class of thousands of potential members but did not offer any evidence to substantiate her unfounded numerosity claims.  Similarly, Plaintiff failed to satisfy *any* of the requirements of C.R.C.P. 23 and instead made allegations without offering evidence in support.  Regarding the commonality requirement, Plaintiff simply stated "The number of these missed breaks – as well as any resulting damages – can be mathematically calculated from computerized payroll records," but Plaintiff failed to offer any evidence in support of this allegation.  With respect to the predominance requirement of C.R.C.P. 23, Plaintiff again relied on Defendant's payroll records to establish liability and damages on behalf of the proposed class but did not include any evidence to substantiate this claim in her Motion.

Allegations, without evidence, are not enough to satisfy any of the requirements under C.R.C.P. 23.  If Plaintiff did not satisfy the requirements in her opening motion, the Colorado Rules of Procedure do not allow for Plaintiff to satisfy this requirement in a Reply.

### A. In The Alternative, The Court Should Give Defendant Leave to File a Sur-Reply to Respond to Plaintiff's New Arguments and Evidence

If the Court chooses not to exercise its discretion to strike or disregard Plaintiff's new evidence and arguments, then Defendant should be given leave to file their proposed Sur-Reply in

response to Plaintiff's new raised arguments and evidence.  *See, HDR Constructors*, at *5 ("In the alternative, if the Court entertains the new evidence and legal argument contained in the reply, the Court must allow EDF Renewable an opportunity to respond to it.  A court commits reversible error by deciding a motion on evidence or argument in a reply brief to which the opposing party had no opportunity to respond") (citing to *Keller Cattle Co. v. Allison*, 55 P.3d 257, 261-62 (Colo. App. 2002)).  See *also, e.g., E.E.O.C. v. Outback Steak House of Fla., Inc.*, 520 F. Supp. 2d 1250, 1260 (D. Colo., 2007) ("When a party puts forth new arguments in a reply brief, a court may avoid error by either: (1) choosing not to rely on the new arguments in determining the outcome of the motion; or (2) permitting the nonmoving party to file a surreply") (citing to *Pippin v. Burlington Res. Oil & Gas Co.*, 440 F.3d 1186, 1192 (10th Cir., 2006)).

## **<u>CONCLUSION</u>**

For the foregoing reasons, the Court should strike or disregard as improper new evidence or arguments contained in the relevant sections of Plaintiff's Reply brief, or in the alternative, grant Defendant leave to file its proposed Sur-Reply to respond to the new arguments and evidence.

Dated and respectfully submitted this 3rd day of August, 2022.

FISHER & PHILLIPS LLP

*/s/ Micah D. Dawson*
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
mdawson@fisherphillips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

ATTORNEYS FOR DEFENDANT

14

## CERTIFICATE OF SERVICE

 The undersigned certifies that on this 3rd day of August, 2022, a true and correct copy of the foregoing was filed and served via the Colorado Court filing system to the following:

Brian D. Gonzales
THE LAW OFFICE OF BRIAN D. GONZALES, PLLC
2850 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

Alexander Hood
HOOD LAW OFFICE, PLLC
1312 17th Street, Suite 1028
Denver, CO  80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

       */s/ Kimberly Hanson*
       Kimberly Hanson
       For Fisher & Phillips LLP

| | |
|---|---|
| DISTRICT COURT,<br>EL PASO COUNTY, COLORADO<br>270 S Tejon St<br>Colorado Springs, CO 80903<br><br>**PLAINTIFFS:** SALVADOR CERVANTES and SHAWN RENTIE, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**DEFENDANT:** WENDY'S OF COLORADO SPRINGS, INC. | DATE FILED: November 30, 2022 2:42 PM<br>FILING ID: E80FD883403D68ABF<br>CASE NUMBER: 2020CV31723<br><br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiffs:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Telephone: (970) 214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 2775<br>HOOD LAW OFFICES, PLLC<br>Post Office Box 24753<br>Silverthorne, Colorado 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number: 2020CV031723<br><br><br><br>Ctrm/Div: 3 |

**PLAINTIFFS' RENEWED MOTION TO STAY BRIEFING ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT PENDING CLASS CERTIFICATION PROCEEDINGS[1]**

On January 11, 2022, Plaintiffs filed their *Motion to Stay Briefing on Defendant's Motions for Summary Judgment Pending the Court's Class Certification Decision* (the "Motion to Stay"). Although the Motion to Stay was never ruled on, the Court denied class certification on May 2, 2022 and, on May 16, 2022, Plaintiffs requested interlocutory, discretionary review of the

_____

[1] Defendant opposes this Motion.

certification denial from the Colorado Court of Appeals.  Thereafter, Defendant asked the Court to set a briefing schedule on the Motions for Summary Judgement and Plaintiff responded that the briefing on these motions should be stayed pending appellate proceedings.  On May 20, 2022, the Court set a briefing schedule on the Summary Judgment Motions but indicated that if "the issue of class certification is accepted on appeal, the Court will consider a Motion to Stay pending the outcome of the appeal."  *Order: Defendant's Notice of Proposed Briefing Schedule Regarding Defendant's Motions for Summary Judgment.*

On May 27, 2022, the Court of Appeals granted discretionary review and set a briefing schedule to review the class certification issues in this case.  *Order of the Court* (**Exhibit 1**). Therefore, Plaintiffs renew their request to stay briefing on the Summary Judgment Motions through the completion of any appellate proceedings regarding class certification.  The rationale for staying this matter pending this Court's resolution of certification proceedings applies with equal force to certification proceedings in the appellate courts, *i.e.*, (1) that, in the CMO, all parties agreed to resolve certification issues prior to addressing the merits; and that this approach (2) serves judicial economy; and (3) protects the due process of absent class members. *See Motion to Stay* (arguing same).  Given this, it makes sense to complete any appellate proceedings before incurring the expense of extensive summary judgment briefing.

Moreover, under C.R.S. §13-20-901, which authorizes a stay, all proceedings should be stayed during the appeal.  *Id*. ("If a stay is ordered, all discovery and other proceedings shall be stayed during the pendency of an appeal . . . .")  Therefore, the Court should stay the entire matter in addition to staying briefing on the Summary Judgment Motions.

WHEREFORE, Plaintiff respectfully requests the Court to stay this matter, including briefing on the Summary Judgment Motions, until the conclusion of all appellate proceedings

and direct the parties to submit a status report within fourteen (14) days of conclusion of these proceedings.

Respectfully submitted this June 1, 2022

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado 80528

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 1, 2022, a true and correct copy of the foregoing **PLAINTIFFS' RENEWED MOTION TO STAY BRIEFING ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT PENDING CLASS CERTIFICATION PROCEEDINGS** was served electronically on all counsel of record.

*s/Brian D. Gonzales*

_____

| DISTRICT COURT, EL PASO COUNTY, COLORADO | |
|---|---|
| Court Address: 270 S. TEJON, COLORADO SPRINGS, CO, 80903 | DATE FILED: November 30, 2021 3:40 PM FILING ID: 0AFB8B8EB392A CASE NUMBER: 2020CV31368 |
| **Plaintiff(s)** SALVADOR CERVANTES et al. v. **Defendant(s)** WENDYS OF COLORADO SPRINGS INC | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2020CV31723 Division: 3          Courtroom: |
| **re: Plaintiffs Renewed Motion to Stay Briefing on Defendants Motions for Summary Judgment** | |

The motion/proposed order attached hereto: GRANTED.

Issue Date: 7/13/2022

THOMAS KELLY KANE
District Court Judge

| | |
|---|---|
| DISTRICT COURT,<br>EL PASO COUNTY, COLORADO<br>270 S Tejon St<br>Colorado Springs, CO 80903 | |
| **PLAINTIFF:** SALVADOR CERVANTES and SHAWN RENTIE, individually and on behalf of all similarly situated persons,<br><br>v.<br>`<br>**DEFENDANT: WENDY'S OF COLORADO SPRINGS, INC.** | ▲  COURT USE ONLY  ▲ |
| **Attorney for Plaintiff:**<br><br>Brian D. Gonzales, Atty. Reg. #29775<br>THE LAW OFFICES OF<br>BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Telephone:  (970) 214-0562<br>bgonzales@coloradowagelaw.com<br><br>Alexander Hood, Atty. Reg. #42775<br>HOOD LAW OFFICES, PLLC<br>Post Office Box 24753<br>Silverthorne, Colorado 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case No.: 2020CV031723<br><br>Division: 3 |

### ORDER GRANTING PLAINTIFFS' RENEWED MOTION TO STAY BRIEFING ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT PENDING CLASS CERTIFICATION PROCEEDINGS

The Court GRANTS Plaintiffs' *Renewed Motion to Stay Briefing on Defendant's Motions for Summary Judgment Pending Class Certification Proceedings*.  All proceedings in this matter, including briefing on the Summary Judgment Motions, are stayed until the conclusion of all appellate proceedings.  The parties shall submit a status report within fourteen (14) days of conclusion of these proceedings.

Dated this ___ day of _____, 2022.

BY THE COURT:

_____

District Court Judge

| | |
|---|---|
| DISTRICT COURT,<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: November 30, 2022 4:24 PM<br>FILING ID: CB0AED43BFF4A<br>CASE NUMBER: 2020CV31368 |
| **PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons<br><br>v.<br><br>**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI | ▲ COURT USE ONLY ▲ |
| | Case Number:2020CV031368<br><br>Ctrm/Div: C |
| **ORDER GRANTING PARTIALLY UNOPPOSED MOTION TO STAY PENDING APPEAL** ||

THIS MATTER, coming to be heard on Defendant's Partially Unopposed Motion to Stay Pending Appeal filed on November 30, 2022, this Court,

GRANTS THE MOTION.  This case is stayed until the conclusion of all appellate proceedings and directs the parties to submit a status report within fourteen (14) days of conclusion of these proceedings.

Dated this \_\_\_\_\_ day of _____, 2022.

BY THIS COURT:

_____

District Court Judge

| DISTRICT COURT,<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: November 30, 2022 5:43 PM<br>FILING ID: 3BB0583BA9A7F<br>CASE NUMBER: 2020CV31368 |
|---|---|
| **Plaintiff(s):**  **ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,**<br><br>v.<br><br>**Defendant(s):**  **BOSELLI INVESTMENTS LLC** | **COURT USE ONLY** |
| *Attorneys for Defendants:*<br>Micah D. Dawson, #48263<br>Jeffrey H. McClelland, #45114<br>FISHER & PHILLIPS, LLP<br>1125 17th Street, Suite 2400<br>Denver, CO 80202<br>Telephone: (303) 218-3650<br>mdawson@fisherphillips.com<br>jmcclelland@fisherphillips.com | Case No.:  2020CV031368<br><br>Courtroom:    C |
| *Attorney for Plaintiff:*<br>Brian D. Gonzales, #29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, CO 80528<br>Telephone: (970) 214-0562<br>bgonzales@coloradowagelaw.com<br><br>Alexander Hood, #42775<br>HOOD LAW OFFICES, PLLC<br>PO Box 24753<br>Silverthorne, CO 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | |
| **JOINT MOTION TO APPROVE PROPOSED CLASS ACTION NOTICE** ||

In accordance with the Court's November 16, 2022 *Order re: Plaintiff's Motion for Class Certification*, the parties respectfully submit the proposed Class Action Notice and Class Action Exclusion Form attached hereto.  The parties have agreed on the content of these forms and respectfully request that they be approved by the Court.

Defendant intends to request the Court to: 1) stay the lawsuit pending its anticipated request for interlocutory review; and 2) modify the certified class to exclude certain individuals who signed arbitration agreements.  Pursuant to the Court's July 11, 2022 *Order: Plaintiff's Motion to Stay Briefing on Defendant's Motion for Summary Judgment Pending Class Certification Proceedings*, the parties have contacted the Court to schedule a status conference. In addition to the issues the Court already has indicated it will address at this status conference, *id.*, the parties suggest that the Court use this status conference to address any outstanding scheduling or other issues concerning the class action notice process.

WHEREFORE, the Parties respectfully request the Court to approve the form of notice and exclusion form attached hereto.

Respectfully submitted this 30th day of November 2022.

| **FISHER & PHILLIPS LLP** | **THE LAW OFFICES OF BRIAN D. GONZALES, PLLC** |
|---|---|
| *s/ Micah D. Dawson* | *s/ Brian D. Gonzales* |
| Micah D. Dawson, #48263 | Brian D. Gonzales, #29775 |
| *Attorneys for Defendants* | *Attorneys for Plaintiff* |

## CLASS ACTION NOTICE

*A court authorized this Notice.  This is not a solicitation from a lawyer.*

DATE FILED: November 30, 2022 5:43 PM

***RODRIGUEZ V. BOSELLI INVESTMENTS LLC***
FILING ID: 7831DC3A9A7F
CASE NUMBER: 2020CV31368
**CASE NUMBER 20-CV-31368 (ADAMS COUNTY, COLORADO)**

**TO:**   ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT FROM OCTOBER 25, 2014 TO NOVEMBER 16, 2022

**RE:**   CLASS ACTION LAWSUIT AGAINST BOSELLI INVESTMENTS LLC

| Why am I getting this Notice? |
|---|

**This Notice is to tell you about a class action lawsuit against Boselli Investments LLC ("Company") filed by Ana Rodriguez alleging that the Company did not provide meal and rest breaks to its hourly employees.  You are part of the group of people, called a "class," that the Court has allowed to bring its claims for unpaid wages together in a single lawsuit. This Notice describes your options with regard to this lawsuit, including your option to be part of the class or to not be part of the class.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | You are already part of the class. If you want to continue being part of the class and be entitled to any money awarded by the Court, **you do not need to do anything.** If the Court sets a trial or the parties propose a settlement, you will be notified and told your options.<br><br>If you choose to be part of the class, attorneys Brian Gonzales and Alexander Hood have been appointed by the Court as your attorneys. You are also free to file an appearance in this case on your own or with your own attorney.<br><br>If you remain a part of the class you will be bound by final determinations, including any money that the class obtains on your behalf or final determinations made by the Court in this case, either favorable or unfavorable. |
| **ASK TO BE EXCLUDED** | To not be a member of the class, or "opt-out," complete and return the enclosed form on or before_____. This means that you choose to not be part of the lawsuit and choose to not be part of any judgment entered by this Court, including any judgment awarding the class relief. If you opt-out, you can still bring a claim against the Company by filing your own separate lawsuit. |

## MORE INFORMATION

| 1. | What is the lawsuit about? |
|---|---|

A former employee of the Company, Ana Rodriguez, filed a lawsuit in the District Court for Adams County, Colorado to recover unpaid wages relating to rest and meal breaks she claims she did not receive. The case is called *Rodriguez v. Boselli Investments LLC.*

| 2. | Why is this lawsuit a class action? |
|---|---|

The Court certified the following class of persons to pursue these claims as a class action:

**ALL CURRENT AND FORMER HOURLY EMPLOYEES WHO WORKED FOR DEFENDANT FROM OCTOBER 25, 2014 TO NOVEMBER 16, 2022**

According to the Company's records, you currently work for or previously worked for the Company.

| 3. | What does the lawsuit complain about? |
|---|---|

Ms. Rodriguez alleges that she was not provided rest and meal breaks.  Ms. Rodriguez also alleges that the Company failed to provide all required rest and meal breaks to other employees like you.

| 4. | What is the Company's position? |
|---|---|

Boselli denies that it did anything wrong.  Boselli asserts that employees were authorized and permitted to take all required rest breaks and meal breaks.
.

| 5. | What is the status of the lawsuit? |
|---|---|

The case was filed on October 24, 2020, and a class was certified by the Court on November 16, 2022.  Judge Teri Lynn Vasquez of the District Court for Adams County, Colorado is overseeing this class action. The parties will now undertake discovery (the exchange of facts about the claims in the case) in preparation for a trial.

| 6. | Has the Court decided who is right? |
|---|---|

The Court hasn't decided whether Ms. Rodriguez or the Company is correct.  By establishing the Class and issuing this Notice, the Court is not suggesting that Ms.

Error! Unknown document property name.

Rodriguez will win or lose this case. Ms. Rodriguez must prove her claims at a trial. A trial date has not been set for this case.

| 7. | How much money can I get? |
|---|---|

The Court has not made a decision as to whether you will receive money or not.  The amount of money you may be entitled to, if any, will depend on the outcome of the case. If the Court awards money to the class and you are properly a member of the class, you will likely be entitled to some of that money. If the Court determines that you are not entitled to money, you will not receive any money.

| 8. | Can I be retaliated against for participating in this lawsuit? |
|---|---|

No. It is illegal for the Company to punish you because you are part of this lawsuit.

**YOU MAY BE PART OF THIS LAWSUIT REGARDLESS OF YOUR IMMIGRATION STATUS AND YOU CANNOT BE FIRED OR RETALIATED AGAINST IN ANY WAY, INCLUDING CALLING IMMIGRATION, FOR PARTICIPATING IN THIS LAWSUIT.**

| 9. | How do I pay the lawyers? |
|---|---|

The Law Offices of Brian Gonzales, PLLC and Hood Law Offices, PLLC have been appointed by the Court as attorneys for the class. The attorneys will not be paid anything unless they are successful in recovering money for the class. If the attorneys are successful, they will be entitled to fees paid by the Company or a percentage of any money collected from the Company for the Class. Regardless, no money will be paid to the attorneys other than out of money paid to the class by the Company and no money will be paid to the attorneys without Court approval, notice to you, and you having the opportunity to object.

You do not have to use these attorneys to participate in this case. You may also appear on your own or with a different attorney.

| 10. | What happens if I do nothing at all? |
|---|---|

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. By doing nothing you are staying in the Class. If you stay in and the Plaintiffs obtain money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiffs win or lose the trial, you will not be able to sue, or continue to sue the Company – as part of any other lawsuit – about the same legal claims that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**Error! Unknown document property name.**

## 11. Why would I ask to be excluded?

If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class – you won't get any money or benefits from this lawsuit even if the Plaintiff obtains them as a result of the trial or from any settlement (that may or may not be reached) between the Company and the Plaintiff. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

## 12. How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must complete and send the enclosed form. You must mail the Form postmarked to: _____.

## 13.     What if I have questions?

This case was brought by Law Offices of Brian Gonzales, PLLC and Hood Law Offices, PLLC. You can speak or write to someone to get more information about your rights.

**Boselli Investments Unpaid Wages Lawsuit**
_____
_____
**Email:**_____

**THIS NOTICE HAS BEEN AUTHORIZED BY THE DISTRICT COURT FOR ADAMS COUNTY, COLORADO.  HOWEVER, THE COURT TAKES NO POSITION AS TO WHETHER YOU SHOULD, OR SHOULD NOT, REMAIN PART OF THE LAWSUIT OR NOT.**

**PLEASE DO NOT CALL THE COURT CLERK.**

Error! Unknown document property name.

## CLASS ACTION EXCLUSION FORM

ONLY COMPLETE AND RETURN THIS FORM IF YOU <u>DO NOT</u> WANT PARTICIPATE IN THE LAWSUIT.

**COMPLETING AND RETURNING THIS FORM MEANS YOU WILL NOT BE PART OF THE CLASS IN THE LAWSUIT CALLED *RODRIGUEZ V. BOSELLI INVESTMENTS LLC,* PENDING IN THE DISTRICT COURT FOR ADAMS COUNTY, COLORADO, CASE NUMBER 20-CV-31368. IF YOU OPT-OUT BY COMPLETING AND RETURNING THIS FORM, YOU CAN STILL BRING A CLAIM AGAINST BOSELLI INVESTMENTS BY FILING YOUR OWN LAWSUIT.**

DATE FILED: November 30, 2022 5:43 PM
FILING ID: 5B3234BF9A7A
CASE NUMBER: 2020CV31368

**TO EXCLUDE YOURSELF, COMPLETE AND RETURN THIS FORM ON OR BEFORE _____ TO:**

_____

_____

**Email:** _____

**YOU CANNOT OPT-OUT WITHOUT PROPERLY AND TIMELY COMPLETING THIS REQUIRED FORM.**

## SIGNATURE

I do <u>not</u> want to participate in the lawsuit *Rodriguez v. Boselli Investments LLC.*

Print your name: _____

Last 4 Digits of Social Security Number: _____

_____   _____
Signature                                    Date

**17TH WEBEX INSTRUCTIONS for COURT HEARING PARTICIPANTS: DIVISION C.**

DATE FILED: December 2, 2022 11:18 AM

 The following are instructions for accessing WebEx (from a cell phone or computer):
1) Download Cisco WebEx Meetings onto your cell phone or computer prior to the hearing
https://www.webex.com/content/webex/c/en_US/index/downloads.html/
2) Once downloaded, click on: http://judicial.webex.com/meet/Teri.Vasquez
3) Let it open "Cisco WebEx Meetings." It might need to download if you have not previously used it. From there, you will be
in the virtual courtroom of the judicial officer. You will not join the meeting until you click the green "Join Meeting" button.
4) If the microphone and video buttons are red, you are muted and not on camera. If you click on the red buttons they will
turn gray and you will then be unmuted and on video.

5) Click the green "Join Meeting" button when you are ready.
6) Please stay muted unless you are speaking on the record

**Judge Vasquez, Division C:**  http://judicial.webex.com/meet/teri.vasquez

Call- 720-650-7664

Access code: 145-679-5728#

*Debra Reyes*
*Adams County Combined Courts*
*Clerk for Judge Vasquez*
*Division C*
*Debra.Reyes@judicial.state.co.us*



DISTRICT COURT,
ADAMS COUNTY, COLORADO
1100 Judicial Center Dr.
Brighton, CO 80601

**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,

**v.**

**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI

DATE FILED: December 5, 2022 11:00 AM
FILING ID: 9279F2897F771
CASE NUMBER: 2020CV31368

Δ   COURT USE ONLY   Δ

| Attorneys for Plaintiff: | |
|---|---|
| Brian D. Gonzales, Atty. Reg. # 29775 | Case Number: 2020CV031368 |
| THE LAW OFFICES OF BRIAN D. GONZALES, PLLC | |
| 2580 East Harmony Road, Suite 201 | |
| Fort Collins, Colorado 80528 | |
| Phone Number: 970-214-0562 | |
| BGonzales@ColoradoWageLaw.com | Ctrm/Div:  C |
| | |
| Alexander Hood, Atty Reg. # 42775 | |
| HOOD LAW OFFICES, PLLC | |
| PO Box 24753 | |
| Silverthorne, CO 80497 | |
| Telephone: (720) 381-4142 | |
| Alex@HoodLawPLLC.com | |

## NOTICE OF STATUS CONFERENCE

PLEASE TAKE NOTICE that this matter has been set for a WebEx Status conference to occur on December 7, 2022 at 8:30 a.m. MST.

Respectfully submitted this 5th day of December 2022.

*s/Brian D. Gonzales*
_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC

2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of December 2022, a true and correct copy of the foregoing **NOTICE OF STATUS CONFERENCE** was served electronically upon all counsel of record.

*s/Brian D. Gonzales*
_____

| DISTRICT COURT, ADAMS COUNTY, COLORADO | |
|---|---|
| Court Address:<br>1100 JUDICIAL CENTER DRIVE, BRIGHTON, CO, 80601 | DATE FILED: December 5, 2022 3:26 PM<br>CASE NUMBER: 2020CV31368 |
| **Plaintiff(s)** ANA RODRIGUEZ<br>v.<br>**Defendant(s)** DON ANTHONY BOSELLI et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2020CV31368 |
| | Division: C          Courtroom: |
| **Order:Partially Unopposed Motion to Stay Pending Appeal** | |

The motion/proposed order attached hereto: ACTION TAKEN.

The Court will address issues raised by this motion at the December 7, 2022 status conference.

Issue Date: 12/5/2022

*[signature]*

TERI LYNN VASQUEZ
District Court Judge

<table>
<tr><td>

DISTRICT COURT,
ADAMS COUNTY, COLORADO
1100 Judicial Center Dr.
Brighton, CO 80601

**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons

v.

**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI

</td><td>

▲  COURT USE ONLY  ▲

</td></tr>
<tr><td>

**Attorneys for Defendants:**
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400
Denver, CO  80202
Telephone:  303-218-3650
Fax:  303-218-3651
mdawson@fisherphilips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

</td><td>

Case Number:2020CV031368

Ctrm/Div: C

</td></tr>
</table>

**PARTIALLY UNOPPOSED MOTION TO STAY PENDING APPEAL**

Defendant Boselli Investments LLC ("Defendant"), through its undersigned counsel, hereby moves the Court for an order staying this case pending Defendant's Petition for Interlocutory Appeal.

**CERTIFICATE OF CONFERRAL**

Undersigned counsel has conferred with counsel for Plaintiff Ana Rodriguez ("Plaintiff") concerning the relief requested in this motion.  Plaintiff's counsel is amenable to staying all proceedings during the pendency of any appellate proceedings but opposes this motion to extent it stays notice to the class.

## INTRODUCTION

On November 16, 2022, the Court granted Plaintiff's Motion for Class Certification, certifying a class of thousands of current and former employees who worked for Defendant from October 25, 2014 to the present.  (*See* **Ex. A**, Order re: Plaintiff's Motion for Class Certification ("Class Certification Order")). Contemporaneous with the filing of the instant motion, Defendant filed a petition for permission to appeal the Class Certification Order pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f).  (*See* **Ex. B**, Petition for Permission to Appeal Order Granting Class Certification Pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f) ("Petition")). In the Petition, among other things, Defendant argues: (i) the Class Certification Order constitutes a "death knell" to Defendant, applying tremendous pressure to Defendant to settle the lawsuit; (ii) the Court likely abused its discretion in granting class certification by determining that Plaintiff established each of the Rule 23 factors; (iii) the appeal will allow resolution of unsettled legal issues; (iv) the nature and status of the case supports an interlocutory appeal of the Class Certification Order; and (v) Defendant will suffer prejudice in having to wait to appeal the Class Certification Order until after final judgment is entered.  (*See id.* at pp. 8-10).  For these same reasons and additional reasons discussed below, Defendant respectfully requests the Court, in its discretion, enter a stay of proceedings, including dissemination of class notice, pending appeal of the Class Certification Order.

## ARGUMENT

### I.      Legal Standard

Pursuant to 28 U.S.C. § 13-20-901, the district court may stay the district court proceedings during the application for, and pendency of, the interlocutory appeal.  28 U.S.C. § 13-20-901(2). The issuance of a stay is "an exercise of judicial discretion, and the propriety of its issuance

depends upon the circumstances of the case." *Romero v. City of Fountain,* 307 P.3d 120, 122 (Colo. App. 2011). Relying on the federal "traditional standard" for a stay, Colorado Courts generally consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (quoting *Nken v. Holder,* 556 U.S. 418, 426 (2009) (quotation omitted); *see also CGC Holding Company, LLC v. Hutchens*, 965 F.Supp.2d 1277, 1279 (D. Colo. 2013) (applying "traditional standard" stay factors when weighing a request for a stay pending the resolution of an interlocutory appeal related to class certification). The "'probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury [a party] will suffer absent the stay. Simply stated, more of one excuses less of the other.'" *Romero,* 307 P.3d at 123 (*quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog,* 945 F.2d 150, 153-54 (6th Cir. 1991).

## II. Defendant Has Presented Serious Legal Questions And Made a Strong Showing of Success on the Merits of the Appeal

Towards the first factor, Defendant can show "sufficient probability of success on the merits" by presenting "a compelling argument that the district court erred" in reaching the decision subject to appeal. *Griepentrog,* 945 F.2d at 154. Defendant does just that in its Petition, arguing the district court may have erred in analyzing whether Plaintiff met her burden to establish each of the Rule 23 requirements in her Class Certification Motion. (*See* Petition, **Ex. B**, at pp. 13-26). As such, Defendant propounds compelling arguments that the district court erred in granting Plaintiff's motion for class certification.

Defendant can also demonstrate the probability of a success appeal by raising "questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for

litigation and deserving of more deliberate investigation." *FTC v. Mainstream Marketing Services, Inc.,* 345 F.3d 850, 852 (10th Cir. 2003); *see also CGC Holding Co., LLC*, 965 F.Supp.2d at 1278-79 (Court granted stay where appeal "potentially raised two legal issues that the [appellate court] has not previously addressed."). Here, Defendant asks such questions in its Petition: (1) "whether a plaintiff seeking class certification can rely on the plaintiff's own counsel's supposed 'analysis' of the defendant-employer's timekeeping records to show alleged missed meal and rest breaks, under the guise of C.R.E. 1006 or otherwise;" (2) "whether an employer is required to "police" meal and rest breaks by requiring employees to track and record them, so that employers can later oppose claims premised on alleged missed meal breaks"; (3) whether an employer is liable under the Colorado Wage Claim Act or Colorado Minimum Wage Act for providing employees paid, on-duty meal breaks in accordance with Colorado law; and**,** 4) whether Plaintiff has standing to bring a Minimum Wage Act claim, or class action, without identifying any instance where they were not paid under the Colorado minimum wage  (Petition, **Ex. B**).  As argued in the Petition, these serious questions have a substantial impact on the instant litigation, the future of Colorado class action law, and the mechanics for certifying a class for claims of rest break violations. (*Id.* at 27-29).  Colorado appellate courts have yet to address either of these questions and both are deserving of deliberate investigation for the benefit of "the bench and bar." *Clark v. Farmers Ins. Exch.,* 117 P.3d 26, 32 (Colo. App. 2004) (quoting *Prado-Steiman v. Bush,* 221 F.3d 1266, 1275 (11th Cir. 2000)).

The first factor, thus, weighs in favor of the Court granting a stay of all proceedings pending appeal of the Class Certification Order.

### III.   Defendant Will Suffer Irreparable Injury if a Stay Is Not Granted

Towards the second factor, the Court should permit a stay of proceedings pending appeal because certification of a class of thousands of employees with millions of dollars of alleged damages places Defendant in a position that it will experience pressure to settle or face fighting litigation on two separate fronts.  (Petition, **Ex. B**, at p. 11); *see also Clark,* 117 P.3d at 30; *Prado-Steiman,* 221 F.3d at 1274.   Indeed, certification of a class, such as here, involving "several thousand [class members], combined with [statutory] damages and attorney fee provisions … arguably produces an irresistible pressure upon defendant[] to settle."   *Garcia v. Medved Chevrolet, Inc.,* 240 P. 3d 371, 375 (Colo. App. 2009), *aff'd,* 263 P.3d 92 (Colo. 2011).

Continued litigation during the pendency of an appeal, including but not limited to: 1) potential motions related to class definitions and class members with arbitration agreements being excluded from notice; 2) Defendant's Motion for Summary Judgement; and 3) extensive class wide discovery, will cause Defendant to sustain irreparable injury in the form of monetary loss. In a similar case, the federal district court in *CGC Holding Co., Inc.* granted a motion to stay all proceedings pending interlocutory appeal of class certification because of the potential for irreparable injury to defendants if a stay was denied.  *CGC Holding Co., LLC,* 965 F.Supp.2d at 1279 ("The injury that defendants will sustain if a stay is not granted, discovery proceeds, but the [appellate court] rules in a manner that ends the case, is monetary.").  In granting the stay, the *CGC Holding Co., Inc.* court held it is "a matter of common sense that there is some benefit in sparing the parties unnecessary expense."  *Id.*; *see also, e.g., Finder v. Leprino Foods Co.*, No. 113CV02059AWIBAM, 2017 WL 1355104, at *4 (E.D. Cal. Jan. 20, 2017) (Court granted stay pending interlocutory appeal where parties "will be forced to conduct discovery and motions practice over discovery-related matters that may be rendered moot by the [appellate court] in resolving the interlocutory appeal.").  Here, the Court can avoid potential irreparable harm to

Defendant by granting a stay of all proceedings pending appeal of the Class Certification Order. The second factor, therefore, also weighs in favor of a stay.

## IV.     Other Parties Will Not be Substantially Injured if a Stay Is Granted

Towards the third factor, the Court should permit a stay of proceedings, including dissemination of class notice, pending appeal because Plaintiff and members of the certified class will not suffer harm if a stay is granted.  As noted by the court in *CGC Holding Co., LLC*, Plaintiff will also incur costs that it cannot recoup if discovery proceeds at the trial-court level and the appellate court later reverses or remands the Class Certification Order.  *CGC Holding Co., LLC,* 965 F.Supp.2d at 1279.  By granting a stay, the Court will spare both parties such potentially "unnecessary expense." *Id.*  Moreover, the Court has certified the class of "all current and former hourly employees who worked for Defendant from October 25, 2014 to present" pursuant to Rule 23.  (Order, **Ex. A**, p. 10).  Thus, the putative class members' claims are preserved during the pendency of an appeal on the Class Certification Order and similarly will not suffer injury due to any delay from an appeal.  Similarly, a stay will avoid Plaintiff incurring the cost of class notice and absent class members from being including in a discovery and notice process that may turn out to be pointless.  Indeed, because notice will have to be issued to thousands of class members absent a stay, if Defendant's appeal is successful even in a limited manner, the Court would have to issue a curative notice to the class members.

The Manual for Complex Litigation explicitly notes that the "district court should stay the dissemination of class notice to avoid the confusion and the substantial expense of renotification that may result from appellate reversal or modification." Manual for Complex Litigation § 21.28, at 387 (4th ed. 2008).  For these reasons, courts across the country refrain from disseminating class notice until after an interlocutory appeal is decided.  *See, e.g., Bally v. State Farm Life Ins. Co.,*

No. 18-CV-04954-CRB, 2020 WL 3035781, at *5 (N.D. Cal. June 5, 2020) (Court stayed dissemination of class notice where "premature notice risks harm to class members who are likely to be confused if certification is reversed. Indeed, the Court is concerned that lay class members will be confused by the posture of the case even if, as [plaintiff] proposes, any notice explains that certification is potentially subject to appeal."); *Willis v. Big Lots, Inc.*, No. 2:12-CV-604, 2017 WL 2493142, at *1 (S.D. Ohio June 8, 2017) (Trial court determined to "disallow dissemination of [class] notice until after the United States Court of Appeals for the Sixth Circuit resolves Defendants' petition for leave to appeal.").  These concerns are especially relevant here where expense of renotification will be great and risk of premature dissemination will likely result in confusion because, without a stay pending appeal, notice will be distributed to thousands of lay class members, including some members who have not worked for Defendant since October 2014.  Again, the balancing exercise weighs in favor of a stay.

## V.        The Public Interest Will Be Served By The Court Granting a Stay

Towards the final factor, the public interest will be served by a stay in this matter. "While the public has a 'strong interest … in general regarding the prompt and efficient handling of all litigation, '[a]voiding wasteful efforts by the court and the litigants serves that purpose.'" *Tuck v. United States*, No. 21-CV-02889-NYW, 2022 WL 596277, at *5 (D. Colo. Feb. 28, 2022) (quoting *Woodson v. Armor Corr. Health Servs., Inc.*, No. 20-cv-00186-RM-KMT, 2020 WL 4041460, at *5 (D. Colo. July 17, 2020)) (internal citation omitted).  Here, a stay will alleviate the Court's need to oversee notice of class certification to thousands of class members and adjudicate anticipated forthcoming discovery and dispositive motions until after the Court has clarity on whether the appellate court will review or modify the Class Certification Order.

Indeed, in other cases involving class certification on rest and meal break claims, parties have successfully moved for a stay of proceedings pending appeal of class certification orders. (*See, e.g.,* **Ex. C**, Plaintiffs' Renewed Motion to Stay Briefing on Defendant's Motions for Summary Judgment Pending Class Certification Proceedings in *Cervantes v. Wendy's of Colorado Springs,* Case No. 2020CV031723 (District Court, El Paso County Jun. 1, 2022) and **Ex. D,** Order re: Plaintiffs Renewed Motion to Stay Briefing on Defendants Motion for Summary Judgment (District Court, El Paso County July 13, 2022)).  Similarly, in *Pacheco v. Somip, Inc.,* the District Court recently stayed "proceedings pending completion of the interlocutory appeal initiated by Defendant with the Colorado Court of Appeals concerning [the] Court's Order granting class certification," based on a joint agreement between the parties and without submitting an order on the parties' pending proposed class notice.  (*Pacheco v. Somip, Inc.,* Case No. 2020CV33915 (District Court, Denver County July 19, 2022)).

Accordingly, the final factor weighs in favor of a stay of all proceedings, including notice to class members, pending appeal of the Class Certification Order.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court to stay this matter until the conclusion of all appellate proceedings and direct the parties to submit a status report within fourteen (14) days of conclusion of these proceedings.

Dated and respectfully submitted this 30th day of November, 2022.

FISHER & PHILLIPS LLP

*/s/Micah D. Dawson*
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400

Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
mdawson@fisherphillips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

ATTORNEYS FOR DEFENDANT

9

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned certifies that on this 30th day of November, 2022, a true and correct copy of the foregoing **MOTION TO STAY PENDING APPEAL** was filed and served via the Colorado Court filing system to the following:

Brian D. Gonzales
THE LAW OFFICE OF BRIAN D. GONZALES, PLLC
2850 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

Alexander Hood
HOOD LAW OFFICE, PLLC
1312 17th Street, Suite 1028
Denver, CO  80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

             */s/ Kimberly Hanson*
             Kimberly Hanson
             For Fisher & Phillips LLP

FP 45725823.1

| DISTRICT COURT, ADAMS COUNTY, COLORADO | |
|---|---|
| Court Address: 1100 JUDICIAL CENTER DRIVE, BRIGHTON, CO, 80601 | DATE FILED: December 5, 2022 3:27 PM CASE NUMBER: 2020CV31368 |
| **Plaintiff(s)** ANA RODRIGUEZ v. **Defendant(s)** DON ANTHONY BOSELLI et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2020CV31368 |
| | Division: C          Courtroom: |
| **Order:Joint Motion to Approve Proposed Class Action Notice** | |

The motion/proposed order attached hereto: ACTION TAKEN.

The Court will address issues raised by this motion at the December 7, 2022 status conference.

Issue Date: 12/5/2022

*[signature]*

TERI LYNN VASQUEZ
District Court Judge

| | |
|---|---|
| DISTRICT COURT,<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | |
| **Plaintiff(s):**   **ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,**<br><br>**v.**<br><br>**Defendant(s):**   **BOSELLI INVESTMENTS LLC** | **COURT USE ONLY** |
| *Attorneys for Defendants:*<br>Micah D. Dawson, #48263<br>Jeffrey H. McClelland, #45114<br>FISHER & PHILLIPS, LLP<br>1125 17th Street, Suite 2400<br>Denver, CO 80202<br>Telephone: (303) 218-3650<br>mdawson@fisherphillips.com<br>jmcclelland@fisherphillips.com | Case No.:  2020CV031368<br><br>Courtroom:     C |
| *Attorney for Plaintiff:*<br>Brian D. Gonzales, #29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, CO 80528<br>Telephone: (970) 214-0562<br>bgonzales@coloradowagelaw.com<br><br>Alexander Hood, #42775<br>HOOD LAW OFFICES, PLLC<br>PO Box 24753<br>Silverthorne, CO 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | |
| **JOINT MOTION TO APPROVE PROPOSED CLASS ACTION NOTICE** | |

In accordance with the Court's November 16, 2022 *Order re: Plaintiff's Motion for Class Certification*, the parties respectfully submit the proposed Class Action Notice and Class Action Exclusion Form attached hereto.  The parties have agreed on the content of these forms and respectfully request that they be approved by the Court.

1

Defendant intends to request the Court to: 1) stay the lawsuit pending its anticipated request for interlocutory review; and 2) modify the certified class to exclude certain individuals who signed arbitration agreements.  Pursuant to the Court's July 11, 2022 *Order: Plaintiff's Motion to Stay Briefing on Defendant's Motion for Summary Judgment Pending Class Certification Proceedings*, the parties have contacted the Court to schedule a status conference. In addition to the issues the Court already has indicated it will address at this status conference, *id.*, the parties suggest that the Court use this status conference to address any outstanding scheduling or other issues concerning the class action notice process.

WHEREFORE, the Parties respectfully request the Court to approve the form of notice and exclusion form attached hereto.

Respectfully submitted this 30th day of November 2022.

**FISHER & PHILLIPS LLP**

*s/ Micah D. Dawson*
Micah D. Dawson, #48263

*Attorneys for Defendants*

**THE LAW OFFICES OF BRIAN D. GONZALES, PLLC**

*s/ Brian D. Gonzales*
Brian D. Gonzales, #29775

*Attorneys for Plaintiff*

## Minute Orders

**Case Number:** 2020CV031368                                **Division:** C
**Case Type:** Wages                                          **Judicial Officer:** Teri Lynn Vasquez
**Case Caption:** Rodriguez, Ana v. Boselli, Don Anthony et al   **Court Location:** Adams County
                                                              **Appellate Case Number:** 2022CA2089 - Court of Appeals

---

Order Date: 12/07/2022

STATUS CONF. JUDGE VASQUEZ/DR/FTR CTRM 505 APPEARING VIA WEBEX: BRIAN GONZALES, ATP'S; MICAH DAWSON & JEFFREY MCCLELLAND, ATD'S. MATTER COMES BEFORE THE COURT ON STATUS CONFERENCE TO SET DEADLINES. THE COURT ALSO NOTES THERE IS A MOTION TO STAY PENDING APPEAL, AND A NOTICE OF APPEAL. THE COURT HEARS FROM ATP AND ATD REGARDING THE STAY PENDING THE APPEAL. ***FINDINGS AND ORDER: THE COURT WILL STAY THE ENTIRE ACTION INCLUDING THE NOTICE AND INCLUDING THE MOTION TO MODIFY. THE COURT ORDERS THE PARTIES OR ATD/DAWSON TO KEEP THE COURT APPRISED OF THE APPEAL ACTION AND PROVIDE THE COURT WITH UPDATES. ONCE THE COURT KNOWS MORE, THEN ANOTHER STATUS CONFERENCE CAN BE SET. /DLR

| | |
|---|---|
| DISTRICT COURT,<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: January 4, 2023 4:40 PM<br>FILING ID: DAF6829689035<br>CASE NUMBER: 2020CV31368 |
| **Plaintiff:**  ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**Defendant:**  BOSELLI INVESTMENTS LLC | **COURT USE ONLY** |
| **Attorneys for Defendant:**<br>Micah D. Dawson, #48263<br>Jeffrey H. McClelland, #45114<br>Patrick J. Collopy, #56126<br>FISHER & PHILLIPS LLP<br>1125 17th Street, Suite 2400<br>Denver, CO 80202<br>Telephone: (303) 218-3650<br>mdawson@fisherphillips.com<br>jmcclelland@fisherphillips.com<br>pcollopy@fisherphillips.com | Case No.:  2020CV031368<br><br>Courtroom:    C |

## DEFENDANT'S STATUS REPORT REGARDING
## PETITION FOR INTERLOCUTORY APPEAL OF CLASS CERTIFICATION ORDER

Defendant Boselli Investments LLC ("Defendant"), through its counsel and pursuant to the Court's December 7, 2022 minute order (the "Minute Order") entered following the parties' status conference held that same date, submits the following status report regarding Defendant's Petition for Permission to Appeal Order Granting Class Certification Pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f) (the "Petition"):

1.      On November 30, 2022, Defendant filed the Petition with the Court of Appeals. *See* Notice of Petition to Appeal Order Granting Class Certification Pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f) filed November 30, 2022.

1

2.      Plaintiff Ana Rodriguez filed a response opposing Defendant's Petition with the Court of Appeals on December 8, 2022.  *See* Response in Opposition to Petition for Permission to Appeal Grant of Class Certification Pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f), filed on December 8, 2022, in Court of Appeals Case Number 2022CA002089.

3.      On December 30, 2022, the Court of Appeals issued an Order of the Court denying Defendant's Petition.  A copy of this order is attached as **Exhibit A**.

4.      Now that the Court of Appeals has ruled on Defendant's Petition and in accordance with the Minute Order, Defendant respectfully requests that the Court set a status conference to discuss issues related to, among other things, the pending Joint Motion to Approve Proposed Class Action Notice and Defendant's anticipated motion to modify the class to exclude individuals who signed arbitration agreements and exclude the meal break claim in light of the intervening Court of Appeals decision.

WHEREFORE, Defendant respectfully requests that the Court set a status conference in this matter.

Respectfully submitted this 4th day of January, 2023.

FISHER & PHILLIPS LLP

*/s/ Micah D. Dawson*
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
mdawson@fisherphillips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

ATTORNEYS FOR DEFENDANT

FP 46010408.1

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 4th day of January, 2023, a true and correct copy of

the foregoing was filed and served via the Colorado Court filing system to the following:

Brian D. Gonzales
THE LAW OFFICE OF BRIAN D. GONZALES, PLLC
2850 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

Alexander Hood
HOOD LAW OFFICE, PLLC
1312 17th Street, Suite 1028
Denver, CO  80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

*/s/ Valerie Martinez*
Valerie Martinez
For Fisher & Phillips LLP

3

DATE FILED: January 4, 2023 4:40 PM
FILING ID: DAF6829689035
CASE NUMBER: 2020CV31368

# Exhibit A

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: December 30, 2022<br>CASE NUMBER: 2022CA2089 |
| Adams County<br>2020CV31368 | |
| **Plaintiff-Appellee:**<br><br>Ana Rodriguez,<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Boselli Investments LLC. | Court of Appeals Case Number:<br>2022CA2089 |
| ORDER OF THE COURT | |

To:  All Parties

After review of the petition for permission to appeal order granting class

certification, and the response, and *Hicks v. Colorado Hamburger Company*

2022CA0968, the Court DENIES the petition.

IT IS THEREFORE ORDERED that the appeal is DISMISSED.


BY THE COURT
Fox, J.
Tow, J.
Yun, J.

| DISTRICT COURT, ADAMS COUNTY, COLORADO | |
|---|---|
| Court Address:<br>1100 JUDICIAL CENTER DRIVE, BRIGHTON, CO, 80601 | DATE FILED: January 5, 2023 1:02 PM<br>CASE NUMBER: 2020CV31368 |
| **Plaintiff(s)** ANA RODRIGUEZ<br>v.<br>**Defendant(s)** DON ANTHONY BOSELLI et al. | |
| | ⚠ **COURT USE ONLY** ⚠ |
| | Case Number: 2020CV31368 |
| | Division: C          Courtroom: |
| **Order:Defendants Status Report Regarding Petition for Interlocutory Appeal of Class Certification Order** | |

The motion/proposed order attached hereto: ACTION TAKEN.

Within three business days of the date of this Order the Plaintiff's attorney shall contact the Division Clerk for Division C at debra.reyes@judicial.state.co.us to set this case for a status conference at which time the Court will discuss and establish a briefing schedule for Defendant's anticipated motion to modify the class to exclude individuals who signed arbitration agreements and exclude the meal break claim in light of the intervening Court of Appeals decision, the pending Joint Motion to Approve Proposed Class Action Notice and to amend class, merit discovery deadlines, a response deadline for Defendant's Motion for Summary Judgment, expert deadlines and a trial date.

Issue Date:  1/5/2023

*Teri Vasquez*

TERI LYNN VASQUEZ
District Court Judge

| DISTRICT COURT,<br>ADAMS COUNTY, COLORADO<br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | |
|---|---|
| **Plaintiff:**  ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,<br><br>**v.**<br><br>**Defendant:**  BOSELLI INVESTMENTS LLC | **COURT USE ONLY** |
| **Attorneys for Defendant:**<br>Micah D. Dawson, #48263<br>Jeffrey H. McClelland, #45114<br>Patrick J. Collopy, #56126<br>FISHER & PHILLIPS LLP<br>1125 17th Street, Suite 2400<br>Denver, CO 80202<br>Telephone: (303) 218-3650<br>mdawson@fisherphillips.com<br>jmcclelland@fisherphillips.com<br>pcollopy@fisherphillips.com | Case No.:  2020CV031368<br><br>Courtroom:    C |
| **DEFENDANT'S STATUS REPORT REGARDING PETITION FOR INTERLOCUTORY APPEAL OF CLASS CERTIFICATION ORDER** | |

Defendant Boselli Investments LLC ("Defendant"), through its counsel and pursuant to the Court's December 7, 2022 minute order (the "Minute Order") entered following the parties' status conference held that same date, submits the following status report regarding Defendant's Petition for Permission to Appeal Order Granting Class Certification Pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f) (the "Petition"):

1.      On November 30, 2022, Defendant filed the Petition with the Court of Appeals. *See* Notice of Petition to Appeal Order Granting Class Certification Pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f) filed November 30, 2022.

FP 46010408.1

2.     Plaintiff Ana Rodriguez filed a response opposing Defendant's Petition with the Court of Appeals on December 8, 2022.  *See* Response in Opposition to Petition for Permission to Appeal Grant of Class Certification Pursuant to C.R.S. § 13-20-901, C.A.R. 3.3, and C.R.C.P. 23(f), filed on December 8, 2022, in Court of Appeals Case Number 2022CA002089.

3.     On December 30, 2022, the Court of Appeals issued an Order of the Court denying Defendant's Petition.  A copy of this order is attached as **Exhibit A**.

4.     Now that the Court of Appeals has ruled on Defendant's Petition and in accordance with the Minute Order, Defendant respectfully requests that the Court set a status conference to discuss issues related to, among other things, the pending Joint Motion to Approve Proposed Class Action Notice and Defendant's anticipated motion to modify the class to exclude individuals who signed arbitration agreements and exclude the meal break claim in light of the intervening Court of Appeals decision.

WHEREFORE, Defendant respectfully requests that the Court set a status conference in this matter.

Respectfully submitted this 4th day of January, 2023.

FISHER & PHILLIPS LLP

*/s/ Micah D. Dawson*
Micah D. Dawson, #48263
Jeffrey H. McClelland, #45114
Patrick J. Collopy, #56126
1125 17th Street, Suite 2400
Denver, CO 80202
Telephone: (303) 218-3650
Facsimile: (303) 218-3651
mdawson@fisherphillips.com
jmcclelland@fisherphillips.com
pcollopy@fisherphillips.com

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 4th day of January, 2023, a true and correct copy of the foregoing was filed and served via the Colorado Court filing system to the following:

Brian D. Gonzales
THE LAW OFFICE OF BRIAN D. GONZALES, PLLC
2850 East Harmony Road, Suite 201
Fort Collins, CO 80528
Telephone: (970) 214-0562
bgonzales@coloradowagelaw.com

Alexander Hood
HOOD LAW OFFICE, PLLC
1312 17th Street, Suite 1028
Denver, CO 80202
Telephone: (720) 381-4142
alex@hoodlawpllc.com

/s/ Valerie Martinez
Valerie Martinez
For Fisher & Phillips LLP

3

FP 46010408.1

<table>
<tr><td>

DISTRICT COURT,
ADAMS COUNTY, COLORADO
1100 Judicial Center Dr.
Brighton, CO 80601

**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,

**v.**

**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI

</td><td>

DATE FILED: January 9, 2023 1:49 PM
FILING ID: FFF7C525C96D5
CASE NUMBER: 2020CV31368

</td></tr>
</table>

Δ   COURT USE ONLY   Δ

| Attorneys for Plaintiff: | Case Number: 2020CV031368 |
|---|---|
| Brian D. Gonzales, Atty. Reg. # 29775 | |
| THE LAW OFFICES OF BRIAN D. GONZALES, PLLC | |
| 2580 East Harmony Road, Suite 201 | |
| Fort Collins, Colorado 80528 | |
| Phone Number: 970-214-0562 | |
| BGonzales@ColoradoWageLaw.com | Ctrm/Div:  C |
| | |
| Alexander Hood, Atty Reg. # 42775 | |
| HOOD LAW OFFICES, PLLC | |
| PO Box 24753 | |
| Silverthorne, CO 80497 | |
| Telephone: (720) 381-4142 | |
| Alex@HoodLawPLLC.com | |

### NOTICE OF STATUS CONFERENCE

PLEASE TAKE NOTICE that this matter has been set for a WebEx Status conference to occur on January 31, 2023 at 9:00 a.m. MST.

Respectfully submitted this 9th day of January 2023.

*s/Brian D. Gonzales*
_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC

2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of January 2023, a true and correct copy of the foregoing **NOTICE OF STATUS CONFERENCE** was served electronically upon all counsel of record.

*s/Brian D. Gonzales*

_____

| | |
|---|---|
| Colorado Court of Appeals<br>2 East 14th Avenue<br>Denver, CO 80203 | DATE FILED: January 23, 2023<br>CASE NUMBER: 2022CA2089 |
| Adams County<br>2020CV31368 | |
| **Plaintiff-Appellee:**<br><br>Ana Rodriguez,<br><br>**v.**<br><br>**Defendant-Appellant:**<br><br>Boselli Investments LLC. | Court of Appeals Case Number:<br>2022CA2089 |
| MANDATE | |

This proceeding was presented to this Court on appeal from Adams County.

Upon consideration thereof, the Court of Appeals hereby ORDERS that the

**APPEAL** is **DISMISSED**.


POLLY BROCK
CLERK OF THE COURT OF APPEALS


DATE: JANUARY 23, 2023

**17TH WEBEX INSTRUCTIONS for COURT HEARING PARTICIPANTS: DIVISION C.**

DATE FILED: January 27, 2023 9:23 AM
CASE NUMBER: 2020CV31368

 The following are instructions for accessing WebEx (from a cell phone or computer):
1) Download Cisco WebEx Meetings onto your cell phone or computer prior to the hearing
https://www.webex.com/content/webex/c/en_US/index/downloads.html/
2) Once downloaded, click on: https://judicial.webex.com/meet/D17-BRGT-DIVC
3) Let it open "Cisco WebEx Meetings." It might need to download if you have not previously used it. From there, you will be
in the virtual courtroom of the judicial officer. You will not join the meeting until you click the green "Join Meeting" button.
4) If the microphone and video buttons are red, you are muted and not on camera. If you click on the red buttons they will
turn gray and you will then be unmuted and on video.

5) Click the green "Join Meeting" button when you are ready.
6) Please stay muted unless you are speaking on the record

**Judge Vasquez, Division C:** https://judicial.webex.com/meet/D17-BRGT-DIVC

**Phone: 9- 720-650-7664**

**Access code: 2591-218-8901 #**

*Debra Reyes*
*Adams County Combined Courts*
*Clerk for Judge Vasquez*
*Division C*
*Debra.Reyes@judicial.state.co.us*



## Minute Orders

**Case Number:** 2020CV031368

**Case Type:** Wages

**Case Caption:** Rodriguez, Ana v. Boselli, Don Anthony et al

**Division:** C

**Judicial Officer:** Teri Lynn Vasquez

**Court Location:** Adams County

**Appellate Case Number:** 2022CA2089 - Court of Appeals

---

Order Date: 01/31/2023

STATUS CONF. JUDGE VASQUEZ/DR/FTR CTRM 505 APPEARING VIA WEBEX: BRIAN GONZALES, ATP; MICAH DAWSON, ATD. MATTER COMES BEFORE THE COURT ON STATUS CONFERENCE. THE COURT NOTES THERE IS NUMEROUS THINGS THAT NEED TO BE ADDRESSED. -THE COURT WILL START WITH THE BRIEFING SCHEDULE FOR DEF'S ANTICIPATED MOTION TO MODIFY THE CLASS. THE COURT ORDERS ATD TO FILE THEIR MOTION TO MODIFY THE CLASS BY 02/03/2023, RESPONSE IS DUE BY 02/24/2023 AND REPLY IS DUE BY 03/03/2023. -PENDING JOINT MOTION TO APPROVE CLASS ACTION NOTICE. THE COURT ORDERS THE PARTIES TO PROVIDE A REVISED JOINT MOTION APPROVE CLASS ACTION NOTICE WITHIN 14 DAYS. IF THE PARTIES CANNOT AGREE THEY ARE TO ARE TO SUBMIT THEIR PROPOSED CLASS ACTION NOTICE FOR EACH SIDE. -MERIT DISCOVERY, THE COURT NOTES IF THIS IS GOING TO BE DISCOVERY DISPUTE FOLLOW THE D/D PROTOCOL, COURT WANTS MEANINGFUL CONFERRAL. MERIT DISCOVERY DEADLINES, THE COURT SETS FIVE MONTHS AFTER THE CLOSE OF THE NOTICE PERIOD. -PLAINTIFF RESPONSE TO DEFENDANTS SUMMARY JUDGMENT MOTION. THE COURT ORDERS PLAINTIFFS RESPONSE TO DEFS S/J MOTION, 14 DAYS AFTER THE CLOSE OF THE NOTICE PERIOD. -TRIAL, THE COURT SETS MATTER FOR A TEN DAY JTRL ON 03/11/2024 AT 9:00 AM. PTRD ON 03/08/2024 AT 8:30 AM, IN-PERSON; TM/STATUS BY WEBEX ON 02/18/2024 AT 8:30 AM. ATP TO FILE THE NOTICE OF HEARING. -EXPERTS, PLAINTIFF IS LIMITED TO ONE RETAINED EXPERT TO ADDRESS DAMAGES PLUS ANY REBUTTAL, DEFENDANT IS LIMITED TO ONE RETAINED EXPERT TO ADDRESS INDUSTRIES STANDARDS AND ONE TO ADDRESS DAMAGES, PLUS REBUTTAL. THE PLAINTIFF'S EXPERT DISCLOSURES ARE DUE THREE MONTHS AFTER THE NOTICE PERIOD AND DEF'S ARE DUE 28 DAYS LATER AND ANY REBUTTAL IS DUE 21 DAYS AFTER THAT. THE COURT ASKED THE PARTIES TO COME UP WITH A SCHEDULE THAT MAKES SENSE BASED ON THE OTHER DEADLINES SET TODAY, COUNSEL IS TO FILE A PROPOSED AMENDMENT TO THE CMO REGARDING DEADLINES FOR EXPERT DISCLOSURES EXPERT DISCOVERY, DISPOSITIVE MOTIONS AND 702 MOTIONS. /DLR

<table>
<tr><td>

DISTRICT COURT,
ADAMS COUNTY, COLORADO
1100 Judicial Center Dr.
Brighton, CO 80601

**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,

**v.**

**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI

</td><td>

DATE FILED: January 31, 2023 10:36 AM
FILING ID: 1CAB66007A2B2
CASE NUMBER: 2020CV31368

</td></tr>
</table>

Δ   COURT USE ONLY   Δ

| | |
|---|---|
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Phone Number: 970-214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 42775<br>HOOD LAW OFFICES, PLLC<br>PO Box 24753<br>Silverthorne, CO 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number: 2020CV031368<br><br><br><br>Ctrm/Div:  C |

## NOTICE OF TRIAL

PLEASE TAKE NOTICE that this matter has been set for a ten-day jury trial commencing on March 11, 2024 at 8:30 a.m. MT.   In addition, this matter has been set for: 1) a Trial Management/Status Conference to occur by WebEx on February 12, 2024 at 8:30 a.m. MT; and 2) a Pre-Trial Conference to occur in-person on March 8, 2024 at 8:30 a.m. MT.

Respectfully submitted this 31st day of January 2023.

*s/Brian D. Gonzales*
_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January 2023, a true and correct copy of the foregoing **NOTICE OF TRIAL** was served electronically upon all counsel of record.

*s/Brian D. Gonzales*
_____

DISTRICT COURT,
ADAMS COUNTY, COLORADO
1100 Judicial Center Dr.
Brighton, CO 80601

**PLAINTIFF:** ANA RODRIGUEZ, individually and on behalf of all similarly situated persons,

**v.**

**DEFENDANTS:** BOSELLI INVESTMENTS LLC; and DON ANTHONY BOSELLI

DATE FILED: January 31, 2023 3:09 PM
FILING ID: 82D0680C84998
CASE NUMBER: 2020CV31368

Δ   COURT USE ONLY   Δ

| | |
|---|---|
| Attorneys for Plaintiff:<br>Brian D. Gonzales, Atty. Reg. # 29775<br>THE LAW OFFICES OF BRIAN D. GONZALES, PLLC<br>2580 East Harmony Road, Suite 201<br>Fort Collins, Colorado 80528<br>Phone Number: 970-214-0562<br>BGonzales@ColoradoWageLaw.com<br><br>Alexander Hood, Atty Reg. # 42775<br>HOOD LAW OFFICES, PLLC<br>PO Box 24753<br>Silverthorne, CO 80497<br>Telephone: (720) 381-4142<br>Alex@HoodLawPLLC.com | Case Number: 2020CV031368<br><br><br><br>Ctrm/Div:  C |

**AMENDED NOTICE OF TRIAL**

PLEASE TAKE NOTICE that this matter has been set for a ten-day jury trial commencing on March 11, 2024 at 9:00 a.m. MT.   In addition, this matter has been set for: 1) a Trial Management/Status Conference to occur by WebEx on February 12, 2024 at 8:30 a.m. MT; and 2) a Pre-Trial Conference to occur in-person on March 8, 2024 at 8:30 a.m. MT.

Respectfully submitted this 31st day of January 2023.

*s/Brian D. Gonzales*

_____

Brian D. Gonzales
THE LAW OFFICES OF
BRIAN D. GONZALES, PLLC
2580 East Harmony Road, Suite 201
Fort Collins, Colorado  80528

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January 2023, a true and correct copy of the foregoing **AMENDED NOTICE OF TRIAL** was served electronically upon all counsel of record.

*s/Brian D. Gonzales*

_____