IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-00314-SKC-TPO

ANA RODRIGUEZ,
individually and on behalf of all similarly situated persons,

    Plaintiff,

v.

BOSELLI INVESTMENTS LLC,

    Defendant.

---

# ORDER

Plaintiff Ana Rodriguez is a former employee of Defendant Boselli Investments LLC, which owns a chain of McDonald's restaurants in Colorado. According to Plaintiff's Class Action Complaint, which she filed in Adams County District Court, Defendant failed to provide Plaintiff and the class members with the required rest breaks and lunches during their work shifts in violation of Colorado law. Dkt. 3. On February 2, 2023, Defendant filed a Notice of Removal alleging that the Court has jurisdiction in this action pursuant to the Class Action Fairness Act ("CAFA" or "the Act"), 28 U.S.C. §§ 1332(d) and 1453. Dkt. 1.[1]  Although District Judge Regina M.

---

[1] Don Anthony Boselli was originally named as a Defendant in the state court action. Mr. Boselli, however, died in May 2021. *See* Dkt. 1 at p.1.

1

Rodriguez[2] concluded Defendant satisfied the removal requirements, she also gave the parties 30 days to conduct limited discovery as to whether the home state exception to CAFA applied. Dkt. 45 at pp.7-9.

Plaintiff filed a renewed Motion to Remand on January 10, 2024, which she supported with expert witness affidavits and summary evidence. Dkt. 54. In addition to its Response brief, Defendant filed a Motion to Strike Plaintiff's expert witnesses and evidence. Dkt. 64. Plaintiff filed her Reply (Dkt. 68), which was followed by yet another Motion to Strike from Defendant (Dkt. 72).

The Court has reviewed the Motions and associated briefing, the entire case file, and the controlling law. No hearing is necessary. For the reasons set forth below, the Court GRANTS Plaintiff's Motion and REMANDS this case to the Adams County District Court.

## ANALYSIS

"[T]he Class Action Fairness Act was intended to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.'" *Foley v. Cordillera Golf Club, LLC*, No. 12-cv-0351-WJM-KMT, 2012 WL 1144856, at *2 (D. Colo. Apr. 5, 2012) (quoting Pub.L. 109–2, § 2, 119 Stat. 4, 5 (2005)). The Act authorizes federal courts to entertain class actions with 100 or more members,

---

[2] This case was transferred to the undersigned judicial officer upon his appointment to the district court bench. Dkt. 58.

2

minimal diversity between the parties, and at least $5,000,000 in controversy. 28 U.S.C. § 1332(d).

This jurisdiction, however, is not absolute. Relevant here, a "district court may, in the interests of justice, and looking at the totality of the circumstances, decline to exercise jurisdiction under [CAFA] in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(3) ("discretionary exception").[3] The party seeking to invoke this exception bears the burden of proving by a preponderance of evidence that it applies. *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1243 (10th Cir. 2009).

### A.   Percentage of Class Domiciled in Colorado

An individual is considered "a citizen of a state if the person is domiciled in that state." *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). "[A] person acquires domicile in a state when the person resides there and intends to remain there indefinitely," a status that courts typically discern from the "totality of the circumstances." *Id.* at 1200-01.

> Courts often consult various factors when ascertaining a party's domicile including: "the party's current residence; *voter registration and voting practices*; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal

---

[3] CAFA also includes a mandatory exception for remand where there is a preponderance of the evidence that more than two-thirds of the class members are citizens of the home state. 28 U.S.C. § 1332(d)(4)(B). Although Plaintiff contends this provision applies, the Court does not analyze it given its conclusions under the discretionary exception.

3

organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; payment of taxes; as well as several other aspects of human life and activity."

*Foley*, 2012 WL 1144856, at *4 (quoting 13E Charles Wright, Arthur Miller & Edward Cooper, Federal Practice and Procedure § 3612 (2009)) (emphasis added).

With her Motion to Remand, Plaintiff included summary evidence pursuant to Fed. R. Evid. 1006, which governs the admission of summaries to prove the contents of voluminous materials. Specifically, Plaintiff provided a list comparing the named class members with Colorado voter registration information. Dkt. 56. In the accompanying affidavit from Anthony Gomez, a class action claims administrator Plaintiff hired to conduct the comparison, he attested 5,470 out of 7,602 class members were found on the voter registration list. *Id.* at ¶10. In its Response and first Motion to Strike, Defendant challenges Mr. Gomez's matching methods, including his use of "naming conventions" of Spanish-speaking countries. Defendant contends that Mr. Gomez's list of matches contains multiple inaccuracies, rendering it inadmissible under Fed. R. Evid. 1006. Dkts. 64 at pp.12-15, 65 at pp.10-11.[4] In

---

[4] Defendant also seeks to strike Plaintiff's evidence based on her ostensible failure to disclose her expert under Fed. R. Civ. P. 26(a)(2), and also under Fed. R. Evid. 702. First, the Federal Rules governing discovery are keyed toward trial preparation, "and absent a different directive from the court," do not apply to pretrial matters such as this. *Expert Witnesses—1993 Requirement for Detailed Report and Routine Depositions Regarding Retained Expert Witnesses*, 8A Fed. Prac. & Proc. Civ. § 2031.1 (3d ed.) According to the Court's review of the record, Judge Rodriguez did not order any parameters to the jurisdictional discovery, and therefore, the Court is not persuaded that Plaintiff had an obligation to disclose her evidence and expert witnesses prior to filing her renewed motion for remand. Furthermore, Mr. Gomez

4

reply, Plaintiff filed a supplemental list, including only exact name matches between the class members and voter registration. According to this amended list, and a supplemental affidavit from Mr. Gomez, 4,676 of the 7,602 class names were exact matches. Dkt. 69.

In its second Motion to Strike, Defendant argues Plaintiff has introduced wholly new evidence and arguments. Defendant also complains that Plaintiff has not explained the parameters for the supplemental list and the conclusion that there are now 4,676 matches instead of 5,470. The Court is unmoved.

Plaintiff has, from the beginning, argued that in the event the Court did not find the mandatory exception applied, it could apply the discretionary exception because the evidence demonstrates that at least one-third of the class members are Colorado citizens. *See* Dkt. 54 at pp.6-10. Nor is the evidence new. Plaintiff has used the same class list and the same voter registration information between her original and supplemental match lists, but has now searched for only exact name matches, as opposed to including "matches" based on Spanish-speaking naming conventions. Narrowing the search parameters has, therefore, resulted in a smaller number of

---

was only disclosed as an expert with respect to his opinion that there were likely even more matches between the class list and the Colorado voter registration list than could be ascertained through the summary evidence of name matches. *See* Dkt. 56 at ¶¶13-20. But the Court has not considered this opinion because it was relevant only to Plaintiff's contention that the mandatory exception applied, and here, the Court applies the discretionary exception. Moreover, the Court concludes simply matching names from one list to another does not require scientific, technical, or other specialized knowledge, and therefore, the Court disregards Defendant's Rule 702 arguments on this topic.

5

matches. To be sure, Plaintiff's supplemental summary specifically addresses Defendant's concerns from its first Motion to Strike.

Even if these were new arguments and evidence, the Court perceives no prejudice because Defendant addressed the sufficiency and merits of this evidence in its Motions to Strike, which ostensibly served as an extended response and surreply, respectively. Both Motions to Strike provided Defendant with far more opportunity to litigate these issues than it would have had if it had simply addressed the Motion to Remand.

Turning to the substance of the supplemental class member/voter registration list, Plaintiff submits this evidence pursuant to Fed. R. Evid. 1006, which provides:

> The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

Fed. R. Evid. 1006. Here, the Colorado voter registration list contains the contact information for over 4 million individuals, which the Court agrees is too voluminous to be examined in Court. In addition, Plaintiff contends, and Defendant does not deny, she provided the original voter registration list to Defendant. Dkt. 54 at p.5. Finally, as discussed above, Plaintiff's supplemental evidence specifically addressed Defendant's concerns regarding the original list of matches, and having reviewed the evidence, the Court is satisfied that the summary evidence is competent and reliable

6

and it satisfies Fed. R. Evid. 1006. There is no basis to strike this evidence.[5] Because the Court finds this evidence to be credible—and because there is no evidence to the contrary[6]—the Court finds Plaintiff has met her burden to show by a preponderance of the evidence that at least one-third of the class members are domiciled in Colorado.

### B.     The Totality of the Circumstances

Having concluded that at least one-third of the class members are domiciled in Colorado, the Court next considers the following factors:

(A) whether the claims asserted involve matters of national or interstate interest;

(B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;

(C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;

(D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;

---

[5] In a footnote, Defendant seems to contend Mr. Gomez is offering impermissible opinion testimony regarding the number matches between the two lists. While that may have been true with respect to the original list and the Spanish-speaking naming conventions, the supplemental list is simply a statement of fact as to how many names of class members match, letter-for-letter, with names from the voter registration list. And Defendant's argument that Mr. Gomez is providing data interpretations and complex calculations is overwrought. It is basic division, and the Court has confirmed Mr. Gomez's math: 4,676 (exact matches) ÷ 7,602 (total class members) = 61.5 percent.

[6] In so noting, the Court does not suggest it shifted the burden to Defendant. However, Defendant's chosen strategy of pursuing Motions to Strike as opposed to presenting contrary evidence, means the only evidence before the Court is Plaintiff's—which this Court credits.

>  (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
>  (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C.A. § 1332(d)(3).

This case involves wage disputes between a Colorado employer and over 7,000 class members who were employed at one of 13 different Colorado McDonald's locations. Plaintiff's claims arise under Colorado wage laws and Colorado common law governing civil theft. Nothing suggests this matter implicates federal or interstate concerns.

Despite Defendant's arguments to the contrary, the Court does not find Plaintiff pled her case to avoid federal jurisdiction. Plaintiff has chosen to pursue claims for violations of Colorado wage laws and common law civil theft—and potentially to forfeit the federal claims that she could have raised, if any. Such is her prerogative and, without more than Defendant's pure speculation, the Court does not read any other purpose into Plaintiff's choice of claims.

Plaintiff originally filed her claims in Adams County District Court because Mr. Don Boselli resided in the County. Although Mr. Boselli has died, the Colorado state courts nevertheless hold a strong nexus with this case because it concerns

8

Colorado employees, a Colorado employer, and the alleged violation of Colorado laws. This factor weighs heavily in favor of declining jurisdiction over this matter.

According to the preponderance of evidence, at least 61% of the class members are citizens of Colorado. The only evidence regarding citizenship of other class members is Defendant's evidence that one member is a citizen of Florida, and another is a citizen of Georgia. Dkts. 1-11, 1-12. Consequently, this factor also weighs in favor of remand.

With respect to the final factor, Defendant contends a similar class action was *pending* less than three years prior to the filing of this present case. The argument is inapposite because the clear language of the statute asks whether a similar case has been *filed* within the previous three years. 28 U.S.C.A. § 1332(d)(3)(F). Here, the answer is no. And even if the Court were to conclude otherwise, this single factor is outweighed by the foregoing analysis supporting remand. Furthermore, the Court notes this case was filed over four years ago and prior to its removal, the parties engaged in discovery and the Adams County District Court had made substantive rulings, including certification of the Class. By contrast, this case is in its infancy and the Court has not made any substantive rulings. Ultimately, the totality of the circumstances weighs in favor of remand.

*   *   *

For the reasons shared above, the Court finds that the interests of justice weigh against exercising its discretionary jurisdiction over this class action. Accordingly, it ORDERS as follows:

1. Plaintiff's Motion to Remand (Dkt. 54) is GRANTED

2. Defendant's Motions to Strike (Dkts. 64, 72) are DENIED.

3. The Clerk of Court shall remand this case to the Adams County District Court.

DATED: November 13, 2024.

BY THE COURT:

_____
S. Kato Crews
United States District Judge

10